IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC AND SYNERGY IP CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | Civil Action No. 2:21-cv-00413-JRG |

**SAMSUNG'S MOTION TO STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 1

III. ARGUMENT ................................................................................................................... 2

    A. Techiya Will Not Suffer Any Undue Prejudice. ................................................. 3

    B. This Case Is In Its Earliest Stages. ...................................................................... 5

    C. The IPRs Are Highly Likely To Simplify Or Eliminate Issues, Streamline the Litigation, and Reduce the Burden on the Court and the Parties. .................. 6

III. CONCLUSION ................................................................................................................ 8

**I.     INTRODUCTION**

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") respectfully move to stay this case until the Patent Trial and Appeal Board ("PTAB") concludes its *inter partes* review ("IPR") of the patents-in-suit.  Within just ten weeks from the November 5, 2021 filing of the Complaint in this case, Samsung filed IPR petitions on each of the ten asserted patents, and now moves to stay on the next business day after completing the IPR filings.  Under these circumstances, the factors the Court typically considers all strongly favor a stay.  *First,* a stay will not unduly prejudice Plaintiffs Staton Techiya, LLC and Synergy IP Corp. (collectively, "Techiya"), because money damages will adequately compensate Techiya for the alleged infringement and Techiya itself showed no urgency in filing suit.  *Second,* this case is in its very earliest stages.  Samsung has yet to file its Answer, no Case Management Conference has been held, and the Court has not set dates for discovery, trial, or any other substantive case events.  *Third,* the IPRs are highly likely to simplify the issues in this case, as numerous issues related to the patents-in-suit are likely to be eliminated—or at least streamlined—through the IPR proceedings, both before and after institution.  A stay pending the IPRs' resolution therefore is amply warranted.

**II.    BACKGROUND**

Techiya filed its Complaint on November 5, 2021, alleging that Samsung smartphone and audio products infringe ten patents.  (Dkt. 1.)  The ten patents-in-suit were issued between February 2012 and September 2019.

Between December 10, 2021 and January 14, 2022, Samsung filed IPR petitions on all ten patents-in-suit, collectively challenging more than 180 claims:

1

| Patent-in-Suit | IPR No. | Date Filed |
|---|---|---|
| 9,124,982 | IPR2022-00234 | 12/13/21 |
| 8,111,839 | IPR2022-00242; IPR2022-00243 | 12/13/21 |
| 9,491,542 | IPR2022-00253 | 12/17/21 |
| 9,270,244 | IPR2022-00281 | 12/21/21 |
| 8,315,400 | IPR2022-00282 | 12/10/21 |
| 9,609,424 | IPR2022-00302 | 12/21/21 |
| 8,254,591 | IPR2022-00324 | 12/20/21 |
| 10,405,082 | IPR2022-00369 | 12/29/21 |
| 10,966,015 | IPR2022-00388 | 1/3/22 |
| 10,979,836 | IPR2022-00410 | 1/14/22 |

None of the primary prior art references relied upon in Samsung's IPRs were considered during prosecution of the patents at issue. In a minority of the IPRs, secondary references were considered during prosecution, but are being relied upon in the IPRs in a new light not considered during prosecution.

Samsung finished filing the IPR petitions nearly a month before its February 10, 2022 deadline to answer Techiya's Complaint. Samsung filed this motion on the next business day after the IPR filings were complete. The Court has not held a Case Management Conference in this case, and has not set dates for discovery, trial, or any other case events.

## III.    ARGUMENT

"The district court has the inherent power to control its own docket, including the power to stay proceedings." *Customedia Techs., LLC, v. DISH Network Corp.*, No. 2:16-cv-129-JRG, 2017 WL 3836123, at *1 (E.D. Tex. Aug. 9, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). In doing so, the court "must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). When deciding whether to stay a case pending IPR proceedings, courts in this District consider "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3)

2

whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on those factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.* Each of the three factors weighs in favor of granting a stay in this case.

### A. Techiya Will Not Suffer Any Undue Prejudice.

"[W]hether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original). In this case, the patents-in-suit were issued over a time period ranging from more than two years ago to ten years ago. Moreover, they are asserted against functionality of the accused Samsung products that existed for at least nearly two years (and in most instances much more) before the suit was filed. Accordingly, it is apparent that Techiya itself felt no urgency in bringing these infringement assertions, and therefore would not suffer any undue prejudice from having the litigation paused while the PTAB considers Samsung's IPRs. *See id.* at 1319 (finding a one-year delay between the patent-in-suit's issuance and the infringement suit's filing weighed against any finding of undue prejudice).

Further, Techiya and Samsung are not competitors. Techiya does not appear to have any business operations aside from maintaining and asserting a patent portfolio. This fact likewise weighs against any finding of undue prejudice. *See NFC Tech.,* 2015 WL 1069111, at *3 (finding that "generalized claim of injury is entitled to little weight" where plaintiff "does not compete with [defendant] and [] monetary relief will be sufficient to compensate it for any injury to its patent rights"); *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.,* No. 3:18-CV-3071-N, 2020 WL 374545, at *1 (N.D. Tex. Jan. 23, 2020) ("While 'competition between parties can weigh in favor of finding

3

undue prejudice,' Uniloc and Defendants are not competitors.") (quoting *VirtualAgility,* 759 F.3d at 1318).

Moreover, in the event Techiya is ultimately found to be entitled to some relief, it can be adequately compensated through monetary damages. Notably, a "stay will not diminish the monetary damages to which [Techiya] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages." *Id.* The "mere delay in collecting those damages does not constitute undue prejudice." *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2017 WL 3709083, at *2 (E.D. Tex. July 11, 2017); *see also NFC Tech.,* 2015 WL 1069111, at *2 (explaining that "delay in the vindication of patent rights" is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion").[1]

In contrast with Techiya, Samsung does face prejudice. Without a stay, Samsung will incur significant litigation expenses in continuing to defend itself against allegations based on ten patents-in-suit—when substantial aspects of those allegations may be mooted, or at least materially altered, by representations Techiya makes during the IPRs and by the IPRs' outcome. Especially at this early stage of the litigation, a stay will benefit both parties by allowing them to take advantage of the IPR process and its creation of "a more efficient and streamlined patent system [to] improve patent quality and limit unnecessary and counterproductive litigation costs." U.S. Patent and Trademark Office, *Changes to Implement Inter Partes Review Proceedings, Post-Grant Proceedings, and Transitional Program for Covered Business Method Patents,* 77 FR 48680-01.

---

[1] These facts are not comparable to other non-practicing entity cases where stays have been denied due to closeness of trial. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.,* No. 2:13-cv-213-JRG-RSP, 2015 WL 627887, at *2 (E.D. Tex. Jan 29, 2015); *Solas OLED v. Samsung Display,* 2:19-CV-00152-JRG 2020 WL 4040716 (E.D. Tex. July 17, 2020).

4

### B. This Case Is In Its Earliest Stages.

"Staying a case at an early juncture can advance judicial efficiency and maximize the likelihood that neither the court nor the parties expend their assets addressing invalid claims." *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411-JDL, 2014 WL 486836, at *3 (E.D. Tex. Jan. 24, 2014) (internal quotation marks and brackets omitted); *see also Chart Trading Dev., LLC v. Tradestation Grp., Inc.,* No. 6:15-CV-1136-JDL, 2016 WL 1246579, at *4 (E.D. Tex. Mar. 29, 2016) (same). As noted above, Samsung promptly filed this motion on the next business day after it completed its IPR filings for the patents-in-suit. At this point, the case remains in its infancy, with Samsung's Answer not due until February 10, 2022 and with no other litigation events having occurred or even been scheduled. Because "the most burdensome parts of the case … all lie in the future," *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, Case No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976, at *6 (E.D. Tex. Feb. 14, 2019), the requested stay stands to conserve a significant amount of judicial and party resources—even more so than in other cases where stays have been granted. *See, e.g.*, *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005 (Fed. Cir. 2015) ("Despite the substantial time and effort already spent in this case, the most burdensome task is yet to come. A determination from the PTAB that all the asserted claims are patent ineligible will spare the parties and the district court the expense of any further litigation, including a trial.").

In particular, a stay at this stage will save judicial resources by avoiding any need for the Court to revisit claim construction or other decisions in view of the binding arguments that Techiya may make before the PTAB. *See Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1364 (Fed. Cir. 2017) ("[S]tatements made by a patent owner during an IPR proceeding, whether before or after an institution decision, can be relied upon to support a finding of prosecution disclaimer"). A stay will also allow Techiya and Samsung to avoid incurring substantial expenses litigating issues that may well be mooted, streamlined, or at a minimum further defined via the PTAB

proceedings. *See, e.g.*, *Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1374 (Fed. Cir. 2014) (noting courts should be "mindful of the burden on the parties and the court in completing both fact and expert discovery, resolving summary judgment motions, completing the *Markman* process, and preparing for trial," and finding such considerations strongly favored a stay), *opinion vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015).

### C. The IPRs Are Highly Likely To Simplify Or Eliminate Issues, Streamline the Litigation, and Reduce the Burden on the Court and the Parties.

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the inter partes review proceeding will result in simplification of the issues before the Court." *NFC Tech.*, 2015 WL 1069111, at *4. "A stay is particularly justified when the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Id.* at *1 (internal quotation marks omitted). Moreover, as the Federal Circuit and this Court have both observed, an important "auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the [PTAB]'s initial consideration." *Norman IP Holdings, LLC v. TP-Link Techs., Co.,* No. 6:13-cv-384-JDL, 2014 WL 5035718, at *2 (E.D. Tex. Oct. 8, 2014) (quoting *In re Etter,* 756 F.2d 852, 857 (Fed. Cir. 1985)).

Because Samsung's IPR petitions challenge all ten patents-in-suit, and more than 180 patent claims, the IPR proceedings are very likely to simplify the issues in this case—and potentially resolve it altogether. Based on its record, the PTAB is likely to institute at least a substantial number of the petitions. The Patent Office's most recent trial statistics indicate that the PTAB has an overall institution rate of 65% by patent and 59% by petition, with a 64% institution rate by petition in the applicable field of Electrical/Computer patents. (*See* Ex. A, PTAB Statistics, November 2021 at 8–9.) And instituted IPRs typically lead to claim cancellation—a full 71% of

6

patents for which IPRs were instituted had least one claim found invalid, and 44% had **all** claims invalidated. (*See* Ex. B, PTAB Statistics, Fiscal 2021 at 12.) Moreover, regardless of the Final Written Decisions' substance, the IPRs stand to simplify this case through estoppel. *See NFC Tech.*, 2015 WL 1069111, at *4 (explaining that the "likelihood" of "benefits flowing from inter partes review is high," including because "the defendant will be estopped from challenging the validity of the claims on any ground that was, or could reasonably have been, asserted in the inter partes proceeding" for any claims whose validity is confirmed in a Final Written Decision).

Indeed, even before the PTAB issues its institution decisions, the IPR proceedings are likely to simplify the issues in the case, because the statements in Techiya's Preliminary Responses will constitute material evidence for issues such as claim construction. *Aylus Networks*, 856 F.3d at 1359–60; *see also Corel Software, LLC v. Microsoft Corp.*, No. 2:15-cv-528-JNP-PMW, 2016 WL 4444747, at *2 (D. Utah Aug. 23, 2016) ("Because it is possible, even likely, that the PTO will proceed on at least one of [Defendant's] IPR petitions, this factor weighs in favor of a stay. Proceeding with claim construction without the benefit of the additional intrinsic record developed during IPR could complicate this case by making it necessary to reconsider certain claim construction issues."). This Court itself previously found statements made in a patent owner's Preliminary Response were dispositive for purposes of granting summary judgment of non-infringement on the basis of prosecution disclaimer. *See Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4385567, at *3–5 (E.D. Tex. Sep. 9, 2017), *report and recommendation adopted*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4310161 (E.D. Tex. Sep. 28, 2017). An immediate stay would ensure that, should this case resume at a later date, the Court and the parties will have a complete record upon which to address claim construction and any other remaining disputed issues.

Even if the PTAB invalidates only a portion of the asserted patents or claims, the IPRs still will have simplified the case while adding information to the record in ways that are likely to inform the remaining issues. And even if not all of the petitions are instituted, judicial economy still counsels that the case be stayed, because any IPR proceedings that take place are likely to simplify the issues. *See Versata Software*, 771 F.3d at 1371–72; *NFC Tech.*, 2015 WL 1069111, at *7 ("any disposition by the PTAB is likely to simplify the proceedings before this Court"); *Uniloc USA Inc. v. Google Inc.*, No. 2:17-cv-00231-JRG, Dkt. 47 (Oct. 3, 2017) (Gilstrap, J.) (finding, in granting a stay where IPRs for two out of four patents-in-suit asserted in related actions were instituted, that there was "a significant likelihood that the outcome of the IPR proceedings will streamline the scope and resolution of these cases"). Given the potential scenarios regarding the IPR petitions, and their most likely outcomes, this "most important factor" plainly favors a stay. *NFC Tech.*, 2015 WL 1069111, at *4.

## III.   CONCLUSION

Because the relevant factors all weigh in favor of a stay, Samsung respectfully requests that the Court grant its motion to stay this case pending the IPRs' final resolution. To the extent the Court chooses to deny this motion because the PTAB's institution decisions are pending, Samsung respectfully asks the Court to deny the motion without prejudice so Samsung may renew it after the IPRs are instituted.

|  |  |
|---|---|
| DATED:  January 18, 2022 | Respectfully submitted,<br>KIRKLAND & ELLIS LLP<br><br>*/s/ Melissa R. Smith*<br>Melissa R. Smith<br>State Bar No. 24001351<br>GILLAM & SMITH, LLP<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone:  (903) 934-8450<br>Facsimile:  (903) 934-9257<br>Email:  melissa@gillamsmithlaw.com<br><br>Gregory S. Arovas (pro hac vice forthcoming)<br>Todd M. Friedman (pro hac vice forthcoming)<br>Alex R. Henriques (pro hac vice forthcoming)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: greg.arovas@kirkland.com<br>Email: todd.friedman@kirkland.com<br>Email: alex.henriques@kirkland.com<br><br>*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.* |

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel for Defendants has counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and made a good-faith effort to resolve the matter presented herein.  On January 18, 2018, David Rokach (on behalf of Defendants) and Jacob Snodgrass (on behalf of Plaintiffs) conferred by telephone regarding this motion and determined that the parties were at an impasse on this issue because they disagreed as to whether a stay should be entered.  Counsel for Plaintiffs oppose the instant motion.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF SERVICE**

The undersigned certified that on the 18th day of January, 2022, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under the Local Rule-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith