# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| STATON TECHIYA, LLC AND SYNERGY IP CORPORATION,<br><br>            Plaintiffs,<br><br>            v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>            Defendants. | Civil Action No. 2:21-cv-00413-JRG<br><br>████████████████ |

## SAMSUNG'S ANSWER AND COUNTERCLAIMS

Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung") file this Answer to the claims for patent infringement filed by Staton Techiya, LLC ("Techiya") and Synergy IP Corporation ("Synergy") (collectively, "Plaintiffs"), as well as Counterclaims in response. Samsung denies all allegations in Plaintiffs' claims unless expressly admitted. Any admissions herein are for purposes of this matter only. Samsung also reserves the right to take further positions and raise additional defenses and counterclaims that may become apparent as a result of additional information discovered subsequent to filing this Answer.

### AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1.      Samsung admits that Plaintiffs purport to assert claims of patent infringement against Samsung. Samsung denies any remaining allegations in Paragraph 1 of the Amended Complaint.

### THE PARTIES

2.      Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Amended Complaint, and on that basis, Samsung denies them.

3.      Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Amended Complaint, and on that basis, Samsung denies them.

4.      Samsung admits that SEC is based in South Korea, and has a principal place of business at 129, Samsung-Ro, Yeongtong-Gu, Suwon-si, Gyeonggi-do, 16677, Republic of Korea.

5.      Samsung admits the allegations in Paragraph 5 of the Amended Complaint.

6.      Samsung admits the allegations in Paragraph 6 of the Amended Complaint.

### THE ASSERTED PATENTS

7.      Samsung admits that, on its face, the '839 Patent indicates that is titled "Always On Headwear Recording System," was issued on February 7, 2012, and lists Steven Wayne

1

Goldstein and John Usher as inventors.  Samsung also admits that the '839 Patent lists an application number of 12/100,281, filed on April 9, 2008, and that the application was published as U.S. 2008/0253583 A1 on October 16, 2008.  Samsung also admits that Exhibit A to the Complaint purports to be a copy of the '839 Patent.

8.      Samsung admits that, on its face, the '591 Patent indicates that is titled "Method and Device for Audio Recording," was issued on August 28, 2012, and lists Steven Wayne Goldstein, John Usher, and Marc Andre Boillot as inventors.  Samsung also admits that the '591 Patent lists an application number of 12/024,842, filed on February 1, 2008, and that the application was published as U.S. 2008/0187163 A1 on August 7, 2008.  Samsung also admits that Exhibit B to the Complaint purports to be a copy of the '591 Patent.

9.      Samsung admits that, on its face, the '400 Patent indicates that is titled "Method and Device for Acoustic Management Control of Multiple Microphones," was issued on November 20, 2012, and lists Steven Wayne Goldstein, John Usher, Marc Andre Boillot, and Jason McIntosh as inventors.  Samsung also admits that the '400 Patent lists an application number of 12/135,816, filed on June 9, 2008, and that the application was published as U.S. 2009/0016542 A1 on January 15, 2009.  Samsung also admits that Exhibit C to the Complaint purports to be a copy of the '400 Patent.

10.      Samsung admits that, on its face, the '982 Patent indicates that is titled "Always on Headwear Recording System," was issued on September 1, 2015, and lists Steven Wayne Goldstein and John Usher as inventors.  Samsung also admits that the '982 Patent lists an application number of 14/021,011, filed on September 9, 2013, and that the application was published as U.S. 2014/0012403 A1 on January 9, 2014.  Samsung also admits that Exhibit D to the Complaint purports to be a copy of the '982 Patent.

11.      Samsung admits that, on its face, the '244 Patent indicates that is titled "System and Method to Detect Close Voice Sources and Automatically Enhance Situation Awareness,"

was issued on February 23, 2016, and lists Steven Wayne Goldstein and John Usher as inventors. Samsung also admits that the '244 Patent lists an application number of 14/210,430, filed on March 13, 2014, and that the application was published as U.S. 2014/0270200 A1 on September 18, 2014. Samsung also admits that Exhibit E to the Complaint purports to be a copy of the '244 Patent.

12.     Samsung admits that, on its face, the '542 Patent indicates that is titled "Automatic Sound Pass-Through Method and System for Earphones," was issued on November 8, 2016, and lists John Usher as the inventor. Samsung also admits that the '542 Patent lists an application number of 14/600,349, filed on July 30, 2013, and that the application was published as U.S. 2015/0215701 A1 on July 30, 2015. Samsung also admits that Exhibit F to the Complaint purports to be a copy of the '542 Patent.

13.     Samsung admits that, on its face, the '424 Patent indicates that is titled "Method and Device for Personalized Hearing," was issued on March 28, 2017, and lists Steven Wayne Goldstein as the inventor. Samsung also admits that the '424 Patent lists an application number of 15/144,741, filed on May 2, 2016, and that the application was published as U.S. 2016/0249128 A1 on August 25, 2016. Samsung also admits that Exhibit G to the Complaint purports to be a copy of the '424 Patent.

14.     Samsung admits that, on its face, the '082 Patent indicates that is titled "Automatic Keyword Pass-Through System," was issued on September 3, 2019, and lists John Usher as the inventor. Samsung also admits that the '082 Patent lists an application number of 16/168,752, filed on October 23, 2018, and that the application was published as U.S. 2019/0124436 A1 on April 25, 2019. Samsung also admits that Exhibit H to the Complaint purports to be a copy of the '082 Patent.

15.     Samsung admits that, on its face, the '015 Patent indicates that is titled "Automatic Keyword Pass-Through System," was issued on March 30, 2021, and lists John

Usher as the inventor.  Samsung also admits that the '015 Patent lists an application number of 16/555,824, filed on August 29, 2019.  Samsung also admits that Exhibit I to the Complaint purports to be a copy of the '082 Patent.  Samsung denies that the '015 Patent was previously published on December 18, 2019.

16.     Samsung admits that, on its face, the '836 Patent indicates that is titled "Acoustic Sealing Analysis System," was issued on April 13, 2021, and lists John Usher and John P. Keady as inventors.  Samsung also admits that the '836 Patent lists an application number of 16/838,277, filed on April 2, 2020, and that the application was published as U.S. 2020/0275223 A1 on August 27, 2020.  Samsung also admits that Exhibit J to the Complaint purports to be a copy of the '836 Patent.

17.     Samsung denies the allegations in Paragraph 17 of the Amended Complaint.

18.     Samsung denies the allegations in Paragraph 18 of the Amended Complaint.

19.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Amended Complaint, and on that basis, Samsung denies them.

## JURISDICTION AND VENUE

20.     Samsung admits that the Complaint purports to assert claims of patent infringement arising under the Patent Act, 35 U.S.C. § 1 *et seq*, but denies that it has committed any acts of infringement as alleged by Plaintiffs.  Samsung denies any remaining allegations in Paragraph 20 of the Amended Complaint.

21.     Samsung admits the allegations in Paragraph 21 of the Amended Complaint.

22.     For the purposes of this action only, Samsung does not contest that venue is proper in this District.  Samsung admits that SEA has a place of business, employs personnel, is registered to do business in, and conducts business in this District.  Samsung admits that SEA has a Texas Taxpayer Number of 11329511536.  Samsung denies that it has committed

any acts of infringement as alleged by Plaintiffs.  Samsung denies any remaining allegations in Paragraph 22 of the Amended Complaint.

23.     For purposes of this action only, Samsung admits that this Court has personal jurisdiction over Samsung.  Samsung also admits that SEA conducts business within this District.  Samsung denies that it has committed any acts of infringement as alleged by Plaintiffs. Samsung denies any remaining allegations in Paragraph 23 of the Amended Complaint.

24.     Samsung admits that SEA sells consumer electronics products in this District. Samsung denies that it has committed any acts of infringement as alleged by Plaintiffs. Samsung denies any remaining allegations in Paragraph 24 of the Amended Complaint.

25.     Samsung admits that SEA sells or has sold consumer electronics products, including the Samsung Galaxy S20 and Samsung Galaxy Buds+, in the United States, including in this District.  Samsung admits that certain of the smartphone products SEA has sold include the Bixby Personal Assistant application.  Samsung denies that it has committed any acts of infringement as alleged by Plaintiffs.  Samsung denies any remaining allegations in Paragraph 25 of the Amended Complaint.

### JOINDER

26.     To the extent that the allegations of paragraph 26 of the Amended Complaint state a legal conclusion, no response is required.  To the extent any response is required, Samsung denies the allegations contained in Paragraph 26 of the Amended Complaint.

### ALLEGATIONS OF PATENT INFRINGEMENT

27.     Paragraph 27 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1– 26 as if fully set forth herein.

28.     Samsung denies the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Samsung denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Samsung denies the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Samsung admits that the Samsung Galaxy Buds Pro includes an inner microphone and two outer microphones, a 2 way speaker, and a BCM 43015 SoC chipset that includes a DSP and runs the RTOS operating system.   Samsung denies the remaining allegations contained in Paragraph 31 of the Amended Complaint.

32.     Samsung denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Samsung admits that certain versions of the Samsung Galaxy S20 Ultra include a Snapdragon 865 processor, 12 GB of LPDDR5 RAM, 128 GB of flash storage, and four cameras.  Samsung denies the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34.     Samsung admits that the Bixby platform allows a user to activate audio and video recordings on the Samsung Galaxy S20 when used in conjunction with the Samsung Galaxy Buds Pro.  Samsung denies the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35.     Samsung admits that Bixby platform functionality can be activated on the Samsung Galaxy S20 by the user speaking a command, including "Hi, Bixby."  Samsung admits that Bixby servers include at least a processor and processor readable memory. Samsung denies the remaining allegations contained in Paragraph 35 of the Amended Complaint.

36.     Samsung admits that the cited webpage has been accurately quoted.  Samsung denies the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37.     Samsung admits that a user can use Bixby to initiate a phone call on Bixby enabled phones.  Samsung denies the remaining allegations contained in Paragraph 37 of the Amended Complaint.

38.     Samsung denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Samsung admits that the Original Complaint was filed on November 5, 2021. Samsung denies the remaining allegations of Paragraph 39 of the Amended Complaint.

40.     Samsung lacks knowledge or information sufficient to form a belief as to the truth of whether "retailers such as the Walmart Supercenter at 1701 E End Blvd N, Marshall, TX 75670 offer Accused Products for sale," and on that basis, denies such allegations. Samsung denies the remaining allegations contained in Paragraph 40 of the Amended Complaint.

41.     Samsung denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Samsung denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Samsung denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Samsung denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Samsung denies the allegations contained in Paragraph 45 of the Amended Complaint.

## COUNT I

### Defendants' Infringement of the '839 Patent

46.     Paragraph 46 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–45 as if fully set forth herein.

47.     Samsung denies the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Samsung denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Samsung denies the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Samsung denies the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Samsung admits that the language of claim 1 of the '839 Patent recites "[a]n Always-On Recording System (AORS) comprising: a first monitoring assembly mounted in an earpiece, the earpiece configured to occlude and form an acoustic seal of an ear canal, the first monitoring assembly including an Ambient Sound Microphone (ASM) to monitor an ambient acoustic field at an entrance to the ear canal occluded by the earpiece, the ASM producing an ASM signal responsive to the ambient acoustic field; a second monitoring assembly mounted in the earpiece and including an ear canal microphone (ECM) to monitor an acoustic field within the ear canal occluded by the earpiece, the ECM producing an ECM signal responsive to the acoustic field within the ear canal; a data storage device configured to act as a circular buffer for continually storing at least one of the ECM signal or the ASM signal; a further data storage device coupled to the data storage device; and a record-activation system including software configured to activate the further data storage device to record a content of the data storage device." Samsung denies the remaining allegations of Paragraph 51 of the Amended Complaint.

52.     Samsung admits the Galaxy Buds+ are earbuds that can be placed in a portion of a user ear. Samsung further admits that the Galaxy Buds+ include an inner microphone and outer microphone, as well as a memory that can store audio data temporarily. Samsung admits that the Samsung Galaxy S20 has a memory. Samsung admits that the Samsung Galaxy S20 has Bluetooth audio functionality. Samsung also admits that the Samsung Galaxy S20 has preinstalled software and that certain Samsung Galaxy S20 phones have a camera application that with an update enables the setting of a Bluetooth microphone as an audio source. Samsung denies the remaining allegations contained in Paragraph 52 of the Amended Complaint.

53.     Samsung denies the allegations contained in Paragraph 53 of the Amended Complaint.

54.      Samsung denies the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Samsung denies the allegations contained in Paragraph 55 of the Amended Complaint.

56.     Samsung denies the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Samsung denies the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Samsung admits that SEA has continued to sell Samsung Buds Pro in the United States after the filing of the Original Complaint.  Samsung denies the remaining allegations contained in Paragraph 58 of the Amended Complaint.

59.     Samsung denies the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Samsung denies the allegations contained in Paragraph 60 of the Amended Complaint.

## COUNT II

### Defendants' Infringement of the '591 Patent

61.     Paragraph 61 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–60 as if fully set forth herein.

62.     Samsung denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Samsung denies the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Samsung denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Samsung denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Samsung admits the claim 11 of the '591 Patent recites: "An earpiece, comprising: an Ambient Sound Microphone (ASM) configured to capture ambient sound; an Ear Canal Microphone (ECM) configured to capture internal sound in an ear canal; a memory; and a processor operatively coupled to the ASM, the ECM and the memory, where the processor is configured to save a portion of at least one of the captured ambient sound and the captured internal sound in response to an event, wherein the event is a detected sound signature within the ambient sound." Samsung denies the remaining allegations contained in Paragraph 66 of the Amended Complaint.

67.     Samsung admits that the Samsung Galaxy Buds Pro is an earpiece having an inner mic and two outer mics that capture sounds.  Samsung further admits that the Samsung Galaxy Buds Pro includes a memory and a processor.   Samsung denies the remaining allegations contained in Paragraph 67 of the Amended Complaint.

68.     Samsung admits that on the face of the '591 Patent, claim 16 is a dependent claim based upon independent claim 14. Samsung admits that the language of claim 14 of the '591 Patent recites: "[a]n earpiece, comprising: an Ambient Sound Microphone (ASM) configured to capture ambient sound; an Ear Canal Microphone (ECM) configured to capture internal sound in an ear canal; an Ear Canal Receiver (ECR) configured to deliver audio content to the ear canal; a memory; and a processor operatively coupled to the ASM, the ECM, the ECR and the memory, where the processor is configured to save a portion of at least one of the captured ambient sound, the captured internal sound, and the delivered audio content in response to an event." Samsung also admits that claim 16 of the '591 Patent recites: "[t]he earpiece of claim 14, wherein the event is a touching of the earpiece, a recognizing of a voice command, a starting or ending of a phone call, an abrupt movement of the earpiece, or a scheduled time." Samsung denies the remaining allegations contained in Paragraph 68 of the Amended Complaint.

69.     Samsung admits that the Samsung Galaxy Buds Pro is an earpiece having an inner mic and two outer mics that capture sounds.  Samsung further admits that the Samsung Galaxy Buds Pro includes a memory and a processor.  Samsung further admits that the Galaxy Buds Pro includes a Voice Pickup Unit and that in Voice Detect, the Voice Pickup Unit can sense some types of jaw movement of the user.  Samsung denies the remaining allegations contained in Paragraph 69 of the Amended Complaint.

70.     Samsung denies the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Samsung denies the allegations contained in Paragraph 71 of the Amended Complaint.

72.     Samsung denies the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Samsung denies the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Samsung denies the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Samsung admits that SEA has continued to sell Samsung Buds Pro in the United States after the filing of the Original Complaint.  Samsung denies the remaining allegations contained in Paragraph 75 of the Amended Complaint.

76.     Samsung denies the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Samsung denies the allegations contained in Paragraph 77 of the Amended Complaint.

## <u>COUNT III</u>

### Defendants' Infringement of the '400 Patent

78.     Paragraph 78 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–77 as if fully set forth herein.

79.     Samsung denies the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Samsung denies the allegations contained in Paragraph 80 of the Amended Complaint.

81.     Samsung denies the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Samsung denies the allegations contained in Paragraph 82 of the Amended Complaint.

83.     Samsung admits that claim 14 of the '400 patent recites: "A method for acoustic management control comprising the steps of: providing an acoustic barrier to an ear canal of a user;

capturing an ambient sound from at least one Ambient Sound Microphone (ASM) to produce an ambient sound signal that includes an external voice signal of the user; capturing in the ear canal of the user an internal sound from the at least one Ear Canal Microphone (ECM) to produce an internal sound signal that includes an internal voice signal of the user; determining a background noise signal from at least one of the ambient sound signal or the internal sound signal; and adjusting an amplitude of one or more frequencies of the internal sound signal and the ambient sound signal based on the background noise signal, to filter the internal sound signal relative to the ambient sound signal."

84.     Samsung admits that the Samsung Galaxy Buds is an earpiece that may be inserted into the ear of a user and includes at least one outer mic, at least one inner mic, and a processor. Samsung denies the remaining allegations contained in Paragraph 84 of the Amended Complaint.

85.     Samsung denies the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Samsung denies the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Samsung denies the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Samsung denies the allegations contained in Paragraph 88 of the Amended Complaint.

89.     Samsung denies the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Samsung denies the allegations contained in Paragraph 90 of the Amended Complaint.

91.     Samsung denies the allegations contained in Paragraph 91 of the Amended Complaint.

92.     Samsung denies the allegations contained in Paragraph 92 of the Amended Complaint.

## COUNT IV

### Defendants' Infringement of the '982 Patent

93.     Paragraph 93 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–92 as if fully set forth herein.

94.     Samsung denies the allegations contained in Paragraph 94 of the Amended Complaint.

95.     Samsung denies the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Samsung denies the allegations contained in Paragraph 96 of the Amended Complaint.

97.     Samsung denies the allegations contained in Paragraph 97 of the Amended Complaint.

98.     Samsung admits that on the face of the '982 Patent claim 2 depends from claim 1. Samsung admits that the language of claim 1 of the '982 Patent recites: "[a]n Always-On Recording System (AORS) comprising a monitoring assembly mounted on a mobile phone, the monitoring assembly including an ambient sound microphone (ASM) to monitor an ambient acoustic field proximate to the mobile phone, the ASM producing an ASM signal responsive to the ambient acoustic field; a data storage device configured to act as a circular buffer for continually storing the ASM signal; a further data storage device coupled to the data storage device; and a record-activation system including software configured to activate the further data storage device to record a content of the data storage device." Samsung also admits that claim 2 of the '982 Patent recites: "[t]he system according to claim 1, where the record-activation system is configured to activate the further data storage device responsive to detection of at least one of a speech sound, a

14

non-speech sound or a transient sound in the content of the data storage device." Samsung denies the remaining allegations contained in Paragraph 98 of the Amended Complaint.

99.     Samsung admits that certain Samsung Galaxy S20 and certain other Samsung Galaxy smartphones have a high AOP microphone. Samsung denies the remaining allegations contained in Paragraph 99 of the Amended Complaint.

100.     Samsung admits that when the Bixby is installed, configured, and enabled on certain Samsung Galaxy S20 phones, the Bixby platform functionality can be activated by the user speaking a command, including "Hi, Bixby."  Samsung denies the remaining allegations contained in Paragraph 100 of the Amended Complaint.

101.     Samsung admits the Samsung Galaxy S20 includes a flash memory.  Samsung denies the remaining allegations contained in Paragraph 101 of the Amended Complaint.

102.     Samsung admits that certain versions of the Samsung Voice Recorder application include a voice memo mode that can convert voice to text. Samsung admits the Samsung Voice Recorder is designed to provide a recording experience with high quality sound, while also offering playback and editing capabilities. Samsung denies the remaining allegations contained in Paragraph 102 of the Amended Complaint.

103.     Samsung denies the allegations contained in Paragraph 103 of the Amended Complaint.

104.     Samsung denies the allegations contained in Paragraph 104 of the Amended Complaint.

105.     Samsung denies the allegations contained in Paragraph 105 of the Amended Complaint.

106.     Samsung denies the allegations contained in Paragraph 106 of the Amended Complaint.

107.     Samsung denies the allegations contained in Paragraph 107 of the Amended Complaint.

108.     Samsung admits that SEA has continued to sell Samsung Galaxy S20 in the United States after the filing of the Original Complaint.   Samsung denies the remaining allegations contained in Paragraph 108 of the Amended Complaint.

109.     Samsung denies the allegations contained in Paragraph 109 of the Amended Complaint.

110.     Samsung denies the allegations contained in Paragraph 110 of the Amended Complaint.

## COUNT V

### Defendants' Infringement of the '542 Patent

111.     Paragraph 111 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–110 as if fully set forth herein.

112.     Samsung denies the allegations contained in Paragraph 112 of the Amended Complaint.

113.     Samsung denies the allegations contained in Paragraph 113 of the Amended Complaint.

114.     Samsung denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.     Samsung denies the allegations contained in Paragraph 115 of the Amended Complaint.

116.     Samsung admits that claim 1 of the '542 Patent recites: "A method for passing ambient sound to an earphone device configured to be inserted in an ear canal of a user, the method comprising the steps of: capturing the ambient sound from an ambient sound microphone (ASM) proximate to the earphone device to form an ASM signal; receiving an

audio content (AC) signal from a remote device; detecting voice activity of the user of the earphone device; mixing the ASM signal and the AC signal to form a mixed signal, such that, in the mixed signal, an ASM gain of the ASM signal is increased and an AC gain of the AC signal is decreased when the voice activity is detected; detecting a cessation of the voice activity; delaying modification of the ASM gain and the AC gain for a predetermined time period responsive to the detected cessation of the voice activity; and directing the mixed signal to an ear canal receiver (ECR) of the earphone device." Samsung denies the remaining allegations contained in Paragraph 116 of the Amended Complaint.

117.    Samsung admits that the Galaxy Buds Pro includes a two way speaker, an inner microphone, and two outer microphones. Samsung further admits that the Buds Pro includes the BCM 43015 SoC chipset that runs the RTOS operating system. Samsung further admits that the Buds Pro can receive an audio content signal (e.g., music) from a remote device (e.g., a smartphone) via Bluetooth. Samsung denies the remaining allegations contained in Paragraph 117 of the Amended Complaint.

118.    Samsung admits that audio content delivered to the Samsung Galaxy Buds Pro can be music content or music contents associated with a video clip. Samsung further admits that Voice Detect in the Samsung Galaxy Buds Pro can switch from Active Noise Canceling (ANC) to Ambient Sound mode. Samsung denies the remaining allegations contained in Paragraph 118 of the Amended Complaint.

119.    Samsung admits that the Voice Detect feature of the Samsung Galaxy Buds Pro can switch from ANC to Ambient Sound mode. Samsung further admits that when switching with Voice Detect in ANC mode, the ambient sound level can be increased and the music volume can be decreased. Samsung denies the remaining allegations contained in Paragraph 119 of the Amended Complaint.

120.     Samsung admits that after a switch to Ambient Sound mode from ANC, Samsung Galaxy Buds Pro switches back to the ANC mode after a period of time.  Samsung denies the remaining allegations contained in Paragraph 120 of the Amended Complaint.

121.      Samsung denies the allegations contained in Paragraph 121 of the Amended Complaint.

122.     Samsung denies the allegations contained in Paragraph 122 of the Amended Complaint.

123.     Samsung denies the allegations contained in Paragraph 123 of the Amended Complaint.

124.     Samsung denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.     Samsung denies the allegations contained in Paragraph 125 of the Amended Complaint.

126.     Samsung admits that SEA has continued to sell Samsung Buds Pro in the United States after the filing of the Original Complaint.  Samsung denies the allegations contained in Paragraph 126 of the Amended Complaint.

127.     Samsung denies the allegations contained in Paragraph 127 of the Amended Complaint.

128.     Samsung denies the allegations contained in Paragraph 128 of the Amended Complaint.

## <u>COUNT VI</u>

### Defendants' Infringement of the '244 Patent

129.     Paragraph 129 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–128 as if fully set forth herein.

130.    Samsung denies the allegations contained in Paragraph 130 of the Amended Complaint.

131.    Samsung denies the allegations contained in Paragraph 131 of the Amended Complaint.

132.    Samsung denies the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Samsung denies the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Samsung admits that claim 1 of the '244 Patent recites: "A method for close proximity detection and automatic audio mixing performed by a processor suitable for use with an earphone, the method comprising the steps of: monitoring sound from an ambient sound microphone communicatively coupled to the processor; automatically activating a voice timer responsive to detecting voice activity or a cessation of voice activity in the sound as part of the close proximity detection; adjusting a mixing gain of an audio content signal delivered to the earphone with the ambient sound pass-through during a voice timer pending voice activity; and wherein the audio content is one of a voice signal, music content, or audible sound delivered to the internal speaker for audible reproduction."  Samsung denies the remaining allegations contained in Paragraph 134 of the Amended Complaint.

135.    Samsung admits that the Buds Pro includes the BCM 43015 chipset that includes a DSP and runs the RTOS operating system.  Samsung further admits that the Buds Pro includes a two way speaker and three microphones: an Inner Mic and two Outer Mics that capture sounds.  Samsung denies the remaining allegations contained in Paragraph 135 of the Amended Complaint.

136.    Samsung admits that the audio content delivered to the Samsung Galaxy Buds Pro can be, for example, music content, including music content associated with a video clip.

19

Samsung further admits that Voice Detect in the Samsung Galaxy Buds Pro can switch from ANC to Ambient Sound.  Samsung denies the remaining allegations contained in Paragraph 136 of the Amended Complaint.

137.    Samsung admits that the Voice Detect feature has a timer that is used as part of determining when to switch from Ambient Sound mode to ANC mode.  Samsung denies the remaining allegations contained in Paragraph 137 of the Amended Complaint.

138.    Samsung denies the allegations contained in Paragraph 138 of the Amended Complaint.

139.    Samsung denies the allegations contained in Paragraph 139 of the Amended Complaint.

140.    Samsung denies the allegations contained in Paragraph 140 of the Amended Complaint.

141.    Samsung denies the allegations contained in Paragraph 141 of the Amended Complaint.

142.    Samsung denies the allegations contained in Paragraph 142 of the Amended Complaint.

143.    Samsung admits that SEA has continued to sell Samsung Buds Pro in the United States after the filing of the Original Complaint.  Samsung denies the remaining allegations contained in Paragraph 143 of the Amended Complaint.

144.    Samsung denies the allegations contained in Paragraph 144 of the Amended Complaint.

145.    Samsung denies the allegations contained in Paragraph 145 of the Amended Complaint.

## COUNT VII

### Defendants' Infringement of the '082 Patent

146.    Paragraph 146 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–145 as if fully set forth herein.

147.    Samsung denies the allegations contained in Paragraph 147 of the Amended Complaint.

148.    Samsung denies the allegations contained in Paragraph 148 of the Amended Complaint.

149.    Samsung denies the allegations contained in Paragraph 149 of the Amended Complaint.

150.    Samsung denies the allegations contained in Paragraph 150 of the Amended Complaint.

151.    Samsung admits that claim 14 of the '082 Patent recites "A device capable of receiving and identifying acoustic keywords comprising: a microphone; a processor; and processor readable memory, where acoustic characteristics of at least five verbal keywords are stored in the processor readable memory, where the processor is configured to identify an acoustic keyword signal by comparing the acoustic characteristics of the at least five verbal keywords to an acoustic signal sent from the microphone, wherein the acoustic keyword signal is identified in the acoustic signal when temporal or spectral patterns of at least one of the five verbal keywords and the acoustic signal match within a threshold average value, where the processor has been configured to initiate at least one of the following based upon the keyword identified: initiate a phone call; initiate an increase gain to the acoustic signal; and initiate a decrease gain to the acoustic signal."  Samsung denies any remaining allegations contained in Paragraph 151 of the Amended Complaint.

152.     Samsung admits that certain versions of the Samsung Galaxy S20 and other Bixby-enabled Samsung Galaxy smartphones include a High AOP Microphone that produces a signal, and that certain versions of the Samsung Galaxy S20 smartphones include a Snapdragon 865 processor, 12 GB of LPDDR5 RAM, 128 GB of flash storage, and four cameras.   Samsung denies the remaining allegations contained in Paragraph 152 of the Amended Complaint.

153.     Samsung denies the allegations contained in Paragraph 153 of the Amended Complaint.

154.     Samsung admits that the Bixby platform involves at least one server that includes at least one processor and processor readable memory.  Samsung denies the remaining allegations contained in Paragraph 154 of the Amended Complaint.

155.     Samsung admits that the cited webpage has been accurately quoted.  Samsung denies the remaining allegations contained in Paragraph 155 of the Amended Complaint.

156.     Samsung admits that a user can use Bixby to initiate a phone call on Bixby-enabled phones.  Samsung denies the remaining allegations contained in Paragraph 156 of the Amended Complaint.

157.     Samsung denies the allegations contained in Paragraph 157 of the Amended Complaint.

158.     Samsung admits that the Samsung Galaxy S20 contains a processor that is involved in the process of initiating phone calls.  Samsung denies the remaining allegations contained in Paragraph 158 of the Amended Complaint.

159.     Samsung denies the allegations contained in Paragraph 159 of the Amended Complaint.

160.     Samsung denies the allegations contained in Paragraph 160 of the Amended Complaint.

161.    Samsung denies the allegations contained in Paragraph 161 of the Amended Complaint.

162.    Samsung denies the allegations contained in Paragraph 162 of the Amended Complaint.

163.    Samsung admits that SEA has continued to sell Samsung Galaxy S20 in the United States after the filing of the Original Complaint.  Samsung denies the remaining allegations contained in Paragraph 163 of the Amended Complaint.

164.    Samsung denies the allegations contained in Paragraph 164 of the Amended Complaint.

165.    Samsung denies the allegations contained in Paragraph 165 of the Amended Complaint.

## COUNT VIII

### Defendants' Infringement of the '015 Patent

166.    Paragraph 166 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–165 as if fully set forth herein.

167.    Samsung denies the allegations contained in Paragraph 167 of the Amended Complaint.

168.    Samsung denies the allegations contained in Paragraph 168 of the Amended Complaint.

169.    Samsung denies the allegations contained in Paragraph 169 of the Amended Complaint.

170.    Samsung denies the allegations contained in Paragraph 170 of the Amended Complaint.

171.    Samsung admits that claim 1 of the '015 Patent recites: "A method for activating ambient sound pass-through in an earphone in response to a detected keyword in the ambient

sound field of the earphone user, the steps of the method comprising: receiving at least one ambient sound microphone (ASM) signal; receiving at least one audio content (AC) signal; identifying if a keyword is matched to a portion of the ASM signal, wherein the keyword is matched to the portion of the ASM signal when temporal or spectral patterns of the keyword and the portion of the ASM signal match within a threshold average value; and generating an ASM gain if a keyword is matched to the portion of the ASM signal; and applying the ASM gain to the ASM signal until a new keyword is detected or manually adjusted." Samsung denies any remaining allegations contained in Paragraph 171 of the Amended Complaint.

172.    Samsung admits that the cited webpage has been accurately quoted.  Samsung denies the remaining allegations contained in Paragraph 172 of the Amended Complaint.

173.    Samsung denies the allegations contained in Paragraph 173 of the Amended Complaint.

174.    Samsung denies the allegations contained in Paragraph 174 of the Amended Complaint.

175.    Samsung admits that Samsung Galaxy Buds, Buds+, and Buds Pro are configured to receive phone call or music audio via Bluetooth.  Samsung denies the remaining allegations contained in Paragraph 175 of the Amended Complaint.

176.    Samsung denies the allegations contained in Paragraph 176 of the Amended Complaint.

177.    Samsung denies the allegations contained in Paragraph 177 of the Amended Complaint.

178.    Samsung denies the allegations contained in Paragraph 178 of the Amended Complaint.

179.    Samsung denies the allegations contained in Paragraph 179 of the Amended Complaint.

180.    Samsung denies the allegations contained in Paragraph 180 of the Amended Complaint.

181.    Samsung denies the allegations contained in Paragraph 181 of the Amended Complaint.

182.    Samsung denies the allegations contained in Paragraph 182 of the Amended Complaint.

183.    Samsung admits that SEA has continued to sell Samsung Buds+ in the United States after the filing of the Original Complaint.  Samsung denies remaining the allegations contained in Paragraph 183 of the Amended Complaint.

184.    Samsung denies the allegations contained in Paragraph 184 of the Amended Complaint.

185.    Samsung denies the allegations contained in Paragraph 185 of the Amended Complaint.

## COUNT IX

### Defendants' Infringement of the '424 Patent

186.    Paragraph 186 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–185 as if fully set forth herein.

187.    Samsung denies the allegations contained in Paragraph 187 of the Amended Complaint.

188.    Samsung denies the allegations contained in Paragraph 188 of the Amended Complaint.

189.    Samsung denies the allegations contained in Paragraph 189 of the Amended Complaint.

190.    Samsung denies the allegations contained in Paragraph 190 of the Amended Complaint.

191.    Samsung admits that claim 1 of the '424 patent recites: "An electronic audio device for use with at least one earpiece or a pair of earpieces, or a pair of earpieces in a headphone, each earpiece having a microphone operatively coupled to the earpiece and a speaker located therein, comprising: circuitry operatively coupled to the microphone and speaker; a processor operatively coupled to evaluate a seal quality of the earpiece based on seal quality measurements made while driving or exciting a signal into the speaker located in the earpiece; and wherein the processor is configured to generate a visual or audio message identifying whether the at least one earpiece is properly sealed based on the seal quality measurements."  Samsung denies the remaining allegations contained in Paragraph 191 of the Amended Complaint.

192.    Samsung admits that the Samsung Galaxy Buds 2 includes an external microphone, an internal microphone, and a speaker. Samsung denies the remaining allegations contained in Paragraph 192 of the Amended Complaint.

193.    Samsung admits that the cited webpage has been accurately quoted.  Samsung denies the remaining allegations contained in Paragraph 193 of the Amended Complaint.

194.    Samsung admits that the Samsung Galaxy Buds 2 has a pair of earpieces, which include an internal microphone, an external microphone, and a speaker. Samsung denies the remaining allegations contained in Paragraph 194 of the Amended Complaint.

195.    Samsung denies the allegations contained in Paragraph 195 of the Amended Complaint.

196.    Samsung denies the allegations contained in Paragraph 196 of the Amended Complaint.

197.    Samsung denies the allegations contained in Paragraph 197 of the Amended Complaint.

198.     Samsung denies the allegations contained in Paragraph 198 of the Amended Complaint.

199.     Samsung denies the allegations contained in Paragraph 199 of the Amended Complaint.

200.     Samsung admits that SEA has continued to sell Samsung Buds 2 in the United States after the filing of the Original Complaint.  Samsung denies the remaining allegations contained in Paragraph 200 of the Amended Complaint.

201.     Samsung denies the allegations contained in Paragraph 201 of the Amended Complaint.

202.     Samsung denies the allegations contained in Paragraph 202 of the Amended Complaint.

## COUNT X

### Defendants' Infringement of the '836 Patent

203.     Paragraph 203 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung repeats and realleges the responses to Paragraphs 1–202 as if fully set forth herein.

204.     Samsung denies the allegations contained in Paragraph 204 of the Amended Complaint.

205.     Samsung denies the allegations contained in Paragraph 205 of the Amended Complaint.

206.     Samsung denies the allegations contained in Paragraph 206 of the Amended Complaint.

207.     Samsung denies the allegations contained in Paragraph 207 of the Amended Complaint.

208.     Samsung admits that claim 9 of the '836 Patent recites: "An earphone configured to perform an eartip fit test comprising: a first microphone, configured to output a

first microphone signal based on a measurement of sound measured from a first side of the earphone; a second microphone, configured to output a second microphone signal based on a measurement of sound measured closer to the second side the earphone than the sound measured by the first microphone; a speaker; an eartip, configured to seal the earphone between the first side and a second side of the earphone; a memory that stores instructions; and a processor, operatively connected to the first microphone, where the processor is operatively connected to the speaker, where the processor is operatively connected to the memory, where the processor is configured to execute the instructions to perform operations, the operations comprising: sending a test fit signal to the speaker, where the speaker emits an audio test signal in response to the test fit signal; receiving the first microphone signal; comparing the microphone signal to the test fit signal to determine eartip seal; sending a first message to a user if the eartip seal is above a threshold level indicating a good seal, where the first message is visually displayed on a device communicatively coupled to the earphone; sending a second message to a user if the eartip seal is below a threshold level, indicating that a new eartip or adjustment of the current eartip is needed, where the second message is visually displayed on the device communicatively coupled to the earphone."   Samsung denies the remaining allegations contained in Paragraph 208 of the Amended Complaint.

209.    Samsung admits that the Samsung Galaxy Buds 2 includes an external microphone, an internal microphone, and a speaker. Samsung denies the remaining allegations contained in Paragraph 209 of the Amended Complaint.

210.    Samsung admits that the Samsung Galaxy Buds 2 includes a processor and memory. Samsung denies the remaining allegations contained in Paragraph 210 of the Amended Complaint.

211.    Samsung denies the allegations contained in Paragraph 211 of the Amended Complaint.

212.    Samsung denies the allegations contained in Paragraph 212 of the Amended Complaint.

213.    Samsung denies the allegations contained in Paragraph 213 of the Amended Complaint.

214.    Samsung denies the allegations contained in Paragraph 214 of the Amended Complaint.

215.    Samsung denies the allegations contained in Paragraph 215 of the Amended Complaint.

216.    Samsung denies the allegations contained in Paragraph 216 of the Amended Complaint.

217.    Samsung admits that SEA has continued to sell Samsung Buds 2 and Galaxy S20 in the United States after the filing of the Original Complaint.  Samsung denies the remaining allegations contained in Paragraph 217 of the Amended Complaint.

218.    Samsung denies the allegations contained in Paragraph 218 of the Amended Complaint.

219.    Samsung denies the allegations contained in Paragraph 219 of the Amended Complaint.

## DEMAND FOR JURY TRIAL

220.    Paragraph 220 of the Amended Complaint does not require an answer.  To the extent any response is required, Samsung denies that Plaintiffs are entitled to any of the relief requested in the Amended Complaint against Samsung.

## PRAYER FOR RELIEF

221.    Samsung denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief against Samsung.

## GENERAL DENIAL

Samsung further denies each and every allegation contained in Plaintiff's Amended Complaint that Samsung has not specifically admitted, denied, or otherwise responded to herein.

## SAMSUNG'S AFFIRMATIVE DEFENSES

1.      Subject to the responses above, and fully incorporating by reference the statements in Samsung's Counterclaims below, Samsung alleges and asserts the following defenses in response to the Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the Affirmative Defenses described below, and subject to the responses above, Samsung specifically reserves all rights to allege additional defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

2.      Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

3.      The claims of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112.

### U.S. Patent No. 8,111,839

4.      The '839 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, the '839 Patent claims are directed to the abstract idea of monitoring and recording conditions in a surrounding environment.  Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

5.      The '839 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '839 Patent, at least as those claims are being asserted by

Plaintiffs.   For example, the prior art includes: (a) 35 U.S.C. § 102 by U.S. Pub. No. 2003/0161097 ("Le"), which is prior art under at least pre-AIA 102(b); (b) EP1519625A2 ("Victorian"), which is prior art under at least pre-AIA 102(b); (c) U.S. Patent No. 5,903,868 ("Yuen"), which is prior art under at least pre-AIA 102(b); (d) U.S. Patent No. 6,728,385 ("Kvaløy"), which is prior art under at least pre-AIA 102(b); (e) U.S. Patent No. 7,756,285 ("Sjursen"), which is prior art under at least pre-AIA 102(e); (f) U.S. Pub. No. 2002/0118798 ("Langhart"), which is prior art under at least pre-AIA 102(b); (g) U.S. Patent No. 9,123,343 ("Kurki"), which is prior art under at least pre-AIA 102(e); (h) U.S. Pub. No. 2004/0109668 ("Stuckman"), which is prior art under at least pre-AIA 102(b); (i) U.S. Patent No. 7,430,299 ("Armstrong"), which is prior art under at least pre-AIA 102(e); and U.S. Patent No. 6,021,325 ("Hall"), which is prior art under at least pre-AIA 102(b).

6.      On December 13, 2021, Samsung filed two Petitions for *Inter Partes* Review challenging the validity of claims 1–12, 14–17, and 21–23 of the '839 Patent as rendered obvious under 35 U.S.C. § 103 in view of Le, Victorian, Yuen, Kvaløy, Sjursen, Langhart, Kurki, Stuckman, and Hall.  True and correct copies of the Petitions are attached hereto as Exhibits 1–2.

7.      The '839 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in claims of the '839 Patent.  For example, the '839 Patent fails to provide sufficient disclosure to enable a person of ordinary skill in the art to make a system according to claim 5, which requires "a signal processing system configured to at least one of multiplex output signals from the circular buffer or encode the output signals to reduce a data rate before transmission of the output signals to the further data storage device," without undue experimentation.

**U.S. Patent No. 8,254,591**

8.      The '591 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, the '591 Patent claims are directed to the abstract idea of capturing and saving a sound in response to an event.  Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

9.      The '591 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '591 Patent, at least as those claims are being asserted by Plaintiffs.  For example, the prior art includes: (a) U.S. Patent Application Publication No. 2003/0161097 ("Le '097"), which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (b) U.S. Patent 6,728,385 ("Kvaloy '385"), which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (c) U.S. Patent 6,163,338 ("Johnson '338"), which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (d) U.S. Patent 6,804,638 ("Fiedler '638"), which is prior art at least under pre-AIA 35 U.S.C. § 102(b); (e) U.S. Patent Application Publication No. 2004/0042103 ("Mayer '103"), which is prior art at least under pre-AIA 35 U.S.C. § 102(b); and (f) U.S. Patent Application Publication 2001/0046304 ("Rast '304"), which is prior art at least under pre-AIA 35 U.S.C. § 102(b).

10.      On December 20, 2021, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1–7, 9, and 11–16 of the '591 Patent as rendered obvious under 35 U.S.C. § 103 in view of Le '097, Kvaloy '385, Johnson '338, Fiedler '638, Mayer '103, and Rast '304.  A true and correct copy of the Petition is attached hereto as Exhibit 3.

11.      The '591 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in claims of the '591 Patent.  For example, the '591 Patent specification fails to disclose to one skilled in the art that the inventors were in possession of "wherein the event is a detected sound signature within the ambient sound" as required by claim 11, and further does not enable a person of ordinary skill in the art to make an earpiece satisfying that limitation without undue experimentation.

**U.S. Patent No. 8,315,400**

12.      The '400 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, the '400 Patent claims are directed to the abstract idea of

32

filtering sound signals based on background noise level.  Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

13.   The '400 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '400 Patent, at least as those claims are being asserted by Plaintiffs.  For example, the prior art includes: (a) U.S. Patent Application Publication 2008/0037801 ("Alves"), which is prior art under at least pre-AIA 102(e); (b) U.S. Patent No. 5,524,056 ("Killion"), which is prior art under at least pre-AIA 102(b); (c) International Publication No. WO 2006/037156 ("Mejia"), which is prior art under at least pre-AIA 102(b).

14.   On December 10, 2021, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1-20 of the '400 Patent.  Samsung challenged the claims as anticipated or rendered obvious by Alves, Mejia, and Killion.  A true and correct copy of the Petition is attached hereto as Exhibit 4.

15.   The '400 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in each of the independent claims of the '400 Patent.  For example, the '400 Patent specification fails to disclose to one skilled in the art that the inventors were in possession of "filter[ing] the internal sound signal relative to the ambient sound signal" as required by claim 1, and further does not enable a person of ordinary skill in the art to make an earpiece satisfying that limitation without undue experimentation.

**U.S. Patent No. 9,124,982**

16.   The '982 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, the '982 Patent claims are directed to the abstract idea of monitoring a particular field and producing signals responsive to changes in that field.  Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

17.   The '982 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '982 Patent, at least as those claims are being asserted by

33

Plaintiffs.  For example, the prior art includes: (a) Le, which is prior art under at least pre-AIA 102(b); (b) U.S. Pub. No. 2004/0042103 ("Mayer"), which is prior art under at least pre-AIA 102(b); (c) Yuen, which is prior art under at least pre-AIA 102(b); (d) Sjursen, which is prior art under at least pre-AIA 102(e); (e) Langhart, which is prior art under at least pre-AIA 102(b); (f) Kurki, which is prior art under at least pre-AIA 102(e); (g) Stuckman, which is prior art under at least pre-AIA 102(b); (h) U.S. Pub. No. 2002/0106091 ("Furst"), which is prior art under at least pre-AIA 102(b); U.S. Patent No. 9,135,797 ("Couper"), which is prior art under at least pre-AIA 102(e); and U.S. Pub. No. 2006/0092043A1 ("Lagassey"), which is prior art under at least pre-AIA 102(e) and 102(a).

18.     On December 13, 2021, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1–6, 10, 14–15, 17–20, and 24–25  of the '982 Patent as rendered obvious under 35 U.S.C. § 103 in view of Le, Mayer, Yuen, Sjursen, Langhart, Kurki, Stuckman, Furst, and Lagassey.  A true and correct copy of the Petition is attached hereto as Exhibit 5.

19.     The '982 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in claims of the '982 Patent.  For example, the '982 Patent specification fails to disclose to one skilled in the art that the inventors were in possession of "a monitoring assembly mounted on a mobile phone, the monitoring assembly including an ambient sound microphone" as required by claim 1.

### U.S. Patent No. 9,270,244

20.     The '244 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, the '244 Patent claims are directed to the abstract idea of receiving and filtering audio signals.  Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

21.     The '244 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '244 Patent, at least as those claims are being asserted by Plaintiffs.  For example, the prior art includes: (a) U.S. Patent Application Publication No.

2007/0189544 ("Rosenberg '544"), which is prior art under at least AIA 35 U.S.C. § 102(a)(1); (b) U.S. Patent No. 9,037,458 ("Park '458"), which is prior art under at least AIA 35 U.S.C. § 102(a)(2); (c) Kvaloy '385, which is prior art under at least AIA 35 U.S.C. § 102(a)(1); and the publication *Interaction Techniques Using Prosodic Features of Speech and Audio Localization*, published on January 11, 2005 ("Olwal"), which is prior art under at least AIA 35 U.S.C. § 102(a)(1).

22.     On December 21, 2021, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1–30 of the '244 Patent as rendered obvious under 35 U.S.C. § 103 in view of Rosenberg '544, Park '458, Kvaloy '385, and Olwal.  A true and correct copy of the Petition is attached hereto as Exhibit 6.

23.     The '244 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in claims of the '244 Patent.  For example, the '244 Patent specification fails to disclose to one skilled in the art that the inventors were in possession of "determining the proximity of the individual with respect to the user wearing the earphone" as required by claim 7, and further does not enable one skilled in the art to practice the claimed method without undue experimentation.

### U.S. Patent No. 9,491,542

24.     The '542 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, the '542 Patent claims are directed to the abstract idea of receiving and filtering audio signals.  Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

25.     The '542 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '542 Patent, at least as those claims are being asserted by Plaintiffs.  For example, the prior art includes: (a) Rosenberg '544, which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (b) U.S. Patent Application Publication 2011/0096939 ("Ichimura '939"), which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (c) U.S. Patent Application Publication No. 2011/0264447 ("Visser '447"), which is prior art under at least

pre-AIA §§ 35 U.S.C. § 102(a) and 35 U.S.C. § 102(e); (d) U.S. Patent Application Publication 2010/0296668 ("Lee '668"), which is prior art under at least pre-AIA 35 U.S.C. § 102(b); and (e) Kvaloy '385, which is prior art under at least pre-AIA 35 U.S.C. § 102(b).

26.     On December 17, 2021, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1–10 and 13–20 of the '542 Patent as rendered obvious under 35 U.S.C. § 103 in view of Rosenberg '544, Ichimura '939, Visser '447, Lee '668, and Kvaloy '385. A true and correct copy of the Petition is attached hereto as Exhibit 7.

27.     The '542 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in claims of the '542 Patent. For example, the '542 Patent specification does not provide sufficient disclosure to enable one skilled in the art to practice the claimed method of claim 1 with respect to at least the step of "mixing the ASM signal and the AC signal to form a mixed signal, such that, in the mixed signal, an ASM gain of the ASM signal is increased and an AC gain of the AC signal is decreased."

### U.S. Patent No. 9,609,424

28.     The '424 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter. For example, at least claim 1 of the '424 Patent is directed to the abstract idea of evaluating measurements and communicating the results. Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

29.     The '424 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '424 Patent, at least as those claims are being asserted by Plaintiff. For example, the prior art includes: (a) Patent Publication 2004/0196992 ("Ryan"), published 10/7/2004, which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (b) U.S. Patent No. 6,567,524 ("Svean"), issued 5/20/2003, which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (c) Patent Publication 2005/0123146 ("Voix"), which is prior art under at least

36

pre-AIA 35 U.S.C. § 102(b); (d) EPO Publication EP1519625A2 ("Victorian"), which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (e) Patent Publication 2004/0125965 ("*Alberth*"), which is prior art under at least pre-AIA 35 U.S.C. § 102(b); (f) Patent Publication 2006/0083395 ("Allen"), which is prior art under at least pre-AIA 35 U.S.C. § 102(a) and (e); and (g) Patent Publication 2005/0078838 ("*Simon")*, which is prior art under at least pre-AIA 35 U.S.C. § 102(b).

30.     On December 21, 2021, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1-20 of the '424 Patent.  Samsung challenged the claims as rendered obvious under 35 U.S.C. § 103 in view of Ryan, Svean, Voix, Alberth, Allen, Victorian, and Simon.   A true and correct copy of the Petition is attached hereto as Exhibit 8.

31.     The '424 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in each of the independent claims of the '424 Patent.  For example, claim 1 of the '424 Patent requires "evaluates a seal quality" and "seal quality measurements," but the patent's specification provides no discussion of "evaluates a seal quality" and "seal quality measurements" that would demonstrate to one skilled in the art that the inventors were in possession of "evaluates a seal quality" and "seal quality measurements."

**U.S. Patent No. 10,405,082**

32.     The '082 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, the '082 Patent claims are directed to the abstract idea of detecting a keyword and automatically triggering a process—*e.g.*, a pass-through mode or other function—based on that detection.  Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

33.     The '082 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '082 Patent, at least as those claims are being asserted by

Plaintiffs.  For example, the prior art includes: (a) U.S Patent No. 8,150,044 ("Goldstein"), which is prior art under at least post-AIA 102(a)(1); (b) U.S. Patent Application Publication 2015/0215701 ("Usher"), which is prior art under at least post-AIA 102(a)(1); (c) U.S Patent No. 8,522,916 ("Keady"), which is prior art under at least post-AIA 102(a)(1); (d) U.S Patent No. 7,280,849 ("Bailey"), which is prior art under at least post-AIA 102(a)(1).

34.     On December 30, 2021, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1-15, 17, and 19-20 of the '082 Patent.  Samsung challenged the claims as obvious in view of Goldstein, Bailey, Keady, and Usher.  A true and correct copy of the Petition is attached hereto as Exhibit 9.

35.     The '082 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in claims of the '082 Patent.  For example, the '082 patent specification fails to disclose to one skilled in the art that the inventors were in possession of "where the processor is contained in a phone that wireless connects to the earphone" as required by claim 16 and "where the occluding portion is an eartip that provides a sound isolation at least 10 db when the eartip is inserted into an ear canal" as required by claim 20.

### U.S. Patent No. 10,966,015

36.     The '015 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, the '015 Patent claims are directed to the abstract idea of detecting a keyword and automatically triggering a process—*e.g.*, a pass-through mode or other function—based on that detection.  Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

37.     The '015 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '015 Patent, at least as those claims are being asserted by Plaintiffs.  For example, the prior art includes: (a) U.S Patent No. 8,150,044 ("Goldstein"), which is prior art under at least post-AIA 102(a)(1); (b) U.S Patent No. 8,594,341 ("Rothschild"), which is prior art under at least post-AIA 102(a)(1); (c) U.S. Patent Application

Publication 2015/0215701 ("Usher"), which is prior art under at least post-AIA 102(a)(1); (d) U.S Patent No. 8,522,916 ("Keady"), which is prior art under at least post-AIA 102(a)(1).

38.     On January 4, 2021, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1-13, 15, and 17-18 of the '015 Patent.  Samsung challenged the claims as rendered obvious under 35 U.S.C. § 103 in view of Goldstein, Rothschild, Keady, and Usher.  A true and correct copy of the Petition is attached hereto as Exhibit 10.

39.     The '015 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in claims of the '015 Patent.  For example, the '015 patent specification fails to disclose to one skilled in the art that the inventors were in possession of "where the processor is contained in a phone that wireless connects to the earphone" as required by claim 14 and "where the occluding portion is an eartip that provides a sound isolation at least 10 db when the eartip is inserted into an ear canal" as required by claim 18.

**U.S. Patent No. 10,979,836**

40.     The '836 Patent is invalid under 35 U.S.C. § 101 for failing to claim patent-eligible subject matter.  For example, at least claim 9 of the '836 Patent is directed to the abstract idea of comparing signals and sending information based on that comparison. Further, the claims do not recite any "inventive concepts" that would transform the claims into patentable subject matter.

41.     The '836 Patent is invalid as anticipated and/or obvious under 35 U.S.C. §§ 102, 103 because the prior art discloses and/or renders obvious to one of ordinary skill in the art the limitations of the claims of the '836 Patent, at least as those claims are being asserted by Blaze.  For example, the prior art includes: (a) U.S. Patent No. 6,567,524 ("Svean"), which is prior art under at least AIA 35 U.S.C. §§102(a)(1), 102(a)(2); and (b) U.S. Patent Application Publication No. US 2006/0188105 A1 ("Baskerville"), which is prior art under at least AIA 35 U.S.C. §§102(a)(1), 102(a)(2)

42.     On January 14, 2022, Samsung filed a Petition for *Inter Partes* Review challenging the validity of claims 1–18 of the '836 Patent are anticipated under 35 U.S.C. §102

by Svean or rendered obvious under 35 U.S.C. §103 in view of Svean, Baskerville, and/or the knowledge of a person having ordinary skill in the art.  A true and correct copy of the Petition is attached hereto as Exhibit 11.

43.     The '836 Patent is invalid under 35 U.S.C. § 112 at least because the specification does not contain sufficient written description support for and/or does not enable certain limitations in claims of the '836 Patent.  For example, the '836 Patent specification fails to disclose to one skilled in the art that the inventors were in possession of "indicating that a new eartip… is needed" as required by claims 1, 9, and 14.

### THIRD AFFIRMATIVE DEFENSE

44.     Samsung has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the Patents-in-Suit.

### FOURTH AFFIRMATIVE DEFENSE

45.     Plaintiffs' claim for damages, if any, is limited by 35 U.S.C. § 286 to the extent it seeks damages accruing prior to six years before it filed the Original Complaint alleging infringement.

### FIFTH AFFIRMATIVE DEFENSE

46.     Some or all of Plaintiffs' claims are barred by one or more of the doctrines of waiver, acquiescence, laches, estoppel (including without limitation equitable estoppel and prosecution history estoppel), unclean hands, and/or unenforceability.

### SIXTH AFFIRMATIVE DEFENSE

47.     Plaintiffs are not entitled to injunctive relief against Samsung because any alleged injury to Plaintiffs as a result of Samsung's alleged activities is not immediate or

irreparable, and Plaintiffs have an adequate remedy at law.  Furthermore, the balance of hardships favors Samsung, and an injunction against Samsung would harm the public interest.

## SEVENTH AFFIRMATIVE DEFENSE

48.     Samsung has not engaged in any conduct that would make this an exceptional case or would entitle Plaintiffs to an award of attorneys' fees under 35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE

49.     Plaintiffs' claim for damages, if any, is limited by 35 U.S.C. § 287(a) due to Plaintiffs' failure to mark products embodying the Patents-in-Suit.

## NINTH AFFIRMATIVE DEFENSE

50.     Samsung has not engaged in any conduct that constitutes willful infringement or that would otherwise entitle Plaintiffs to an award of enhanced damages under 35 U.S.C. § 284.

## TENTH AFFIRMATIVE DEFENSE

51.     Plaintiffs' claim for damages, if any, is limited by 35 U.S.C. 271(g) and 35 U.S.C. 287(b).

## PRAYER FOR RELIEF

52.     WHEREFORE, Samsung prays for the following judgment and relief:

A.     That judgment be entered in its favor;

B.     That Plaintiffs take nothing by their claims and that such claims be dismissed with prejudice;

C.      That judgment be entered finding that Samsung has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents;

D.      That an order be entered enjoining Plaintiffs and their officers, agents, servants, employees, attorneys, and those in concert or participation with them from asserting infringement or instituting or continuing any action for infringement of the Patents-in-Suit against Samsung or the suppliers, manufacturers, distributors, resellers, customers, or end users of its products;

E.      That pursuant to 35 U.S.C. § 285, Plaintiffs' conduct in commencing and pursuing this action be found to render this an exceptional case and that Samsung be awarded attorneys' fees in connection with this action; and

F.      That Samsung be granted any such other and additional equitable and/or legal relief as the Court deems just and equitable.

## SAMSUNG'S COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Counterclaim-Plaintiffs") bring the counterclaims that follow regarding non-infringement, invalidity, and to address a betrayal of trust by former executives and senior attorneys whom Samsung relied upon to direct patent licensing and litigation on its behalf and with whom Samsung shared its highly sensitive confidential information and strategies regarding these issues.  These former Samsung lawyers have now switched sides and are leveraging Samsung's own confidential information and strategies against Samsung as a tool for seeking to extract undue patent licensing payments in connection with patents asserted by Techiya.  Techiya has participated in and induced this misconduct by retaining Seung-Ho Ahn's and Sungil Cho's services to act against their former employer and client Samsung, and awarding an ownership stake in the patents-in-suit to at least

Synergy in return for assistance in a scheme to extort Samsung using its own highly sensitive information and strategies.

### THE PARTIES

1.      Samsung Electronics Corporation, Ltd. ("SEC") is based in South Korea.  SEC designs and manufactures a wide variety of products, including cellular mobile devices.

2.      Samsung Electronics America, Inc. ("SEA") is a New York corporation with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

3.      On information and belief, Defendant Staton Techiya ("Techiya") is a Delaware limited liability company having a place of business at 9501 Jagged Creek Ct., Delray Beach, FL, 33446.

4.      On information and belief, Defendant Synergy IP ("Synergy") is a corporation of the Republic of Korea having a principal place of business at 5th floor, 54-1 Maeheon-ro, Seocho-gu, Seoul 06770, Republic of Korea.

5.      Seung-Ho Ahn ("Ahn") is a natural person, believed to reside in Seoul, Korea. Ahn is admitted to the California State Bar.

6.      Sungil Cho ("Cho") is a natural person, believed to reside in Seoul, Korea.  Cho is admitted to the New York State Bar.

### JURISDICTION AND VENUE

7.      This Court has exclusive subject matter jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331 and 1338(a), the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.  This Court also has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367(a) because the federal and state law claims derive from a common nucleus of operative facts and pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

8.      An actual and justiciable controversy exists between Samsung, Techiya, and Synergy.

9.     This Court has subject matter jurisdiction over this action based on a real and immediate controversy between Samsung, Techiya, and Synergy.

10.    This Court has personal jurisdiction over Techiya, Synergy, Ahn, and Cho (collectively, "Counterclaim-Defendants").  The Court has personal jurisdiction over Techiya and Synergy, *inter alia*, because Techiya and Synergy have submitted to the personal jurisdiction of this Court by filing the Complaint.  At least Ahn is subject to personal jurisdiction for the same reason because, as discussed below, Synergy is an alter ego of Ahn. The Court also has personal jurisdiction over all Counterclaim-Defendants because they have sufficient minimum contacts with the Eastern District of Texas in connection with the subject matter this dispute.  Ahn and Cho obtained access to the confidential information at issue, at least in part, in connection with their representation of and work with Samsung's United States entity that has facilities in this District, including travel to the United States and travel by Ahn to this District.  Additionally, Counterclaim-Defendants' misconduct at issue has purposefully targeted and sought to extract undue payments from business activities of Samsung conducted in this District relating to Samsung's Galaxy S smartphone products and Galaxy Bud audio products.   Counterclaim-Defendants' misconduct has also been accompanied by further acts in this District, including filing a patent infringement lawsuit against Samsung in connection with their attempts to extract undue patent licensing payments from Samsung.  The claims raised by Samsung arise out of or relate to the acts that Counterclaim-Defendants purposefully directed at and conducted in the United States and this District, including acts in furtherance of the misconduct at issue.

11.    Venue is proper in this District as to these Counterclaims pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  Techiya and Synergy have submitted to the venue of this Court by filing their Complaint here.  Techiya and Synergy reside in this District because they are entities with the capacity to sue and be sued, who are subject to personal jurisdiction in this District.  Ahn and Cho are not resident in the United States and are subject to venue in any District.  However, Counterclaim-Plaintiffs reserve the right to move to transfer venue in the underlying action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## **FACTUAL BACKGROUND**

12.     This is an action for invalidity and non-infringement of the Patents-in-Suit as set forth in the below counterclaims.

13.     This is also an action for trade secret misappropriation in violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and civil conspiracy.

14.     Defendant Ahn served as an Executive Vice President and high-ranking in-house attorney at Samsung, with responsibilities that included overseeing all patent licensing and patent litigation.  From 2010 until July 2019, Ahn served as the head of Samsung's IP Center and ████████████████████████████████████████████████████.
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████.  In connection with his role as an executive and attorney of Samsung, Ahn was privy to a wide range of highly sensitive proprietary and confidential information of Samsung relating to ████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████.

15.     Defendant Cho served as a ████████████████████████████████
████████████████████████████████████, and in-house attorney at Samsung with
████████████████████████████████████████████████████
████████████████████████.  In connection with his role as a manager and attorney of Samsung, Cho was likewise privy to a significant amount of highly sensitive proprietary and confidential

information of Samsung relating ███████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████ .

16.    The information noted above to which Ahn and Cho were privy is subject to

extensive, and at a minimum reasonable, measures to maintain secrecy.  For example, ███

██████████████████████████████████████████████████     ███████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████ .

Further, when ████████████████████████████ is produced under litigation obligations,

this is done under strict protective order provisions that protect the information in question,

including for example, by prohibiting access by Samsung's adversaries in litigation (except for

their outside litigation counsel).

17.    This information derives independent economic value, including substantial

commercial significance to Samsung, from not being generally known or ascertainable by

others. ███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████ ██████ █ ████ ████████ ██████ ██ ████████ ███████ ████ █ ███

███████ .

18.    In addition to confidentiality measures imposed by Samsung, Ahn and Cho are

subject to ethical obligations of confidentiality by virtue of having served as attorneys for

Samsung.  For example, Ahn is a member of the California State Bar.  Under the rules

governing California attorneys, Ahn is obligated to "maintain inviolate the confidence, and at

every peril to himself or herself to preserve the secrets, of his or her client."  *See* California

Business and Professions Code, Section 6068(e)(1); *see also* California Rules of Professional

Conduct, Rule 1.8.2 ("A lawyer shall not use a client's information protected by Business and

Professions Code section 6068, subdivision (e)(1) to the disadvantage of the client.").  Cho is

a member of the New York State Bar.  Under the rules governing New York attorneys, Cho

"shall not knowingly reveal confidential information, as defined in this Rule, or use such

information to the disadvantage of a client or for the advantage of the lawyer or a third person."

*See* New York Rules of Professional Conduct, Rule 1.6.  These rules apply to Ahn and Cho as

in-house lawyers to Samsung.

19.     In connection with his responsibilities at Samsung, Ahn was involved in work

on behalf of Samsung relating to ███████████████████████████

███████████████████████████████████.  As the senior lawyer

responsible for Samsung's patent licensing and litigation, █████████████████

████████████████████████████████████████

█████████████████████.  Cho was likewise involved in work on behalf of Samsung

relating to █████████████████████████████████

█████████████████████.  Both Ahn and Cho were aware of ███████████

████████████████████████████████████████

████████████████████████████.  ███████████████

████████████████████████████████████████

███████████.  The confidential information to which Ahn and Cho were privy includes

information learned in connection with these responsibilities.

20.     In 2019 after announcing his retirement from Samsung, Ahn began plotting to

build a second career in licensing patents to Samsung, including by switching sides in the patent

negotiations in which he previously represented Samsung.  Upon information and belief, Ahn

sought to attract clients by promoting his inside knowledge of Samsung's IP Center, and using Samsung's confidential and privileged information against it for his own personal gain. Ahn's preparations for this second career as a Samsung adversary began even while he was still employed by Samsung. For example, prior to leaving Samsung, on or around January 21, 2019,

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████. As another example, prior to leaving Samsung, on or around July 11, 2019, Ahn formed an IP licensing and enforcement company, GcoA Corporation.

21.     Shortly after leaving Samsung, Ahn formed Synergy to conduct his business. Synergy is an undercapitalized shell company that serves as the alter ego of Ahn for his new licensing business. Public records show Synergy's sole business is patent licensing, counseling, and prosecution and that Ahn formed, owns, and controls Synergy. Upon information and belief, including public records, Synergy is insufficiently capitalized to conduct legitimate business activities and to satisfy liabilities. In 2020, Cho left Samsung to join Ahn at Synergy.

22.     In November 2020, Samsung received a letter from Ahn at Synergy purporting to represent ███████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████. ███████ subsequently asserted patent infringement against Samsung in a currently pending litigation.

23.     ██████████████████████████████████████████████

█████████████████████████████   █████████████████████████

██████████████████████████████████████████████████. Now, again, Ahn and Cho sought to switch sides and assist Techiya against Samsung.

24.     Ahn and Cho now seek to be adverse to their former client based on an "ownership" interest from Techiya in the patents-in-suit. Upon information and belief, the value of Ahn's and Cho's knowledge of Samsung trade secrets is so material to the patent monetization activities of Techiya, that Techiya was willing to grant an ownership stake in the patents to Synergy in return for this illicit contribution—a step that Techiya apparently did not take with the other agents who previously sought to assist it in monetizing the patents. Synergy, Ahn, and Cho are now coordinating with Techiya regarding strategy for extracting patent licensing payments from Samsung, including through this lawsuit. Synergy has joined Techiya as a co-plaintiff in this case.

25.     Upon information and belief, Ahn and Cho are leveraging the confidential information of Samsung, including the information noted above, in order to pursue their goal of extracting undue patent licensing payments from Samsung. This includes, for example,

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████. For example, based on their knowledge of Samsung's own highly confidential information, Ahn and Cho are now in a position to force Samsung to negotiate against an entity that has inside information highly relevant to the negotiation. This is information that no negotiating party would ever divulge to the party with whom it is negotiating. Yet, because Ahn and Cho know this information, Techiya is in a better position to negotiate against Samsung than it otherwise would be.

26.     This conduct of Ahn and Cho noted above is being conducted, at least in part, through the shell company Synergy. Further, Techiya is participating in, enabling, and

inducing this conduct by, upon information and belief, coordinating with Synergy, Ahn, and Cho regarding the conduct in question, providing at least Synergy with an ownership stake in the Techiya patents-in-suit in return for this conduct, and involving itself in the efforts at issue to extract undue patent licensing payments from Samsung, despite knowledge of Ahn's and Cho's previous roles at Samsung and their involvement with Samsung confidential information that would accompany these roles.  Indeed, upon information and belief, it is the desire to improperly leverage Samsung's own confidential information against it that led Techiya to partner with Synergy, Ahn, and Cho and to award at least Synergy an ownership stake in the patents-in-suit.

27.     The conduct of Ahn, Cho, Synergy, and Techiya described above has harmed Samsung by having its own confidential information used against it, including for example, upon information and belief, depriving Samsung of the ability to resolve this dispute on more reasonable terms that would otherwise have been available if not for the conduct in question. This conduct has also unjustly enriched Ahn, Cho, Synergy, and Techiya, including for example, via the value of the commercial relationship that was formed, upon information and belief, on the basis of a desire to leverage Samsung's confidential information against it and through any further value obtained through such conduct.

## <u>COUNT I</u>

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,111,839)

28.     Samsung incorporates by reference the allegations in Paragraphs 1 through 27 above as though fully set forth herein.

29.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '839 Patent.

30.     Techiya and Synergy have asserted that Samsung Galaxy S20, Samsung Galaxy Buds Pro, and Samsung Galaxy Buds+ directly and/or indirectly, either literally or under the doctrine of equivalents, infringe the '839 Patent.

31.     Samsung's Galaxy S20, Samsung Galaxy Buds Pro, and Samsung Galaxy Buds+ have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the '839 Patent; it is not the case that each and every limitation of the claims of the '839 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in the Samsung Galaxy S20, Samsung Galaxy Buds Pro, and Samsung Galaxy Buds+.

32.     Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '839 Patent.

## COUNT II

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,111,839)

33.     Samsung incorporates by reference the allegations in Paragraphs 1 through 32 above as though fully set forth herein.

34.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '839 Patent.

35.     The '839 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

36.     Samsung incorporates by reference herein the allegations stated above in Paragraphs 4 through 7 of Samsung's Second Affirmative Defense regarding invalidity of the '839 Patent.

37.     Samsung is entitled to a judgment from this Court that the claims of the '839 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT III

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,254,591)

38.     Samsung incorporates by reference the allegations in Paragraphs 1 through 37 above as though fully set forth herein.

39.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '591 Patent.

40.     Techiya and Synergy have asserted that Samsung Galaxy Buds Pro directly and/or indirectly, either literally or under the doctrine of equivalents, infringes the '591 Patent.

41.     Samsung's Galaxy Buds Pro has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '591 Patent; it is not the case that each and every limitation of the claims of the '591 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in the Samsung Galaxy Buds Pro.

42.     Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '591 Patent.

## COUNT IV

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,254,591)

43.     Samsung incorporates by reference the allegations in Paragraphs 1 through 42 above as though fully set forth herein.

44.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '591 Patent.

45.     The '591 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

46. Samsung incorporates by reference herein the allegations stated above in Paragraphs 8 through 11 of Samsung's Second Affirmative Defense regarding invalidity of the '591 Patent.

47. Samsung is entitled to a judgment from this Court that the claims of the '591 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT V

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,315,400)

48. Samsung incorporates by reference the allegations in Paragraphs 1 through 47 above as though fully set forth herein.

49. As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '400 Patent.

50. Techiya and Synergy have asserted that Samsung Galaxy Buds directly and/or indirectly, either literally or under the doctrine of equivalents, infringes the '400 Patent.

51. Samsung's Galaxy Buds has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '400 Patent; it is not the case that each and every limitation of the claims of the '400 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in the Samsung Galaxy Buds.

52. Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '400 Patent.

## COUNT VI

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,315,400)

53. Samsung incorporates by reference the allegations in Paragraphs 1 through 52 above as though fully set forth herein.

54.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '400 Patent.

55.     The '400 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

56.     Samsung incorporates by reference herein the allegations stated above in Paragraphs 12 through 15 of Samsung's Second Affirmative Defense regarding invalidity of the '400 Patent.

57.     Samsung is entitled to a judgment from this Court that the claims of the '400 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT VII

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,124,982)**

58.     Samsung incorporates by reference the allegations in Paragraphs 1 through 57 above as though fully set forth herein.

59.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '982 Patent.

60.     Techiya and Synergy have asserted that Bixby-enabled Samsung Galaxy smartphones directly and/or indirectly, either literally or under the doctrine of equivalents, infringes the '982 Patent.

61.     Bixby-enabled Samsung Galaxy smartphones have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the '982 Patent; it is not the case that each and every limitation of the claims of the '982 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in the Bixby-enabled Samsung Galaxy smartphones.

62. Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '982 Patent.

## COUNT VIII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,124,982)

63. Samsung incorporates by reference the allegations in Paragraphs 1 through 62 above as though fully set forth herein.

64. As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '982 Patent.

65. The '982 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

66. Samsung incorporates by reference herein the allegations stated above in Paragraphs 16 through 19 of Samsung's Second Affirmative Defense regarding invalidity of the '982 Patent.

67. Samsung is entitled to a judgment from this Court that the claims of the '982 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT IX

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,270,244)

68. Samsung incorporates by reference the allegations in Paragraphs 1 through 67 above as though fully set forth herein.

69. As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '244 Patent.

70. Techiya and Synergy have asserted that Samsung Galaxy Buds Pro directly and/or indirectly, either literally or under the doctrine of equivalents, infringes the '244 Patent.

71.     Samsung's Galaxy Buds Pro has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '244 Patent; it is not the case that each and every limitation of the claims of the '244 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in the Galaxy Buds Pro.

72.     Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '244 Patent.

## COUNT X

### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,270,244)

73.     Samsung incorporates by reference the allegations in Paragraphs 1 through 72 above as though fully set forth herein.

74.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '244 Patent.

75.     The '244 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

76.     Samsung incorporates by reference herein the allegations stated above in Paragraphs 20 through 23 of Samsung's Second Affirmative Defense regarding invalidity of the '244 Patent.

77.     Samsung is entitled to a judgment from this Court that the claims of the '244 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT XI

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,491,542)

78.     Samsung incorporates by reference the allegations in Paragraphs 1 through 77 above as though fully set forth herein.

79.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '542 Patent.

80.     Techiya and Synergy have asserted that Samsung Galaxy Buds Pro directly and/or indirectly, either literally or under the doctrine of equivalents, infringes the '542 Patent.

81.     Samsung's Galaxy Buds Pro has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '542 Patent; it is not the case that each and every limitation of the claims of the '542 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in the Galaxy Buds Pro.

82.     Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '542 Patent.

## COUNT XII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,491,542)

83.     Samsung incorporates by reference the allegations in Paragraphs 1 through 82 above as though fully set forth herein.

84.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '542 Patent.

85.     The '542 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

86.      Samsung incorporates by reference herein the allegations stated above in Paragraphs 24 through 27 of Samsung's Second Affirmative Defense regarding invalidity of the '542 Patent.

87.     Samsung is entitled to a judgment from this Court that the claims of the '542 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT XIII

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,609,424)

88.     Samsung incorporates by reference the allegations in Paragraphs 1 through 87 above as though fully set forth herein.

89.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '424 Patent.

90.     Techiya and Synergy have asserted that Samsung Galaxy Buds 2 directly and/or indirectly, either literally or under the doctrine of equivalents, infringes the '424 Patent.

91.     Samsung's Galaxy Buds 2 has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '424 Patent; it is not the case that each and every limitation of the claims of the '424 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in the Galaxy Buds 2.

92.     Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '424 Patent.

## COUNT XIV

### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,609,424)

93.     Samsung incorporates by reference the allegations in Paragraphs 1 through 92 above as though fully set forth herein.

94.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '424 Patent.

95.     The '424 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

96.     Samsung incorporates by reference herein the allegations stated above in Paragraphs 28 through 31 of Samsung's Second Affirmative Defense regarding invalidity of the '424 Patent.

97.     Samsung is entitled to a judgment from this Court that the claims of the '424 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT XV

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,405,082)

98.     Samsung incorporates by reference the allegations in Paragraphs 1 through 97 above as though fully set forth herein.

99.     As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '082 Patent.

100.    Techiya and Synergy have asserted that Bixby-enabled Samsung Galaxy smartphones directly and/or indirectly, either literally or under the doctrine of equivalents, infringes the '082 Patent.

101.    Bixby-enabled Samsung Galaxy smartphones have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the '082 Patent; it is not the case that each and every limitation of the claims of the '082 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in Bixby-enabled Samsung Galaxy smartphones.

102.    Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '082 Patent.

## COUNT XVI

### (Declaratory Judgment of Invalidity of U.S. Patent No. 10,405,082)

103.    Samsung incorporates by reference the allegations in Paragraphs 1 through 102 above as though fully set forth herein.

104.    As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '082 Patent.

105.    The '082 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

106.    Samsung incorporates by reference herein the allegations stated above in Paragraphs 32 through 35 of Samsung's Second Affirmative Defense regarding invalidity of the '082 Patent.

107.    Samsung is entitled to a judgment from this Court that the claims of the '082 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT XVII

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,966,015)

108.    Samsung incorporates by reference the allegations in Paragraphs 1 through 107 above as though fully set forth herein.

109.    As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '015 Patent.

110.    Techiya and Synergy have asserted that Samsung Galaxy Buds, Buds+, Buds Pro, and the Bixby Platform directly and/or indirectly, either literally or under the doctrine of equivalents, infringe the '015 Patent.

111.    Samsung Galaxy Buds, Buds+, Buds Pro, and the Bixby Platform have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of

the '015 Patent; it is not the case that each and every limitation of the claims of the '015 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in Samsung Galaxy Buds, Buds+, Buds Pro, and the Bixby Platform.

112. Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '015 Patent.

## COUNT XVIII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 10,966,015)

113. Samsung incorporates by reference the allegations in Paragraphs 1 through 112 above as though fully set forth herein.

114. As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '015 Patent.

115. The '015 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

116. Samsung incorporates by reference herein the allegations stated above in Paragraphs 36 through 39 of Samsung's Second Affirmative Defense regarding invalidity of the '015 Patent.

117. Samsung is entitled to a judgment from this Court that the claims of the '015 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT XIX

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,979,836)

118. Samsung incorporates by reference the allegations in Paragraphs 1 through 117 above as though fully set forth herein.

119. As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning infringement of the '836 Patent.

120.    Techiya and Synergy have asserted that Samsung Galaxy Buds 2 directly and/or indirectly, either literally or under the doctrine of equivalents, infringes the '836 Patent.

121.    Samsung's Galaxy Buds 2 has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '836 Patent; it is not the case that each and every limitation of the claims of the '836 Patent are present directly and/or indirectly, either literally or under the doctrine of equivalents, in Galaxy Buds 2.

122.    Samsung is entitled to a judgment from this Court that it does not infringe any claim of the '836 Patent.

## COUNT XX

### (Declaratory Judgment of Invalidity of U.S. Patent No. 10,979,836)

123.    Samsung incorporates by reference the allegations in Paragraphs 1 through 122 above as though fully set forth herein.

124.    As a result of at least the allegations contained in the Complaint, an actual and justiciable controversy exists between Samsung, Techiya, and Synergy concerning the validity of the '836 Patent.

125.    The '836 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

126.    Samsung incorporates by reference herein the allegations stated above in Paragraphs 40 through 43 of Samsung's Second Affirmative Defense regarding invalidity of the '836 Patent.

127.    Samsung is entitled to a judgment from this Court that the claims of the '836 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT XXI

### (Trade Secret Misappropriation Under 18 U.S.C. §1836 *et seq.*)

128.    Samsung incorporates by reference the allegations in Paragraphs 1 through 127 above as though fully set forth herein.

129.   Samsung is the owner of valuable trade secrets relating to .   These trade secrets are related to Samsung's smartphone and audio products that are used in interstate commerce and have substantial economic value, including by allowing Samsung to develop and market these products, while negotiating patent licenses covering related technologies on commercially acceptable terms.

130.   By way of example, Samsung's Galaxy S smartphone products, Galaxy Buds audio products, and Bixby service are marketed and sold throughout the United States.

131.   Ahn and Cho gained access to Samsung's trade secrets in the course of serving as executives and in-house counsel for Samsung, including for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.  This access was gained under a duty of confidentiality, including under contractual confidentiality agreements between Samsung and Ahn and Cho and their duties of confidentiality as lawyers to their client Samsung.

132.   Ahn and Cho subsequently have, upon information and belief, begun using Samsung's trade secrets against Samsung and/or have begun disclosing the trade secrets to Techiya in connection with Synergy acquiring an ownership stake in Techiya patents being asserted against Samsung and undertaking and participating in efforts to extract undue licensing payments from Samsung under those patents.  Ahn and Cho necessarily will use their knowledge of Samsung's trade secrets given their prior positions at Samsung.  This conduct was undertaken, at least in part, via Synergy, which is the entity through which Ahn and Cho conduct their patent related activities.  At the time that Ahn, Cho, and Synergy engaged in

misuse of Samsung's trade secrets they were aware of the circumstances under which these trade secrets were obtained by Ahn and Cho and the duty of confidentiality arising from such circumstances.

133.     Upon information and belief, Techiya likewise has been using Samsung's trade secrets against Samsung by participating with and/or designating Synergy, Ahn, and Cho to engage in efforts to extract patent licensing payments from Samsung and awarding an ownership stake in the patents to Synergy in connection with such efforts.  Techiya was aware of—and was presumably motivated by its knowledge of—Ahn's and Cho's former roles at Samsung and knowledge of Samsung's trade secrets that were obtained under a duty of confidentiality in connection with those roles.

134.     Ahn, Cho, Synergy, and Techiya willfully and maliciously misappropriated Samsung's trade secrets via Ahn and Cho switching sides and deliberately seeking to use Samsung's highly sensitive information and strategies against Samsung as a tool to extract undue patent licensing payments.

135.     Samsung has taken reasonable steps to maintain the secrecy of its trade secrets, including by restricting access to this information, requiring personnel to sign confidentiality agreements, and placing this information under protective order protection when portions of it are produced in litigation.  Samsung also relied that its attorneys would maintain its confidential information.

136.     Samsung has been harmed by the trade secret misappropriation of Ahn, Cho, Synergy, and Techiya, and stands to suffer future harm as well.  Further, Ahn, Cho, Synergy, and Techiya have been unjustly enriched through their misconduct, and will be further unjustly enriched in the future.  This includes irreparable harm for which there is no adequate remedy at law.

## COUNT XXII

### (Breach of Fiduciary Duty)

137.    Samsung incorporates by reference the allegations in Paragraphs 1 through 136 above as though fully set forth herein.

138.    Ahn and Cho have a fiduciary duty to Samsung to avoid misuse and disclosure of Samsung's confidential information that was shared with them while they served as executives and in-house counsel of Samsung.  This includes serving as attorneys on behalf of Samsung Electronics America, Inc. and therefore having a fiduciary duty of confidentiality to Samsung Electronics America, Inc.

139.    In connection with their fiduciary relationship with Samsung, Ahn and Cho received access to confidential information of Samsung relating to the ███████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████.  Ahn and Cho have a fiduciary duty to avoid misuse and disclosure of this information.

140.    In breach of their fiduciary duty, Ahn and Cho subsequently have begun using Samsung's confidential information against Samsung and/or have begun disclosing the confidential information to Techiya in connection with Synergy acquiring an ownership stake in Techiya patents that were being asserted against Samsung and undertaking and participating in efforts to extract undue licensing payments from Samsung under those patents.  Ahn and Cho necessarily will use their knowledge of Samsung's trade secrets given their prior positions at Samsung.  At the time that Ahn and Cho engaged in misuse of Samsung's confidential information, they were aware of the circumstances under which this confidential information was obtained and the fiduciary duty of confidentiality arising from such circumstances.  Upon information and belief, Ahn and Cho knowingly breached their fiduciary duty to Samsung.

141.     Samsung has been harmed by the breach of fiduciary duty of Ahn and Cho, and stands to suffer future harm as well.  This includes irreparable harm for which there is no adequate remedy at law.

## COUNT XXIII

### (Aiding and Abetting Breach of Fiduciary Duty)

142.     Samsung incorporates by reference the allegations in Paragraphs 1 through 141 above as though fully set forth herein.

143.     The breach of fiduciary duty of Ahn and Cho, discussed above, was undertaken, at least in part, via Synergy, which is the entity through which Ahn and Cho conduct their patent related activities.

144.     Upon information and belief, Techiya participated in, encouraged, and induced the breach of fiduciary duty of Ahn and Cho, discussed above, by coordinating with Ahn, Cho, and Synergy to engage in efforts to extract patent licensing payments from Samsung, by leveraging Samsung's confidential information as a tool against Samsung, and by awarding an ownership stake in the patents to Synergy in connection with such efforts.  Techiya was aware of—and presumably motivated by its knowledge of—Ahn's and Cho's former roles at Samsung and knowledge of Samsung's confidential information that was obtained under a fiduciary duty of confidentiality in connection with those roles.

145.     Samsung has been harmed by the conduct of Techiya and Synergy in aiding and abetting a breach of fiduciary duty, and stands to suffer future harm as well.  This includes irreparable harm for which there is no adequate remedy at law.

## COUNT XXIV

### (Civil Conspiracy)

146.     Samsung incorporates by reference the allegations in Paragraphs 1 through 145 above as though fully set forth herein.

147.    As set forth above, Ahn and Cho engaged in a breach of fiduciary duty by using Samsung's confidential information against Samsung and/or disclosing the confidential information to Techiya in connection with Synergy acquiring an ownership stake in Techiya patents being asserted against Samsung and undertaking and participating in efforts to extract undue licensing payments from Samsung under those patents.  As set forth above, Techiya and Synergy engaged in aiding and abetting this breach of fiduciary duty, by coordinating with Ahn and Cho to engage in efforts to extract patent licensing payments from Samsung, by leveraging Samsung's confidential information as an illegitimate tool for establishing the price to demand from Samsung, and by awarding an ownership stake in the patents to at least Synergy in connection with such efforts.

148.    Upon information and belief, the conduct noted above was undertaken pursuant to an agreement between Techiya, Synergy, Ahn, and Cho.  For example, upon information and belief, Techiya reached an agreement with Synergy, Ahn, and Cho to provide Synergy an ownership stake in the Techiya patents-in-suit in return for coordinating to extract undue patent licensing payments from Samsung by leveraging Samsung's confidential information.  Upon information and belief, overt acts were taken in furtherance of this agreement, including for example, as shown by the filing of the present lawsuit to exert pressure on Samsung.  This conduct involved intentional participation by Techiya, Synergy, Ahn, and Cho in their scheme to extract undue patent licensing payments from Samsung by leveraging Samsung's confidential information.

149.    Samsung has been harmed by the conduct of Techiya, Synergy, Ahn, and Cho in conspiring to undertake the acts noted above, and stands to suffer future harm as well.  This includes irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF ON SAMSUNG'S COUNTERCLAIMS

150.    WHEREFORE, Samsung respectfully requests that the Court enter judgment on Samsung's Counterclaims as follows:

A.    That Samsung has not infringed, directly or indirectly, any claim the Patents-in-Suit

B.    That the claims of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35, United States Code, including at least §§ 101, 102, 103, and/or 112;

C.    That Samsung is the prevailing party and that this case is an exceptional case under 35 U.S.C. § 285, and awarding Samsung its costs, expenses, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law, including this Court's inherent authority;

D.    That all of Plaintiffs' claims against Samsung are dismissed with prejudice and Plaintiffs' request for damages and injunctive relief are denied;

E.    That Techiya, Synergy, Ahn, and Cho misappropriated trade secrets of Samsung under 18 U.S.C. §1836 *et seq.*;

F.    That Ahn and Cho breached their fiduciary duty to Samsung;

G.    That Techiya and Synergy aided and abetted Ahn's and Cho's breach of fiduciary duty to Samsung;

H.    That Techiya, Synergy, Ahn, and Cho engaged in a civil conspiracy regarding Ahn's and Cho's breach of fiduciary duty to Samsung;

I.    Awarding to Samsung of compensatory damages from Techiya, Synergy, Ahn, and Cho, in an amount to be determined at trial;

J.    Awarding to Samsung of disgorgement of the unjust enrichment of Techiya, Synergy, Ahn, and Cho, in an amount to be determined at trial;

K.      Awarding to Samsung punitive damages, in an amount to be determined at trial, including pursuant to 18 U.S.C. §1836 *et seq.*;

L.      Enjoining Techiya, Synergy, Ahn, and Cho from further misappropriation of Samsung's trade secrets and conduct regarding breach of Ahn's and Cho's fiduciary duty; and

M.      For any such other and further equitable and/or legal relief as the Court deems just and equitable.

DATED:  February 10, 2022

Respectfully submitted,
KIRKLAND & ELLIS LLP

*/s/Melissa R. Smith*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  melissa@gillamsmithlaw.com

Gregory S. Arovas (*pro hac vice*)
Todd M. Friedman (*pro hac vice*)
Alex R. Henriques (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: todd.friedman@kirkland.com
Email: alex.henriques@kirkland.com

David Rokach (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.rokach@kirkland.com

*Attorneys for Defendants Samsung
Electronics Co., Ltd. and Samsung
Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I certify that a motion to seal this document is being filed contemporaneously pursuant to Local Rules CV-5(a)(7) and CV-7(k).

*/s/ Melissa R. Smith*
Melissa R. Smith