**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

STATON TECHIYA, LLC AND SYNERGY
IP CORPORATION,

      Plaintiffs,

      v.

SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG ELECTRONICS AMERICA,
INC.

      Defendants.

CIVIL ACTION NO. 2:21-CV-00413-
JRG-RSP (LEAD CASE)

CIVIL ACTION NO. 2:22-CV-00053-
JRG-RSP (MEMBER CASE)

**MOTION TO COMPEL IN-PERSON DEPOSITIONS RELATING TO**
**COUNTERCLAIM DEFENDANTS' MOTION**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Samsung respectfully moves the Court to compel in-person depositions of counterclaim-defendants Seung-ho Ahn and Sungil Cho in connection with Samsung's opposition to Ahn's and Cho's motion to dismiss the counterclaims for lack of personal jurisdiction. Samsung's counterclaims relate to conduct by Ahn and Cho—former executives and senior attorneys of Samsung who have switched sides and are now pursuing patent assertions against Samsung—involving misappropriation of Samsung's trade secrets and breach of fiduciary duty. In order to develop the factual record for its opposition to the motion to dismiss these counterclaims, Samsung has requested to take the depositions of Ahn and Cho in order to explore their contacts and connections with this forum and with the United States. The parties have agreed that these depositions will proceed and have agreed upon dates (June 23 and 24).[1] But Ahn and Cho have

---

[1] In order facilitate timely consideration of this motion by the Court, the parties have agreed that Ahn and Cho will file their opposition on June 16.

refused Samsung's request to conduct the depositions in person at the location where Ahn and Cho reside. Rather, Ahn and Cho insist upon being deposed via videoconference. Because there is no legitimate basis for restricting discovery in this way, Ahn and Cho should be compelled to testify in-person.

The Federal Rules provide that the "parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). Neither of those conditions has been met here. Samsung has not stipulated to permit a remote deposition, nor have Ahn or Cho moved the Court for leave to testify remotely. There is thus no basis for Ahn and Cho to insist upon testifying remotely.

To accommodate any concerns the witness may have, Samsung has offered to conduct in-person depositions in Seoul, Korea, where Ahn and Cho reside and to otherwise reasonably accommodate their schedules, as needed. This avoids imposing any burden upon Ahn and Cho in connection with providing in-person testimony and eliminates any legitimate basis for insisting upon remote testimony. Rather, remote testimony will complicate the depositions, including due to any technical issues that may arise with audio quality, connectivity, or exhibits.

During the parties' discussions, counsel for Ahn and Cho stated that it would be inconvenient and perhaps too burdensome for Ahn's and Cho's counsel to travel to Korea (where Ahn and Cho are located) for in-person depositions. That ignores the fact that Ahn's and Cho's counsel can, of course, attend the depositions via videoconference if they prefer to do so.[2] Moreover, if Ahn's and Cho's counsel would rather attend the deposition in-person, Ahn and Cho are represented by two law firms, which presumably have ample resources to attend in-person

---

[2] Samsung has also stated that it has no objection to Ahn's and Cho's counsel attending the depositions both in-person and remotely, to the extent travel is inconvenient for particular attorneys who wish to participate.

depositions in the forum where their clients are located.  And if Ahn's and Cho's counsel believe they must attend in person, and the lawyers at their firms are unable to attend in person on June 23rd and June 24th, Samsung has offered to reschedule the depositions for a date that is mutually agreeable.  Simply put, there are no compelling reasons to require Samsung to take these depositions via videoconference.

Having filed a motion to dismiss due to lack of personal jurisdiction, Ahn and Cho should not be permitted to complicate the discovery needed by Samsung in order to fully develop its response.  Accordingly, Samsung respectfully requests an order compelling in-person depositions of Ahn and Cho.

DATED: June 14, 2022

Respectfully submitted,

/s/ Melissa R. Smith
Melissa R. Smith
State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

Gregory S. Arovas, P.C.
greg.arovas@kirkland.com
Todd M. Friedman, P.C.
todd.friedman@kirkland.com
Alex Henriques
alex.henriques@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

David Rokach (pro hac vice)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.rokach@kirkland.com

**Attorney for Defendants
Samsung Electronics Company, Ltd., and
Samsung Electronics America, Inc.**

**CERTIFICATE OF SERVICE**

I certify that on June 14, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Melissa R. Smith*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and made a good-faith effort to resolve the matter presented herein.  Counsel for Seung-ho Ahn and Sungil Cho stated that they oppose the relief sought in this motion and will not permit in-person depositions.

*/s/ Melissa R. Smith*