# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORPORATION, § § § *Plaintiffs*, § § v. § § SAMSUNG ELECTRONICS CO., LTD. § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | Case No. 2:21-cv-00413-JRG-RSP (Lead) |

## MEMORANDUM ORDER

Before the Court defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. move to stay proceedings pending *inter partes* review. Dkt. No. 17. For the following reasons, the motion is **DENIED**.

### I.   Background

On November 5, 2021, Plaintiffs Staton Techiya, LLC and Synergy IP Corporation filed suit against Samsung alleging infringement of ten patents ("Group #1 Asserted Patents"). Dkt. No. 1 ¶ 7-17. Between December 2021 and January 2022, Samsung filed *inter partes* review ("IPR") petitions against each of the Group #1 Asserted Patents, and on January 18, 2022, filed the instant motion. Dkt. No. 17. In a related case, Plaintiffs filed suit against Samsung alleging infringement of four more patents ("Group # 2 Asserted Patents"). Case No. 2:22-cv-00053-JRG-RSP, Dkt. No. 1 ¶ 7-11. On March 28, 2022, the Plaintiffs and Samsung moved jointly to consolidate Case No. 2:21-cv-00413 with Case No. 2:22-cv-00053 for all purposes, including pre-trial and trial, which the Court granted. Dkt. Nos. 39, 47. On June 17, 2022, Samsung notified the Court of having filed IPR petitions against each of the Group #2 Asserted Patents. Dkt. No. 82. On June 20, 2022,

1

Samsung notified the Court that the Patent Trial and Appeal Board ("PTAB") instituted IPR on two patents from the Group #1 Asserted Patents, Dkt. No. 83. And on June 24, 2022, Samsung notified the Court that the PTAB instituted IPR on another patent from the Group #1 Asserted Patents.

## II.     Law

"The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-390-RWS-RSP, 2019 WL 3826051, at *1 (E.D. Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, No. 6:16-CV-86-RWS-JDL, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)); *accord Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). "The decision of whether to extend a stay falls solely within the court's inherent power to control its docket." *Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 626 (E.D. Tex. 2017) (citing *ThinkOptics, Inc. v. Nintendo*, No. 6:11-CV-455-LED, 2014 WL 4477400, at *1 (E.D. Tex. Feb. 27, 2014)); *accord Clinton v. Jones*, 520 U.S. 681, 706 (1997). ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*, 299 U.S. at 254).

District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): "(1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation." *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (collecting cases). "The most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes*

review proceeding will result in simplification of the issues before the Court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015).

### III.   Analysis

"Whether the patentee will be *unduly prejudiced* by a stay in the district court proceedings . . . focuses on the patentee's need for an expeditious resolution of its claim." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014) (emphasis in original). Samsung first argues that a stay will not injure Plaintiffs because the Plaintiffs waited some variable amount of time between the issuance of the Asserted Patents and filing suit. Samsung does not provide any case law to support this argument. Next, Samsung argues that the Plaintiffs' business operations are limited to maintaining and asserting patents, such that the parties are not competitors. Plaintiffs do not provide any persuasive argument that its business, reputation, or the like will be injured in a manner that monetary relief is insufficient.

The Plaintiffs express concern that the stay will delay their interest in timely enforcement of patent rights and that the stay could be extended beyond the initial PTAB decision. This concern is "present in every case in which a patentee resists a stay, and is therefore not sufficient, standing alone, to defeat a motion to stay." *NFC Tech*, 2015 WL 1069111, at *2; see also *Trover Grp.*, 2015 WL 1069179, at *2 (collecting cases); *VirtualAgility*, 759 F.3d at 1319 ("A stay . . . only delays realization of [monetary] damages and delays any potential injunctive remedy"). Further, the Court will not necessarily extend the stay for an appeal, if the PTAB denies relief as to certain asserted claims. The Court will decide whether to extend the stay for an appeal at the appropriate time. Accordingly, this factor is neutral.

When the motion was initially filed, the suit was in its infancy and the PTAB had yet to institute IPR on any of the patents in either suit. If considered from that point in time, the stage of

the proceedings factor would favor stay, but without knowing whether or which of the patents in either suit may be subject to IPR institution the issue simplification factor weighs against a stay. Considering the weight afforded the latter factor, a stay is not appropriate. If we consider these factors after Samsung notified the Court that IPR has been instituted against three of the fourteen patents in suit, the result is no different. Again, considering the weight afforded the issue simplification factor, the decisions to institute IPR on just three of fourteen patents in suit does not offer a sufficient simplification of the issues nor does it have the effect of reducing the burden of litigation. Accordingly, a stay is not appropriate.

## IV.   CONCLUSION

For the reasons discussed above, Samsung's motion to stay proceedings pending *inter partes review*, Dkt. No. 17, is **DENIED**.

**SIGNED this 6th day of September, 2022.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE