IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC AND SYNERGY IP CORPORATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>*Defendants*. | §§§§§§§§§§§§§§<br><br>CASE NO. 2:21-CV-00413-JRG-RSP<br>(LEAD CASE) |

## **MEMORANDUM ORDER**

Before the Court, defendants and counterclaim plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") move to disqualify counterclaim defendants Seung-Ho Ahn and Sungil Cho from participating in certain aspects of the instant suit. **Dkt. No. 128**. The motion was fully briefed, and oral arguments were held on November 10, 2022.

When considering motions to disqualify, this Court considers its local rule AT-2, which adopts the Texas Disciplinary Rules, as well as the ABA Model Rules of Professional Conduct, because courts also consider national guidelines to the profession. See, *e.g.*, *In re ProEducation Int'l, Inc.*, 587 F.3d 296, 299 (5th Cir. 2009). In relevant part, Texas Disciplinary Rule 1.09 states "(a) Without prior consent, a lawyer who personally has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client … (3) if it is the same or a substantially related matter." Similarly, ABA Model Rules of Professional Conduct Rule 1.9(a) reads "A lawyer who has formerly represented a client in a matter shall not

1

thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." In light of these rules, the Court must determine whether a "substantial relationship" exists between Ahn's and Cho's former employment with Samsung as inhouse counsel and the instant suit. Also at issue is whether Samsung consented or otherwise waived the duties and obligations Ahn and Cho owe Samsung as former counsel.

First, the Court finds a substantial relationship exists between Ahn's and Cho's former employment with Samsung and the instant suit. Ahn worked for Samsung as inhouse intellectual property counsel since 2002 culminating in the position of Head of Samsung's global IP Center responsible for legal issues surrounding Samsung's worldwide intellectual property programs including development of patent rights, licensing strategies, and patent litigation oversight.[1] By virtue of this position, Ahn was privy to Samsung's IP strategy regarding Bixby, a virtual assistant application. Similarly, Cho is a former Samsung inhouse intellectual property counsel also privy to Samsung's IP strategy for Bixby. In the opposition briefs and at oral arguments, Ahn and Cho failed to meaningfully rebut the presumption of access to confidential information implied by their employment.

In July 2019, Ahn left Samsung, formed Synergy IP Corporation, and was joined by Cho in 2020. Synergy has no non-clerical employees other than Ahn and Cho. Synergy then contracted with Staton Techiya, LLC, to obtain rights in the patents in suit. In November of 2020, Ahn and Cho, acting as owners of Synergy, sought to negotiate a license with Samsung.

---

[1] In order to do justice to Dr. Ahn's relationship with Samsung it is worth noting that he began his employment as an engineer with Samsung in 1990 upon receiving his Ph.D. From 1997 to 2000, he attended Santa Clara law school while in Samsung's employ. He then entered private practice for two years before returning to Samsung as a lawyer in 2002.

Samsung declined, and subsequently Synergy and Staton Techiya filed suit against Samsung alleging that certain Bixby-enabled smartphones and earphones infringe one of more of the asserted patents. Dkt. No. 1 ¶¶ 26-44.

In evaluating the relationship between the former and current legal matters, "the Fifth Circuit noted that the subject matter 'does not need to be 'relevant' in the evidentiary sense to be 'substantially related.' It need only be akin to the present action in a way reasonable persons would understand as important to the issues involved.'" *In re Riles*, 243 F.3d 553 (Fed. Cir. 2000) (quoting *In re Am. Airlines, Inc.*, 972 F.2d 605, 623 (5th Cir. 1992) (quoting *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1341, 1346 (5th Cir. 1981)). The Court finds that reasonable persons would understand that Ahn's and Cho's former employment at Samsung, and knowledge of the IP strategy related to Bixby obtained from that employment, is important to the instant suit alleging patent infringement by Bixby-enabled products. Indeed, even without the link provided by Bixby, the broad ranging and long lasting responsibility of Ahn and Cho for Samsumg's IP litigation and licensing practices, still very recent, would go a long way toward establishing the substantial relationship. Accordingly, Ahn's and Cho's former employment at Samsung is substantially related to the instant suit.

Second, the Court finds that Samsung has not consented or otherwise waived the duties and obligations Ahn and Cho owe Samsung as former counsel. Both Texas Disciplinary Rule 1.09 and ABA Model Rule of Professional Conduct 1.9(a) require written consent. Here, Samsung never provided such. The nondisclosure agreement entered into between Synergy and Samsung during the pre-suit license negotiations does not even mention Ahn and Cho, let alone waive a conflict of interest by them. Nothing in that NDA can reasonably be understood as a waiver or a consent.

Ahn and Cho argue that Samsung's delay in seeking disqualification constitutes a waiver because Samsung had knowledge of any substantial relationship between Ahn's and Cho's employment and the instant suit as soon as suit was filed. However, the Court finds that express written consent as required under the rules implies that waiver is also a high bar not satisfied by these facts.  The Court finds that the declaratory judgment action in the Northern District of California did not present a reasonable avenue to seek disqualification in this action, which was not filed until much later.  Indeed, the fact that Ahn and Cho conceded that a conflict existed in the Blaze matter weighs against their argument that no similar conflict exists here.  Furthermore, it was not unreasonable for Samsung to wait until July of this year to demand that Ahn and Cho remove themselves from the handling of the patent infringement litigation.  The counterclaim, filed just 3 months after the complaint in this action, provided all of the details underlying Samsung's asserted conflict.  Samsung did not lay behind the log waiting for some procedural advantage.  The Court finds credible the explanation that Samsung was attempting to discover the role in this litigation that Ahn and Cho were performing.

Accordingly, the Court **GRANTS** Samsung's motion for disqualification, **Dkt. No. 128**, and **ORDERS** that Dr. Ahn and Mr. Cho be screened from communication with outside counsel, Synergy IP Corporation, Staton Techiya LLC, and any witness, consultants, advisors, and funders in the instant action regarding the merits, strategy, and discovery related to liability, damages, and defenses for plaintiffs' patent infringement claims against Samsung.

For the sake of clarity, Dr. Ahn and Mr. Cho will not be screened from communications with outside counsel, Synergy IP Corporation, Staton Techiya LLC, and any witness, consultants, advisors, and funders regarding (i) Samsung's non-patent counterclaims, (ii) discovery propounded to Synergy, Seung-Ho Ahn, or Sungil Cho by Samsung, and (iii) orders

4

from the Court (including actions needed to comply with orders from the Court). Further, Dr. Ahn and Mr. Cho must seek leave of the Court before engaging in any communications with Synergy IP Corporation, Staton Techiya LLC, and its representatives regarding the terms of any agreement with Samsung concerning resolution of Plaintiffs' patent infringement claims. The intent of this final requirement is to restrict Dr. Ahn and Mr. Cho from guiding the negotiations with Samsung, while recognizing that once terms are established there will need to be consideration and approval of those terms by the owners of Synergy IP.

**SIGNED this 16th day of November, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE