IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORPORATION,<br><br>   Plaintiffs,<br><br>   v.<br><br>SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>   Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case Nos. 2:21-CV-00413-JRG-RSP;<br>2:22-cv-00053-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>████████████████████<br>██████████ |

**COUNTERCLAIM DEFENDANTS' MOTION TO COMPEL
MATERIALS WITHHELD AS PRIVILEGED**

## I.      INTRODUCTION

Counterclaim Defendants Seung-ho Ahn, Sungil Cho, Staton Techiya, LLC ("Techiya"), and Synergy IP Corporation ("Synergy") request that the Court order Counterclaim Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") to produce (1) all privileged materials to which Ahn and Cho were privy related to any allegedly misappropriated confidential information; and (2) all privileged materials that relate to matters on which Ahn and Cho represented Samsung that are allegedly substantially related to the matters at issue in this case, including all materials listed on Samsung's privilege log.

## II.     FACTUAL BACKGROUND

In these consolidated cases, Samsung has sued its former in-house attorneys, Ahn and Cho, for trade secret misappropriation and breach of fiduciary duty. ECF 94, ¶¶ 134-148. Samsung's Counterclaims essentially come in two flavors: (1) trade-secret misappropriation and breach of fiduciary duty premised on the alleged misuse of confidential information Ahn and Cho learned while working as attorneys for Samsung; and (2) breach of fiduciary duty for involvement in matters alleged to be substantially related to matters that they previously represented Samsung on.

With respect to counterclaims premised on the misuse of confidential information, Samsung contends that Ahn and Cho obtained the allegedly misappropriated information while acting as attorneys for Samsung. *See* Ex. A at 1-3.[1] Samsung also asserts that Ahn learned allegedly confidential and trade secret information ███████████████████████████████████ █████████████████████████. *Id.* at 1-2, 5. Samsung contends that the allegedly

---

[1] Exhibit A is a compilation of excerpts from Samsung's Amended Second Supplemental Objections and Responses to Plaintiffs' and Counterclaim Defendants' First Set of Interrogatories. Because of the five-page limit on exhibits to discovery motions, material surrounding the cited portions has been omitted. Counterclaim Defendants will submit the full versions of Samsung's interrogatory responses if requested by the Court.

misappropriated information includes information related to ██████████████████████
████████████████████████████████████████████████. *Id.* at 1-2.

With respect to the remainder of the fiduciary-duty counterclaim, Samsung contends that

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ *Id.* at 4. Samsung

relies on privileged materials in support. *See id.* at 4-5. For example, Samsung contends that, while

at Samsung, ██████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████  █████████████████████████████. *Id.* at 4. Samsung

contends that ████████████████████████████

████████████████████████████████. *Id.* It also contends that ███

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████  ██████████████████████████████

*Id.* Samsung's interrogatory response further ██████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████. *Id.* at 5. Exhibit 6 to Samsung's Motion

for Disqualification is Samsung's privilege log. Dkt. 128-7.

## III.   APPLICABLE LAW

"Rule 501 of the Federal Rules of Evidence governs a privilege claim in federal court."

*Guzman v. Mem'l Hermann Hosp. Sys.*, Case No. H-07-3973, 2009 U.S. Dist. LEXIS 13336, at \*7

(S.D. Tex. Feb. 20, 2009). "Under that rule, the federal common law of privilege generally applies to cases in federal court." *Id.*; *see also United States ex rel. Grubbs v. Kanneganti*, Case No. 1:05-cv-323, 2012 U.S. Dist. LEXIS 206487, at *23 (E.D. Tex. Mar. 12, 2012). But when, as here, "state-law claims are present in a federal-question case under the federal court's supplemental jurisdiction, . . . 'it is not immediately clear what law should apply.'" *Guzman*, 2009 U.S. Dist. LEXIS 13336, at *8 (citing *Garza v. Scott & White Mem. Hosp.*, 234 F.R.D. 617, 625 (W.D. Tex. 2005)). Courts generally apply federal law when the evidence is relevant to both the federal and state law claims, "especially if federal law makes the evidence admissible and state law prevents admission." *Id.* at *12 (collecting cases); *see also* 3 Weinstein's Federal Evidence § 501.02 (2022) ("The usual solution by the courts has been a preference for federal privilege law when it conflicts with state privilege law. There is also a preference for the federal privilege law when it would result in admission of the evidence in question."). The evidence at issue here is relevant to both Samsung's federal trade-secret claim and its state fiduciary-duty claims, as Samsung's claims largely overlap. The Court should thus apply federal privilege law.

Under federal law, "[t]he generally accepted view is that when there is an alleged breach of duty by the attorney to the client, the attorney is permitted to disclose otherwise privileged communications to the extent reasonably necessary to defend against the charge."[2] 3 Weinstein's Federal Evidence § 503.33 (2022). The Fifth Circuit has adopted this exception to the attorney-client privilege. *See Willy v. Admin. Review Bd.*, 423 F.3d 483, 496 (5th Cir. 2005) (reversing determination that the breach-of-duty exception did not apply and citing Supreme Court Standard

---

[2] Supreme Court Standard 503(d) states that no privilege exists "as to a communication relevant to an issue of breach of duty by the lawyer to his client or by the client to the lawyer." Although not enacted, Supreme Court Standard 503 is often cited by courts as support for the contours of the attorney-client privilege. *See, e.g.*, *United States v. Moscony*, 927 F.2d 742, 752 (3d Cir. 1991).

503(d)); *United States v. Ballard*, 779 F.2d 287, 291 (5th Cir. 1986) ("A lawyer may reveal otherwise privileged communications from his clients . . . to defend himself against charges of improper conduct, without violating the ethical rules or the attorney-client privilege.").

In addition, the Fifth Circuit has held that "[t]he attorney-client privilege was 'intended as a shield, not a sword.'" *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989). "When confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege." *Id.* (citing *United States v. Mierzwicki*, 500 F. Supp. 1331, 1335 (D. Md. 1980)). "[A] client waives the privilege by affirmatively relying on attorney-client communications to support an element of a legal claim or defense—thereby putting those communications 'at issue in the case.'" *In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018).[3] "'In other words, when a party entitled to claim the attorney-client privilege uses confidential information against his adversary (the sword), he implicitly waives its use protectively (the shield) under that privilege.'" *Id.* (quoting *Willy*, 423 F.3d at 497).

To the extent Samsung asserts that state law rather than federal law governs its privilege claims, Texas law[4] is in accord with federal law. In Texas, the attorney-client privilege does not apply "[i]f the communication is relevant to an issue of breach of duty by a lawyer to the client."[5] Tex. R. Evid. 503(d)(3). And the Texas Supreme Court has held that a party waives the privilege through offensive use when: (1) the party asserting the privilege seeks affirmative relief; (2) the

---

[3] Although *Itron* was decided under Mississippi law, the Fifth Circuit later applied it in a case decided under federal law. *In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 306 (5th Cir. 2020).

[4] As explained in Counterclaim Defendants' Reply in Support of Motion to Dismiss, if any State's law applies, it is the law of Texas. *See* ECF 127 at 5-7.

[5] California and New York law, which Samsung has argued apply to its breach of fiduciary duty claims, are similar. Cal. Evid. Code § 958; *Buxton v. Ruden*, 12 A.D.3d 475, 477 (N.Y. App. Div. 2004); *Glines v. Estate of Baird*, 16 A.D.2d 743, 743 (N.Y. App. Div. 1962) ("[T]he rule as to privileged communications does not apply when litigation arises between an attorney and client to the extent that their communications are relevant to the issue.").

privileged information is "such that, if believed by the fact finder, in all probability it would be outcome determinative of the cause of action asserted"; and (3) "disclosure of the confidential communication [is] the only means by which the aggrieved party may obtain the evidence."[6] *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993).

## IV.    ARGUMENT

### A. The Court Should Compel Samsung to Produce Privileged Materials Related to Any Allegedly Misappropriated Information.

The Court should compel Samsung to produce all privileged materials to which Ahn and Cho were privy related to any allegedly misappropriated confidential information because such materials relate to an alleged breach of duty of Ahn and Cho. A party waives privilege by suing its attorneys for breach of a duty. *See Willy*, 423 F.3d at 496 (quoting Supreme Court Standard 503(d)(3)). Samsung contends that Ahn and Cho have a duty of confidentiality arising out of their role as attorneys for Samsung and that they received the purportedly misappropriated information via their duties as lawyers for Samsung. Privileged documents and communications relating to the allegedly misappropriated information, including documents and communications that illustrate the contours of the allegedly misappropriated information and the circumstances under which Ahn and Cho learned of that information, are relevant to Samsung's counterclaims. Indeed, Samsung is withholding such documents as privileged. ███████████████████████████

---

[6] California and New York law are similar. *Pac. W. Bank. v. AIG Specialty Ins. Co.*, Case No. 2:20-cv-11085-DMG-PDx, 2022 U.S. Dist. LEXIS 154243, at *17 (C.D. Cal. July 27, 2022) ("When a party has placed in issue a privileged communication that 'goes to the heart of the claim in controversy,' fundamental fairness may require disclosure of that communication."); *GE v. APR Energy PLC*, Case No. 18-cv-3472 (VM) (KNF), 2020 U.S. Dist. LEXIS 75658, at *22 (S.D.N.Y. Apr. 29, 2020) ("'At issue' waiver of privilege occurs where a party affirmatively places the subject matter of its own privileged communication at issue in litigation, so that invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege, and application of the privilege would deprive the adversary of vital information.").

██ ████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████. *See* Dkt. 128-7, entries 1-5, 7-9, 11-24, 27-34, 36-49. Samsung

cannot allege that Ahn and Cho misappropriated information they learned within the confines of

the attorney-client privilege yet refuse to disclose evidence of such information.

Alternatively, the Court should compel Samsung to produce all privileged materials to

which Ahn and Cho were privy related to any allegedly misappropriated confidential information

because Samsung has waived privilege under the offensive-use exception. "[A] client waives the

privilege by affirmatively relying on attorney-client communications to support an element of a

legal claim or defense—thereby putting those communications 'at issue in the case.'" *Itron*, 883

F.3d at 558. As explained above, Samsung claims that Ahn and Cho have misappropriated

confidential information they learned in the course of acting as attorneys for Samsung and ███

████████████████████████████████████ ███████████████

Samsung is thus explicitly relying on privileged communications in support of its claims. Samsung

cannot rely on privileged materials yet refuse to disclose them.

### B. The Court Should Compel Samsung to Produce Privileged Materials Related to Ahn and Cho's Representation of Samsung.

The Court should also compel Samsung to produce all privileged materials that relate to

matters on which Ahn and Cho represented Samsung that are allegedly substantially related to the

matters at issue in this case, including all materials listed on Samsung's privilege log, because such

materials are relevant to an alleged breach of duty by Ahn and Cho. Samsung contends that Ahn

and Cho breached a duty they owed to Samsung as former attorneys for Samsung by participating

in matters that are substantially related to matters they handled at Samsung. *See, e.g.*, Ex. A at 4-

5. Privileged materials related to these allegedly substantially related matters are relevant because they will show the scope of Ahn and Cho's alleged representation of Samsung. ███████

████████████████████████████████████████████████████████████████

████████████████████████████████  *See id.*

Alternatively, the Court should compel Samsung to produce all materials withheld as privileged that relate to matters on which Ahn and Cho represented Samsung that are allegedly substantially related to the matters at issue in this case, including all materials listed on Samsung's privilege log, because Samsung has waived privilege under the offensive use exception. ██████

████████████████████████████████████████████████████████████████

████████████████████████████████████  *See* Ex. A at 4-5. These materials are crucial to determining the scope of Ahn and Cho's representation of Samsung—indeed, it is unclear how Samsung could demonstrate what matters Ahn and Cho represented Samsung on without relying on privileged materials. The Court should not permit Samsung to rely on privileged communications yet shield those documents from discovery.

## V.      CONCLUSION

For the foregoing reasons, the Court should enter an order (1) compelling Samsung to produce all privileged materials to which Ahn and Cho were privy related to any allegedly misappropriated confidential information; and (2) compelling Samsung to produce all privileged materials that relate to matters on which Ahn and Cho represented Samsung that are allegedly substantially related to the matters at issue in this case, including all materials listed on Samsung's privilege log.

Dated: November 23, 2022

Respectfully submitted,

*/s/ Christopher G. Granaghan*
**BRENT N. BUMGARDNER**
STATE BAR NO. 00795272
brent@nelbum.com
**CHRISTOPHER G. GRANAGHAN**
STATE BAR NO. 24078585
chris@nelbum.com
**ROBERT A. DELAFIELD II**
STATE BAR NO. 24065137
bobby@nelbum.com
Nelson Bumgardner Conroy, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111

**JUSTIN B. KIMBLE**
STATE BAR NO. 24036909
justin@nelbum.com
Nelson Bumgardner Conroy, P.C.
2727 N. Harwood Street, Suite 250
Dallas, Texas 75201
Telephone: (214) 446-4950

**BRADFORD A. CANGRO**
(admitted in TXED)
D.C. Bar No. 495996
bradford.cangro@pvuslaw.com
**ROBERT J. GAYBRICK**
(admitted pro hac vice)
D.C. Bar No. 954925
robert.gaybrick@pvuslaw.com
**ROGER D. TAYLOR**
(admitted in TXED)
Georgia Bar No. 342927
roger.taylor@pvuslaw.com
**JACOB A. SNODGRASS**
(admitted in TXED)
D.C. Bar No. 982661
jacob.snodgrass@pvuslaw.com
**GHEE J. LEE**
(admitted in TXED)
D.C. Bar No. 1019706)
ghee.lee@pvuslaw.com
PV LAW LLP

8

5335 Wisconsin Avenue, N.W., Suite 440
Washington, D.C. 20015
T: (202) 371 – 6861
F: (202) 888 - 3163

**JENNIFER L. TRUELOVE**
State Bar No. 24012906
jtruelove@mckoolsmith.com
**SAMUEL FRANKLIN BAXTER**
State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, Texas 75670
T: (903) 923 - 9000
F: (903) 923 - 9099

**COUNSEL FOR PLAINTIFFS
STATON TECHIYA, LLC and
SYNERGY IP CORPORATION and
COUNTERCLAIM DEFENDANTS
SUNGIL CHO AND SEUNG-HO AHN**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been

delivered via email to all counsel of record on this the 23rd day of November, 2022.

*/s/ Christopher G. Granaghan*
Christopher G. Granaghan

**CERTIFICATE OF AUTHORIZATION**

I hereby certify that under local rule CV-5(a)(7), the foregoing document is filed under seal

pursuant to the Court's Protective Order entered in this matter.

*/s/ Christopher G. Granaghan*
Christopher G. Granaghan

10

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Counterclaim Defendants have complied with the meet and confer requirement in Local Rule CV-7(h) and that the accompanying motion is opposed. I further certify that lead and local counsel for Counterclaim Defendants and Samsung conducted a teleconference on October 21, 2022 in an attempt to reach an agreement regarding Samsung's waiver of the attorney-client privilege. During the meet and confer, Samsung stated that it did not agree that it had waived the attorney-client privilege. After the meet and confer, counsel for Samsung contacted counsel for Counterclaim Defendants and stated it intended to clarify Samsung's interrogatory responses in a way that may resolve the parties' dispute. On October 31, 2022, Samsung served its amended interrogatory responses. Those responses do not affect any of the positions herein. Thus, the parties are at an impasse and requires the Court's assistance.

*/s/ Bradford A. Cangro*

*/s/ Jennifer L. Truelove*