IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORPORATION, <br><br> *Plaintiffs*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Case No. 2:21-cv-00413-JRG-RSP (Lead) |

## REPORT AND RECOMMENDATION

Before the Court, counterclaim defendants Staton Techiya, LLC, Synergy IP Corporation, Dr. Seung-Ho Ahn and Sungil Cho move to dismiss defendant Samsung's[1] counterclaim action under the doctrine of *forum non conveniens* or in the alternative for failure to state a claim upon which relief may be granted. Dkt. No. 109.[2] For the following reasons, the motion should be **DENIED**.

The relevant pleadings allege that Ahn and Cho are former senior Samsung patent attorneys, educated and licensed to practice in the United States, who together spent decades working for Samsung's in house IP legal department. Dkt. No. 100 ¶ 5-6, 14-15. From 2010 until December 2018, Ahn served as the head of Samsung's IP Center, in charge of all matters relating to patent licensing and litigation and directly supervising the heads of Samsung's patent licensing teams, patent litigation teams, and patent strategy team. Id. ¶ 14. Cho served as a leader of

---

[1] Samsung Electronics Co., Ltd's ("SEC") and Samsung Electronics America, Inc.'s, ("SEA") (collectively "Samsung").

[2] The instant motion is a reurging of the motions at Dkt. Nos. 53 and 69. See also Dkt. No. 91 (stipulation to withdraw personal jurisdiction challenge). Accordingly, the counterclaim defendants' motions at **Dkt. Nos. 53 and 69** are hereby **DENIED AS MOOT**.

1

Samsung's patent and technology analysis group for standards patents and a member of the licensing team with responsibilities that included overseeing and participating in numerous patent licensing and litigation matters. Id. ¶ 15. In those roles, Ahn and Cho were at least privy to, and in some instances knowledgeable of or involved in the creation of, confidential information regarding the specific products accused of infringement in the instant suit and in the pre-suit attempts by third party patentees to license the patents asserted in the instant suit. *Id.* ¶¶ 14-15, 19. Ahn's and Cho's work at Samsung also included providing legal advice and representation to SEA, which markets and distributes Samsung products in the United States. *Id.* ¶¶ 2, 10, 77, 84.

In 2019, Ahn left Samsung to form plaintiff Synergy IP Corporation, whose sole business is patent licensing and enforcement. Id. ¶22. Cho left Samsung to join Synergy shortly thereafter. Id. Through Synergy, Ahn and Cho acquired an exclusive license to the patents in suit from co-plaintiff Staton Techiya, LLC. After some attempts to negotiate a license, Synergy and Techiya filed the instant suit against Samsung. Dkt. No. 1. In response to Ahn's and Cho's involvement, Samsung filed a counterclaim alleging a breach of fiduciary duty, among others. Dkt. No. 100.

In the instant motion, counterclaim defendants move to dismiss the counterclaims under the doctrine of *forum non conveniens* or in the alternative under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

**I.      Forum Non Conveniens**

A court may dismiss a case "when an alternative forum has jurisdiction to hear [the] case, and … trial in the chosen forum would establish … oppressiveness and vexation to a defendant … out of all proportion to plaintiff's convenience, or … the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.,* 549 U.S. 422, 429 (2007). To obtain dismissal, a movant is

2

required to show: (1) the existence of an available and adequate alternative forum; and (2) that the balance of relevant private and public interest factors favor dismissal. *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 696 (5th Cir. 2015). The "private interest" factors include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) possibility of view of the premises, if the view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.* at 700. The "public interest" factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies resolved at home; (3) the interest in having a trial of a diversity case in a forum that is familiar with the law that must govern the action; (4) the avoidance of unnecessary problems in conflicts of law, or in application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* The burden of proof resides with the moving party. *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1155 (5th Cir.1987), vacated on other grounds, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989) vacated sub nom. *Pan Am World Airways, Inc. v. Lopez*, 883 F.2d 17 (5th Cir.1989).

Notably however, much of the case law developing the doctrine of *forum non conveniens* and the factor analysis presented above is detached from the procedural posture of this suit specifically and counterclaim actions generally. E.g., *Moreno*, 800 F.3d at 695 (action filed in US district court arising from a workplace accident in Mexico); *Sinochem*, 549 U.S. at 426 (action filed in US district court arising from alleged misrepresentations by a Chinese corporation to a Chinese admiralty court resulting in the arrest of a Malaysian vessel in China); *Primacy Eng'g, Inc. v. SAN Eng'g*, 2019 WL 3412914, *1 (W.D. Tex., July 29, 2019) (action filed in US district court arising from alleged misappropriation of trade secrets by former employee of a South Korean

3

firm wherein all of the alleged acts of misappropriation occurred in South Korea). Had the counterclaims arisen in isolation as a separate action, *Moreno* and *Sinochem* would be controlling and *Primacy* would be extremely persuasive given the substantial similarities, making South Korea the more appropriate and convenient forum for the breach of fudiciary duty claims against Ahn and Cho. However, a key difference is the fact that Ahn and Cho filed suit in the Eastern District of Texas alleging patent infringement against Samsung, and that allegation gave rise to Samsung's claims for breach of fiduciary duty. If Ahn and Cho found this Court to be a convenient forum to adjudicate patent infringement, then a position that this Court is not a convenient forum to adjudicate a responsive breach of fiduciary duty counterclaim rings of forum shopping and an effort to detach the counterclaims from related original claims.

Furthermore, there is another fatal flaw to the motion. "A foreign forum is available when the entire case and all the parties can come within that forum's jurisdiction." *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 796 (5th Cir. 2007) (citing *Baumgart v Fairchild Aircraft Corp.*, 981 F.2d 824, 835 (5th Cir. 1993) (quoting *In re Air Crash*, 821 F.2d at 1164)). Relief under 28 U.S.C. § 1404 bears a similar requirement based in the statutory language "where it [a civil action,] might have been brought…" That clause has been consistently interpreted since 1960 to require an affirmative showing of venue and personal jurisdiction by the preferred court over the movant. *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). "Wish or waiver" is insufficient for such a showing. *Id.*

Accordingly, the availability of a South Korean forum requires more than consent, rather an affirmative showing that South Korea has jurisdiction over all parties. Samsung's counterclaim includes allegations against Techiya, a Delaware LLC with its principal place of business in Florida. Counterclaim defendants rely on the declaration of Kwang Hyun Suk, professor of

4

international law at Seoul National University, which was provided by Samsung in support of its opposition to the instant motion, for the statement that Samsung "might be permitted to pursue a lawsuit against Techiya in Korea." Dkt. No. 117-1 ¶ 7. The term "might" implies a mere possibility, and thus the quoted text is not an affirmative showing that South Korea has jurisdiction over Techiya. Further, the remaining portions of Kwang Hyun Suk's declaration on jurisdiction undermine the possibility implied. *Id.* at ¶¶ 6-8. Accordingly, counterclaim defendants have failed to show that South Korea has jurisdiction over all of the parties.

Raised for the first time in the reply brief, Ahn and Cho rely on agreements made between them and Samsung. Dkt. Nos. 127 p 3, 127-1, & 127-2. Regarding the agreement with Ahn, it is a one-year consultancy agreement with an effective date at or around the time Ahn left the employment of Samsung, and there is no argument that the fiduciary duty Samsung alleges was breached is limited to knowledge acquired during this one-year period. Regarding the agreement with Cho, it is a protection pledge and the last clause provides only that SEC "may" file a lawsuit in South Korea if the pledge is breached. The term "may" does not preclude the possibility that SEC could file a lawsuit in another jurisdiction. *Terre Haute & I.R. Co. v. Ind. ex rel. Ketcham*, 194 U.S. 579, 588 (1904) (Holmes, J.) ("The word 'may' … is permissive, not mandatory.").

Regarding the private factors, the documents and witnesses relevant to the underlying infringement case are also relevant to the counterclaim. For example, evidence relevant to Samsung's pre-suit knowledge of the patents in suit and of infringement directly implicate the responsibilities of Ahn and Cho as top members of Samsung's IP legal department and privy to third party licensing solicitations. In this manner, splitting the case would require the presentation of the same evidence twice increasing the cost and burden of litigation unnecessarily.

Regarding the public factors, the Court notes it has obtained a familiarity with the issues presented in Samsung's counterclaims. For example, Samsung has filed a motion to disqualify Ahn and Cho from participation in the case, Dkt. No. 128, over which the Court held oral arguments and issued an order, Dkt. No. 179 & 183. Regarding local interest and burdening citizens, the Court does not deny that the counterclaims in isolation are an issue between Samsung, Ahn, and Cho. Nonetheless, this forum has a sufficient interest in hearing all of the facts and circumstances surrounding this patent infringement case, including whether any information was obtained properly. Lastly, regarding familiarity of law and avoidance of conflicts of law, parties on both sides of this case consist of natural and juridical entities from South Korea and are capable of apprising the Court as to the law of South Korea when required.

## II.     Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[I]t asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A "complaint must allege 'more than labels and conclusions,'" and "'formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 544). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). A complaint must include "factual allegations

that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir.2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555).

Counterclaim defendants first argue that the counterclaims for breach of fiduciary duty, aiding and abetting breaches of fiduciary duty, and civil conspiracy are preempted by the Texas Uniform Trade Secrets Acts ("TUTSA"). Considering the recognition of subject matter and basis sufficient to argue for the preemption of the claims by TUTSA, the Court does not find the pleading insufficient to state a claim, be it a claim in common law, Texas law, California law, or New York Law. To the extent that the Counterclaim defendants seek the application of TUTSA over select counterclaims, that prayer is not specifically and sufficiently made in the instant motion. See, *e.g.*, 109-1 (proposed order). Further, there is no argument as to why preemption by TUTSA causes dismissal or would preclude the filing of an amended counterclaim.

Counterclaim defendants next argue that Samsung has not identified a trade secret with the required specificity. Samsung's answer and counterclaim clearly discusses the roles played by Ahn and Cho at SEC. Implicit in their roles is access to highly confidential information regarding Samsung's approach to its own and outside intellectual property. That information has significant value to SEC and to anyone else interested in enforcing patent rights against SEC.

### III.    Conclusion

For the reasons discussed above, it is the **RECOMMENDATION** of the undersigned that counterclaim defendants' motion to dismiss pursuant to the doctrine of *forum non conveniens* and in the alternative Rule 12(b)(6), **Dkt. No. 109**, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the

district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 1st day of February, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE