# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC AND SYNERGY IP CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | CIVIL ACTION NO. 2:21-CV-00413-JRG-RSP (LEAD CASE)<br><br>CIVIL ACTION NO. 2:22-CV-00053-JRG-RSP (MEMBER CASE) |

**SAMSUNG ELECTRONICS CO., LTD AND SAMSUNG ELECTRONICS AMERICA, INC.'S MOTION TO COMPEL MATERIALS WITHHELD AS PRIVILEGED**

**TABLE OF CONTENTS**

I.  ARGUMENT ........................................................................................................................ 1

    A.  Counterclaim Defendants' Privilege Log Contains Numerous Deficiencies. ........................................................................................................ 1

        1.  Common Interest Claims Are Overly Broad. ............................................. 1

        2.  Failure To Log Relevant Communications And Documents. ...................... 4

        3.  Blaze Cannot Direct The Withholding Of Documents Without Intervening. ................................................................................................. 4

    B.  Counterclaim Defendants Have Waived All Privilege Claims. .............................. 5

        1.  The Crime-Fraud Exception Vitiates Ahn's and Cho's Privilege Claims. ......................................................................................................... 5

        2.  Texas Rule of Evidence 503(d) Requires Production Of Documents Relevant To Breach Of Duty. .................................................. 7

II. CONCLUSION .................................................................................................................. 7

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The Court should compel Seung-Ho Ahn, Sungil Cho, Staton Techiya, LLC ("Techiya"), and Synergy IP Corporation (collectively, "Counterclaim Defendants") to produce documents improperly withheld as privileged that are relevant to Samsung's counterclaims. This is the *second* motion to compel Samsung has filed to obtain discovery into its former attorneys' conduct in breach of their fiduciary duties. After the first motion, Counterclaim Defendants simply issued a boilerplate privilege log asserting privilege over the vast majority of responsive documents. These privilege claims lack merit substantively and procedurally. First, the privilege claims are vastly overbroad and unsupported by the log—asserting privilege before any colorable joint interest could exist or where Ahn and Cho acknowledge they were not counsel. Second, no privilege exists over communications that further Ahn's and Cho's breaches of fiduciary duty to their former client. As the Court found, "Ahn's and Cho's former employment at Samsung is substantially related to the instant suit." Dkt. 183 at 3. And, as the limited discovery to date shows, Ahn's and Cho's work against Samsung included, for example, responsibility for controlling this litigation. *See* Dkt. 131 Ex. 11 § 4.2(c). Attorney-client privilege does not shield improper activities from discovery by a former client. Counterclaim Defendants' improper privilege claims continue to obstruct meaningful discovery into Samsung's counterclaims.

I.   ARGUMENT

Counterclaim Defendants' privilege claims are unsupported. The vast majority of the documents they withhold as privileged, if not all of them, should be produced under normal rules governing privilege. Moreover, privilege does not apply where, as here, it is used to shield discovery into misconduct, such as Ahn's and Cho's breaches of fiduciary duties to Samsung.

    A.   **Counterclaim Defendants' Privilege Log Contains Numerous Deficiencies.**

        1.   *Common Interest Claims Are Overly Broad.*

Counterclaim Defendants have represented that they ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

███████████████████████████

██████████████████ They nonetheless assert "common interest"—between Synergy and Techiya, or Synergy and Blaze—as the basis for withholding 139 of 159 privilege log entries. These "common interest" assertions fail.

*First*, "[c]ommunications made before an agreement to proceed jointly are not privileged." *Cooey v. Strickland*, 269 F.R.D. 643, 652 (S.D. Ohio 2010). ████████████████

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

*Second*, documents that post-date the ████████████ are not protected by common interest unless Counterclaim Defendants can show there was "a ***palpable threat of litigation*** at the time of the communication." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 711 (5th Cir. 2001)

---

[1] The documents cited in this motion will be provided upon request. Exhibit A to this motion is a five-page excerpt of Counterclaim Defendants' amended privilege log.

(emphasis added); *see also id.* at 714 ("[W]hen the threat of litigation is merely a thought rather than a palpable reality, the joint discussion is more properly characterized as a common business undertaking, which is unprivileged, and certainly not a common legal interest."). The few documents produced by Counterclaim Defendants show there was no "palpable threat of litigation" ▇▇▇ The privilege log has 136 entries that pre-date ▇▇▇. Each of those documents over which Counterclaim Defendants assert common interest protection must be produced.

*Third*, Counterclaim Defendants appear to be withholding all or nearly all substantive communications involving Techiya and/or Blaze that post-date ▇▇▇ But the privilege applies only "when the parties share a common legal interest, not a commercial or financial interest and it does not extend to communications about joint business strategy." *IFG Port Holdings, LLC v. Lake Charles Harbor & Term. Dist.*, No. 16-cv-00146, 2016 WL 1244919, at *2 (W.D. La. Mar. 29, 2016). "A commercial interest is not sufficient, and the doctrine does not encompass a joint business strategy which happens to include as one of its elements a concern about litigation." *U.S. ex rel. Scott v. Humana*, No. 3:18-CV-00061-GNS-CHL, 2021 WL 3909906, at *4 (W.D. Ky. Aug. 31, 2021).

Not all communications involving Techiya and Blaze can relate to shared legal interest. First, at least some must relate to Techiya and Synergy pursuing their individual interests in ▇▇▇. *See Mondis Tech. v. LG Elecs., Inc.*, 2011 WL 1714304, at *4 (E.D. Tex. May 4, 2011) ("[A]ny communications in which the parties[] are negotiating their rights and relationships to each other are not to be protected, as the parties' interests would have been adverse rather than common."). Second, some of the ▇▇▇ communications must relate to business

3

issues, as opposed to legal advice—*e.g.*, Synergy's and Techiya's commercial interests in licensing activities—and Counterclaim Defendants admit that Ahn was "involved in various aspects of Synergy's business." Dkt. 131 Ex. 10 at 9; *see also WI-LAN, Inc. v. Alcatel Lucent USA, Inc.*, No. 6:10-CV-521-LED, D.I. 362, Slip Op. at 4–5 (E.D. Tex. March 14, 2013) (holding that email exchange involving attorneys regarding patent licensing deal was a non-privileged business discussion); *Immersion Corp. v. HTC Corp.*, No. 12-259-RGA, 2014 WL 3948021, at *2–3 (D. Del. Aug. 7, 2014) (holding that where a patentee's business is patent licensing, documents relating to licensing and royalty rates are not privileged).

*Fourth*, the privilege log relies on cut-and-paste recitations of legal elements of privilege with no substantive explanation (which was not cured by an amended privilege log provided after Samsung raised this issue). This fails to support a privilege claim and leaves no basis for Counterclaim Defendants to contest the points above. *See, e.g.*, *E.E.O.C. v. BDO USA, LLP,* 876 F.3d 690, 696 (5th Cir. 2017) ("simply describing a lawyer's advice as 'legal,' without more, is conclusory and insufficient").

### 2. Failure To Log Relevant Communications And Documents.

Counterclaim Defendants' privilege log contains no entries after Samsung's counterclaims. Nor does the log identify any communications between Ahn and/or Cho and counsel in the patent case. These communications are central to Samsung's counterclaims, because Ahn's and Cho's communications about the patent case constitute breaches of their fiduciary duties to Samsung. Finally, the log also has no entries for non-email documents. Counterclaim Defendants failed to confirm that a search was done for non-email documents.

### 3. Blaze Cannot Direct The Withholding Of Documents Without Intervening.

Counterclaim Defendants' privilege log states that, while ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ they contend otherwise. Ex. A. Ahn and Cho cannot

4

withhold materials based upon a privilege assertion they apparently disagree with. Blaze must intervene if it wishes to assert otherwise.

### B.   Counterclaim Defendants Have Waived All Privilege Claims.

#### 1.   The Crime-Fraud Exception Vitiates Ahn's and Cho's Privilege Claims.

Pursuant to the so-called crime-fraud exception, "privilege does not shield the disclosure of communications relating to the planning or commission of ***ongoing*** fraud, crimes, and ***ordinary torts***." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 354 (1985) (emphases added). "[T]he term 'crime fraud' is a bit of a misnomer, as it is clear that many courts have recognized other situations in which the exception might apply." *Blanchard v. EdgeMark Fin. Corp.*, 192 F.R.D. 233, 241 (N.D. Ill. 2000); *see also In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985) (exception reaches "crime, fraud, or ***other misconduct***" (emphasis added). For instance, in appropriate circumstances counterclaims for breach of fiduciary duty and trade secret misappropriation can be the basis for this exception to privilege. *See Invesco Inst'l (N.A.) v. Paas*, 244 F.R.D. 374, 391 (W.D. Ky. 2007) (breach of fiduciary duty claims satisfy exception); *In re Heraeus Klzer GMBH for an Order Pursuant to 28 U.S.C § 1782*, No. 3:09-CV-5530 RM, 2012 WL 1493883, at *2-3 (N.D. Ind. Apr. 26, 2012) (exception could be applied in a case alleging misappropriation of trade secrets).

Ahn's and Cho's communications about patent infringement claims have been in furtherance of the very torts at issue in Samsung's counterclaims. Samsung's breach of fiduciary duty and trade secret misappropriation counterclaims center on Ahn's and Cho's improper use of Samsung's confidential and trade secret information acquired during their tenure as Samsung lawyers. In their roles as Samsung in-house IP counsel, Ahn and Cho were "privy to Samsung's IP strategy regarding Bixby," the same subject of Plaintiffs' infringement claims in this case. Dkt. 183 at 2-3 ("reasonable persons would understand that Ahn's and Cho's former employment at

Samsung, and knowledge of the IP strategy related to Bixby obtained from that employment, is important to the instant suit alleging patent infringement by Bixby-enabled products"). Having acquired knowledge of Samsung's confidential and privileged information through their past roles as Samsung lawyers, Ahn and Cho "cannot be presumed to engage in the new representation and carry out [their] obligation of undivided fidelity to the new client without [at least] the use consciously or subliminally of the confidences and secrets reposed in [them] by the old client." *United States v. Basham*, 918 F. Supp. 2d 787, 800 (C.D. Ill. 2013). Moreover, there is evidence that Ahn and Cho shared Samsung's confidential and trade secret information in connection with Techiya's enforcement efforts, including Ahn's and Cho's own admission that they are "involved in … this lawsuit alleging that Samsung infringes the patents-in-suit" related to Bixby, *See* Dkt. 128 at 4-6. And as to Ahn's dealings with Blaze, at Samsung Ahn sat across the table from Blaze, then turned around and represented Blaze against Samsung. He thus had—and used—intimate knowledge of confidential and privileged information on products that Blaze was targeting, and of Samsung's evaluation of Blaze's claims.

Accordingly, Ahn's and Cho's withheld communications were made to further their breaches of fiduciary duty and trade secret violations and are not protected by privilege. Indeed, that Counterclaim Defendants have claimed as privileged Ahn's and Cho's communications regarding the patent assertions against Samsung in this case strongly suggests that those communications breached Ahn's and Cho's ethical duties to their former client, Samsung. *See* Ex. A (withheld communications made for the purpose of "aid[ing] in possible future litigation and licensing strategy ***against Samsung***" or for "litigation or analysis of the Techiya patent portfolio for assertion ***against Samsung***."). Under the crime-fraud exception, there is no privilege

6

over communications that furthered Counterclaim Defendants' violations such as these.

      2.  *Texas Rule of Evidence 503(d) Requires Production Of Documents Relevant To Breach Of Duty.*

Several jurisdictions, including Texas, have adopted an exception to privilege for any "communication [that] is relevant to an issue of breach of duty by a lawyer to the client." Tex. R. Evid. 503(d)(3). "[T]he careful reader will have noted that [Rule 503(d)(3)] does not limit this to communications between the same client and lawyer as to whom the issue of breach of duty has been raised." Wright & Miller, *Federal Rules of Evidence* § 5503, Breach of Duty. Indeed, "where the communication [by the former attorney-defendant] to another attorney ***is the very breach in question***," the exception should apply. *Id.* (emphasis added). In *Scrivner v. Hobson*, for example, the Texas Court of Appeals held documents withheld by the attorney-defendant were "relevant to claims of the [client-plaintiffs]" and therefore "the exception to the attorney-client or attorney-work product privileges regarding breach of duty by a lawyer … permits discovery of the documents by the [client-plaintiffs]." 854 S.W.2d 148, 152 (Tex. Ct. App. 1993).

This rule should apply here, and Samsung should be granted access to documents improperly withheld as privileged by Counterclaim Defendants.

## II. CONCLUSION

For the reasons provided above, Counterclaim Defendants should be ordered to produce most, if not all, of the documents on their privilege log, consistent with Samsung's proposed order.

Dated: December 21, 2022          Respectfully submitted,

                      */s/ Melissa R. Smith*
                      Melissa R. Smith
                      State Bar No. 24001351
                      GILLAM & SMITH, LLP
                      303 South Washington Avenue
                      Marshall, Texas 75670
                      Telephone: (903) 934-8450
                      Facsimile: (903) 934-9257

Email: melissa@gillamsmithlaw.com

Andrew Thompson Gorham
State Bar No. 24012715
GILLAM & SMITH, LLP
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com

Gregory S. Arovas (*pro hac vice*)
Todd M. Friedman (*pro hac vice*)
Alex R. Henriques (*pro hac vice*)
Peter Evangelatos (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: todd.friedman@kirkland.com
Email: alex.henriques@kirkland.com
Email: peter.evangelatos@kirkland.com

Edward C. Donovan (*pro hac vice*)
Sean M. McEldowney (*pro hac vice*)
John Rhine (*pro hac vice)*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000
Facsimile: (202) 389-5200
Email: edonovan@kirkland.com
Email: smceldowney@kirkland.com
Email: john.rhine@kirkland.com

David Rokach (*pro hac vice*)
Jay Emerick (*pro hac vice*)
Nikhil Krishnan (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.rokach@kirkland.com
Email: jay.emerick@kirkland.com

8

Email: nikhil.krishnan@kirkland.com

Ali-Reza Boloori (*pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900
Email: ali-reza.boloori@kirkland.com

Ali R Sharifahmadian
Arnold & Porter Kaye Scholer, LLP
601 Massachusetts Avenue NW
Washington, DC 20001-3743
Telephone: 202-942-5000
Fax: 202/942-5999
Email: ali.sharifahmadian@aporter.com

Daniel S Shimell
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213-243-4231
Fax: 213-243-4199
Email: daniel.shimell@arnoldporter.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 21, 2022. Any other counsel of record will be served by facsimile transmission or by first class mail.

/s/ Melissa R. Smith

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and made a good-faith effort to resolve the matter presented herein.  Following earlier correspondence, counsel for the parties, including lead counsel Greg Arovas for Samsung, lead counsel Brad Cangro for Techiya, and local counsel, conferred via telephone on the issues addressed in this motion on December 14, 2022.  The parties were unable to resolve the disputes presented in this motion and the motion is opposed.

/s/ Melissa R. Smith