IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORPORATION, § § § *Plaintiffs*, § § v. § SAMSUNG ELECTRONICS CO., LTD. § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | Case No. 2:21-cv-00413-JRG-RSP (Lead) |

### MEMORANDUM ORDER

Before the Court, defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") move for leave to depose Trym Holter after the close of fact discovery. **Dkt. No. 291**. For the following reasons, the motion is **DENIED**.

Plaintiff Staton Techiya, LLC and Synergy IP Corporation (collectively "Techiya") filed suit on November 5, 2021, Dkt. No. 1, and by the end of March 2022 the parties moved for entry of an agreed upon schedule via a docket control order, Dkt. No. 40 & 43. Pursuant to that agreed upon schedule, fact discovery was set to close on January 30, 2023. *Id*. A subsequent motion to amend the schedule did not alter this date. Dkt. Nos. 241 & 246. Samsung filed the instant motion on February 15, 2023, seeking leave to depose Trym Holter after the close of fact discovery. Briefings on the motion were expedited, Dkt. Nos. 294 & 295, and the motion is fully briefed, Dkt. No. 291 & 301.

Federal Rule of Civil Procedure 16(b) provides that "a schedule shall not be modified except upon a showing of good cause." The Fifth Circuit has stated four factors trial courts must consider when determining whether good cause exists to allow a deviation from the court's

1

scheduling order: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification of the deadline; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure any such prejudice. *Reliance Ins. Co. v. The Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Samsung claims it diligently pursued Holter's deposition, including attempts to contact Holter through his email provided on LinkedIn and the successful contact of Holter though another email address. Dkt. No. 291 p 2. However, the argument lacks explanation for the period before first contact in December 2022. For example, the motion fails to provide dates Samsung attempted to contact Holter, or how the additional email address was obtained and whether that source was previously unavailable. Shortly after first contact in late December 2022, Samsung further claims it diligently pursued Holter's deposition before the end of fact discovery but has been nonetheless thwarted by limiting Norwegian laws regarding depositions leading to Holter's willingness to be deposed in London, England. *Id.*

Samsung represents that it timely disclosed Holter on December 22 after finally talking to him two days before. However, Samsung's disclosure obligation arose when it identified Holter as a person with relevant knowledge, not after it determined that he would be helpful to its invalidity position. Samsung also made no effort to notify Techiya of its intention to take Holter's deposition until more than a month later, just four days before the discovery deadline, despite the fact that Samsung's experts had been involved in extensive interviews with Holter throughout that time period.

Techiya argues that the claim of diligence before December 2022 is unsubstantiated. Dkt. No. 301 p 3-4. Techiya then argues that Holter has an active presence on LinkedIn and Facebook

and provides respective links. However, the existence of a social media link is not dispositive of his responsiveness. Next, Techiya argues that Samsung failed to consider video depositions over London, but fails itself to provide support for whether video depositions would overcome Norwegian deposition limitations. Techiya also argues that Samsung's lack of diligence is further demonstrated by (1) its notice of Holter's availability on January 27, 2023, over a month after contact with Holter was made and within days of the close of fact discovery, and by (2) its filing of the instant motion on February 15, 2023, when the deposition is scheduled on February 24, 2023.  The absence of evidence showing diligence before December 2022, causes this factor to weigh against granting leave to depose Holter after the close of fact discovery.

Samsung argues that Holter's testimony is important as it relates to the prior art and invalidity. Dkt. No. 291 p 3. Further, Samsung argues that it seeks to preserve Holter's testimony should he decline trial attendance. *Id.* 2-3. Indeed, according to Techiya's objection to the instant motion, both experts for Samsung refer to conversations with Holter, including Dr. Polish's report which mentions Holter more that 100 times. Dkt. No. 301 pp 3-4. These facts suggests that deposing Holter is important to Samsung.  However, Techiya persuasively argues that Samsung has another witness to Holter's reference, as well as four to five other primary references for each patent relevant to Holter.

Techiya argues it would be prejudicial to allow the deposition because expert rebuttal reports would be due seventeen days after the deposition, effectively reducing the amount of time necessary to process the voluminous expert reports, roughly 2700 pages in total.

The remedy of continuance to cure prejudice is seldomly exercised in this Court in the absence of a strong showing of diligence and importance.

3

These factors on balance do not support the relief sought. There is no evidence of diligence before December 2022, and the importance of Holter's deposition does not outweigh the prejudicial impact upon Techiya. Accordingly, leave to take the deposition out of time is **DENIED.**

**SIGNED this 21st day of February, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE