IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Civil Action No. 2:21-cv-00413-JRG-RSP (LEAD CASE)<br><br>Civil Action No. 2:22-cv-00053-JRG-RSP (MEMBER CASE)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF STATON TECHIYA, LLC'S *DAUBERT* MOTION TO EXCLUDE THE REBUTTAL EXPERT REPORT OF KEITH UGONE REGARDING PATENT DAMAGES AND MOTION TO STRIKE OPINIONS REGARDING NON-INFRINGING ALTERNATIVES**

# TABLE OF CONTENTS

I. Introduction ............................................................................................................. 1

II. Factual Background ............................................................................................... 2

III. Legal Standard ....................................................................................................... 4

IV. Argument ............................................................................................................... 5

    A. The Court Should Exclude Dr. Ugone's Entire Opinion as Unreliable Because It Analyzes the Hypothetical Negotiation Through the Lens of Incorrect Parties. ........................................................................................ 5

    B. The Court Should Exclude Dr. Ugone's Fake License Theory as Speculative and Unreliable. ........................................................................ 8

    C. The Court Should Strike Dr. Ugone's Opinions Regarding Non-Infringing Alternatives. ............................................................................ 11

V. CONCLUSION .................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Wi-LAN Inc.*,
  25 F.4th 960 (Fed. Cir. 2022) .................................................................................................. 10

*CQ, Inc. v. TXU Min. Co., L.P.*,
  565 F.3d 268 (5th Cir. 2009) ..................................................................................................... 5

*Daedalus Blue LLC v. SZ DJI Tech. Co.*,
  No. W-20-CV-00073-ADA, 2022 WL 831619 (W.D. Tex. Feb. 24, 2022) .............................. 7

*DataQuill Ltd. v. Huawei Techs. Co Ltd*,
  No. 2:13-cv-633, 2015 WL 9450821 (E.D. Tex. June 11, 2015) ............................................ 12

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ....................................................................................................... 4, 9, 11

*Deere & Co. v. Int'l Harvester Co.*,
  710 F2d. 1551 (Fed. Cir. 1983) ............................................................................................... 10

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Products Group, LLC.*,
  879 F.3d 1332 (Fed. Cir. 2018) ......................................................................................... 10, 11

*Freeny v. Murphy Oil Corp.*,
  No. 2:13-cv-791-RSP, 2015 WL 11089607 (E.D. Tex. June 4, 2015) ................................ 5, 13

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
  No. 2:16-cv-00134, 2017 WL 2869365 (E.D. Tex. May 18, 2017) ........................................ 12

*Kumho Tire Co. Ltd. v. Carmichael*,
  526 U.S. 137 (1999) .................................................................................................................. 4

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
  694 F.3d 51 (Fed. Cir. 2012) ..................................................................................................... 5

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009) ................................................................................................. 5

*Microsource, LLC v. Eco World Grp., LLC,*
  587 F. Supp. 3d 770 (N.D. Iowa 2022) .................................................................................. 5, 7

*MiiCs & Partners, Inc. v. Funai Elec. Co., Ltd.*,
  No. 14-804-RGA, 2017 WL 6268072 (D. Del. Dec. 7, 2017) ................................................ 10

*MLC Intell. Prop. LLC v. Micron Tech., Inc.*,
  No. 14-cv-03657-SI, 2019 WL 2716512 (N.D. Cal. June 28, 2019) ...................................... 10

*Opticurrent, LLC v. Power Integrations, Inc.*,
  No. 17-CV-03597-WHO, 2018 WL 6727826 (N.D. Cal. Dec. 21, 2018) .............................. 7, 8

*Oracle Am., Inc. v. Google Inc.*,
  798 F. Supp. 2d 1111 (N.D. Cal. 2011) ................................................................................ 7

*Paz v. Brush Engineered Materials, Inc.*,
  555 F.3d 383 (5th Cir. 2009) ................................................................................................. 4

*Rembrandt Vision Techs., LP v. Johnson & Johnson Vision Care, Inc.*,
  725 F.3d 1377 (Fed. Cir. 2013) ............................................................................................. 5

*Sims v. Kia Motors of Am., Inc.*,
  839 F.3d 393 (5th Cir. 2016) ................................................................................................. 4

*SynQor, Inc. v. Artesyn Techs., Inc.*,
  No. 2:07-cv-497-TJW, 2011 WL 3625036 (E.D. Tex. Aug. 17, 2011) *aff'd*, 709 F.3d 1365,
  1382–83 (Fed. Cir. 2013) ..................................................................................................... 12

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011) ......................................................................................... 9, 11

*Versata Software Inc. v. SAP America, Inc.*,
  No. 2:07-cv-153 CE, 2011 WL 13136604 (E.D. Tex. May 5, 2011) ..................................... 12

*Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*,
  No. 3:08-CV-01512-CAB-(MDD), 2016 WL 4536740 (S.D. Cal. June 15, 2016) ................. 7

*Whitserve, LLC v. Computer Packages, Inc.*,
  694 F. 3d 10 (Fed. Cir. 2012) ........................................................................................ 10, 11

**Rules**

Fed. R. Civ. P. 26 ............................................................................................................................ 5

Fed. R. Civ. P. 37(c) ....................................................................................................................... 5

Fed. R. Evid. 702 ............................................................................................................................ 4

I.  **INTRODUCTION**

Plaintiff Staton Techiya, LLC ("Techiya") brings this *Daubert* motion on two grounds and moves to strike certain other paragraphs concerning non-infringing alternatives.[1]

***First,*** the Court should exclude the entirety of the patent damages report of Dr. Keith Ugone (Samsung's expert) as unreliable because his analysis of the hypothetical negotiation uses the wrong parties. Instead of considering a hypothetical negotiation between the owner/assignee of the patents-in-suit in April 2017, Dr. Ugone ▮▮▮▮▮▮ ▮▮▮▮▮▮—an impossibility since neither entity existed in April 2017. Because the hypothetical negotiation must be evaluated through the lens of proper parties, Dr. Ugone's entire analysis is unreliable.

***Second***, the Court should exclude Dr. Ugone's opinion predicated on a fictious patent license for the patents-in-suit ▮▮▮▮▮▮ ▮▮▮▮▮▮ The Fake License Theory is not tied to the facts of the case, is not reliable and is a speculative methodology under *Daubert*. The Fake License Theory posits that ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ In patent damages, the hypothetical negotiation must be tied to the actual facts of the case, not imaginary ones. The Fake License Theory should be excluded as speculative and unreliable.

***Third***, Techiya moves to strike all of Dr. Ugone's opinions regarding non-infringing alternatives because Defendants have failed to meet their burden of showing that the non-

---

[1] Counterclaim Defendant Techiya is also filing a separate Daubert motion challenging Dr. Ugone's affirmative damages opinions with respect to Samsung's counterclaims which are set forth in a separate report prepared by Dr. Ugone dated February 6, 2023.

infringing alternatives are both available and acceptable to customers at the time of the hypothetical negotiation. Because Dr. Ugone relies solely on Dr. Polish and Dr. Anderson for his non-infringing alternative opinions, for the reasons set forth in Techiya's Motions to Strike Dr. Polish and Dr. Anderson's opinions regarding non-infringing alternatives (Dkt. 432 and Dkt. 435), the Court should not permit Dr. Ugone to offer any opinions and should strike paragraphs 144-147 of Dr. Ugone's patent damages rebuttal report.

## II.   FACTUAL BACKGROUND

Samsung's Bixby feature, accused of infringing certain patents-in-suit in this case, was first introduced in April 2017.



[3]

As of April 2017, six of the asserted patents had issued[4] and the family member applications from which the remaining three asserted patents claim priority had been filed. There is no dispute that in April 2017, Personics Holdings ("Personics") owned the patents-in-suit. Ex. A, Ugone Rept., Fn. 16, ¶¶ 42, 149. It is also undisputed that neither Techiya nor Synergy existed in April 2017.  Techiya was formed in June 2017 and Synergy was not formed until June of 2020.

---

[2]

[3] Lettered exhibits are attached to the Declaration of M. Elizabeth Day, filed herewith.
[4] 8,111,839; 8,254,591; 8,315,400; 9,124,982; 9,491,542; 9,609,424.

Ex. A, Ugone Rept., ¶¶ 37, 39).

In his report,





## III. LEGAL STANDARD

Trial courts act as gatekeepers to ensure that expert testimony is both relevant and reliable before it may be admitted at trial. *See Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147-149 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). To be admissible, an expert's testimony must be based on sufficient facts or data and the product of reliable principles and methods, and the expert must have reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. The burden of establishing the admissibility and relevance of the expert testimony is on the party offering the testimony. *Sims v. Kia Motors of Am., Inc.,* 839 F.3d 393, 400 (5th Cir. 2016); *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).

This Court "requires the parties to freely disclose those documents and data deemed either

relevant to a party's claims and defenses or reasonably calculated to lead to the discovery of admissible evidence." *Freeny v. Murphy Oil Corp.*, No. 2:13-cv-791-RSP, 2015 WL 11089607, at *2 (E.D. Tex. June 4, 2015). The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless. Fed. R. Civ. P. 37(c). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id*. It is relevant for the Court to consider: "(1) [the disclosing party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Defendants bear the burden to prove that their failure to comply with Rule 26 was "substantially justified or harmless." *Rembrandt Vision Techs., LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

IV.   **ARGUMENT**

   A.   **The Court Should Exclude Dr. Ugone's Entire Opinion as Unreliable Because It Analyzes the Hypothetical Negotiation Through the Lens of Incorrect Parties.**

The "hypothetical negotiation" approach seeks to determine "the value of the patented technology to the parties in the marketplace when infringement began." *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 76 (Fed. Cir. 2012). "This inquiry focuses on the parties' hypothetical agreement right before infringement, between the accused infringer and the party who owned the patent at the time of the infringement, because the accused infringer would not have reason to negotiate with a non-owner before commencing infringement." *Microsource, LLC v. Eco World Grp., LLC*, 587 F. Supp. 3d 770, 828 (N.D. Iowa 2022) (citing *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009)).

Despite this clear mandate, Dr. Ugone ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For this reason alone, the Court should strike the entirety of Dr. Ugone's opinion.

Dr. Ugone's affirmative opinion, also confirmed in his deposition, rests on the assumption that 

It is undisputed that in April 2017, Personics owned the asserted patents (and/or applications which would ultimately issue as the patents-in-suit) and neither Techiya nor Synergy existed. Ex. A, Ugone Rept., ¶¶ 37-39. Nonetheless, Dr. Ugone concludes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This simply cannot stand as Techiya did not have any ownership in the patents-in-suit until June 21, 2017, and October 8, 2018[7], when the patents-in-suit were assigned to Techiya. Ex. E, TECH00004290-TECH00004312; Ex. F, TECH00004388-399. Moreover, throughout his report, Dr. Ugone analyzes factors which he contends might impact the hypothetical negotiation, but improperly  Ex. A, Ugone Rept., Table of Contents, IX, X, XII, ¶¶ 9, 14, Fn. 18, 16-21, 23-25, 85, 90-92, 98-101, 104, 106-107, 117, 120,

---

[7] On June 21, 2017, Techiya was assigned the rights to the following patents-in-suit: '400,'591,'839,'982, '542 and '424. On October 8, 2018, Techiya was assigned the rights to the following patents-in-suit: '836, '259 and '666.

137, 213-214, Appendix A. Simply put, Dr. Ugone is looking through the wrong lens when he analyses the *Georgia-Pacific* factors. His entire analysis is thus unreliable and should be stricken.

The case law mandates exclusion when an expert analyzes the hypothetical negotiation with the wrong parties. *See*, *e.g.*, *Oracle Am., Inc. v. Google Inc.*, 798 F. Supp. 2d 1111, 1117 (N.D. Cal. 2011) (improper to analyze hypothetical negotiation with successor owner); *Daedalus Blue LLC v. SZ DJI Tech. Co.*, No. W-20-CV-00073-ADA, 2022 WL 831619, at *8 (W.D. Tex. Feb. 24, 2022) (striking expert report and opinion of damages expert that used the wrong parties to the hypothetical negotiation); *Microsource, LLC*, 587 F. Supp. 3d at 828–29 (N.D. Iowa 2022) (*citing Opticurrent, LLC v. Power Integrations, Inc.*, No. 17-CV-03597-WHO, 2018 WL 6727826, at *9 (N.D. Cal. Dec. 21, 2018)) ("Exclusion of a damages report is appropriate when that report relies on a hypothetical agreement involving a party who did not own the infringed patent at the time of the infringement."); *Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*, No. 3:08-CV-01512-CAB-(MDD), 2016 WL 4536740, at *5 (S.D. Cal. June 15, 2016)). Because Dr. Ugone's report analyzes a hypothetical agreement involving parties who did not own the infringed patents in April 2017, his opinion is unreliable.

While Dr. Ugone's affirmative opinion is premised on

███████████████████████████

███████████████████████████

But any such "arguments miss the mark." *Opticurrent*, 2018 WL 6727826, at *9. Even with "a post-hoc explanation that there is no difference between ██████████ in terms of their bargaining positions in [April 2017], he is not basing his hypothetical negotiation on the proper parties. … Exclusion is appropriate on this basis alone." *Id.* Accordingly, because Dr. Ugone's analysis fails to begin with the proper parties in mind, his entire opinion should be excluded as unreliable.

### B. The Court Should Exclude Dr. Ugone's Fake License Theory as Speculative and Unreliable.

It is likely that Dr. Ugone intentionally conflated the parties in his hypothetical negotiation so that he could justify his Fake License Theory, which has nothing to do with Personics—the owner of the patents-in-suit in April 2017. Regardless, the Fake License Theory should be excluded for the reasons set forth below as it is *not tied to the facts of this case*.

████████████████████████████

████████████████████████████

████████████████████ Imaginary facts based on this agreement is effectively the entire basis for Dr. Ugone's Fake License Theory. This is because, according to Dr. Ugone, ████████████████████████

████████████████████████████

████████████████████████████

████████████████████████████

---

████████████████████████████

████████████████████████

████

Specifically, Dr. Ugone opines that ██████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████

The Court should strike Dr. Ugone's Fake License Theory because it is not tied to the facts of the case. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315 (Fed. Cir. 2011) (quoting *Daubert*, 509 U.S. at 591) (holding that failure to tie the theory to the facts of the case warrants exclusion of the testimony). "A reasonable or scientifically valid methodology is nonetheless unreliable where the data used is not sufficiently tied to the facts of the case." *Apple Inc. v. Wi-*

---

█████████████████████

████████████████████

*LAN Inc.*, 25 F.4th 960, 973-974 (Fed. Cir. 2022) (internal quotes omitted) (striking damages opinion because the methodological and factual errors in analyzing the comparable license agreements render the opinion untethered to the facts of the case); *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp, LLC.*, 879 F.3d 1332, 1349-1350 (Fed. Cir. 2018) (excluding damages opinion for offering little explanation and failing to tie the relevant *Georgia Pacific* factors to the royalty rate.).

Putting aside that the Fake License Theory is not even an offer to license, damages theories based on unaccepted offers to licenses are routinely excluded when they are not tied to the facts of the case, as is the situation with the Fake License Theory. *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 29-30 (Fed. Cir. 2012) (evidence did not support the jury's verdict because it was based on a fiction, and expert opinions based on pure conjecture are irrelevant) (citing *Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1557 (Fed. Cir. 1983) (upholding district court's decision to give little probative value to an offer to license)); *MiiCs & Partners, Inc. v. Funai Elec. Co., Ltd.*, No. 14-804-RGA, 2017 WL 6268072 at * 4 (D. Del. Dec. 7, 2017) (striking opinion because an unaccepted offer for a license is unreliable and has limited, if any, value); *MLC Intell. Prop. LLC v. Micron Tech., Inc.*, No. 14-cv-03657-SI, 2019 WL 2716512 at * 13 (N.D. Cal. June 28, 2019) (excluding opinion based on an unaccepted offer to license because it was based on assumptions and speculation and not any careful analysis tied to the facts of the case).

Simply put, damages theories based on pure fiction are unreliable, and must be excluded. Unlike some of the cases above, Dr. Ugone's Fake License Theory does not even rise to the level of a "proposed" offer for a license, and proposed or unaccepted offers are routinely excluded when they are not tied to the facts of the case or based on any reliable evidence whatsoever.

Moreover, setting aside that Dr. Ugone's damages theory is based on imaginary facts, the

body of Dr. Ugone's report does not provide any analysis of the *Georgia-Pacific* factors, yet another way in which he failed to tie his theory to the facts of the case. *Uniloc USA, Inc.* 632 F.3d at 1315; *Apple Inc.,* 25 F.4th at 973; *Exmark Manufacturing Company Inc.*, 879 F.3d at 1349-1350. Dr. Ugone's only reference connecting aspects of his report to the *Georgia-Pacific* factors is via shorthand bullet points contained in Appendix A. Ex. A, Ugone Rept., Appendix A. This does not satisfy the Federal Circuit's mandate. *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d at 31 ("Expert witnesses should concentrate on fully analyzing the applicable factors, not cursorily reciting all fifteen.").

Regardless, Appendix A demonstrates that Dr. Ugone attempts to shoehorn his Fake License Theory into *Georgia-Pacific* factors 1 and 15. Ex. A, Ugone Rept., Appendix A. This is a bizarre and unsupported analysis as factor 1 concerns royalties received from actual licenses to the patents-in-suit, not fictitious, imaginary licenses. *Id.*[10] Factor 15 is the conclusion as to what the willing licensee would have paid the willing licensor as a result of the hypothetical negotiation.[11] Dr. Ugone struggles to find a harbor for his Fake License Theory within the *Georgia-Pacific* factors because there is none. The analysis does not allow for the fabrication of facts.

Dr. Ugone's Fake License Theory is not tied to the facts of the case. The Court should strike Dr. Ugone's Fake License Theory as unreliable under *Daubert*.

### C. The Court Should Strike Dr. Ugone's Opinions Regarding Non-Infringing Alternatives.

Dr. Ugone's report acknowledges ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[10] For factor 1 (royalties ***received by*** the patentee for the licensing of the patents-in-suit), Dr. Ugone ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

[11] For factor 15, Dr. Ugone summarily states ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

-11-

███ Dr. Ugone then proceeds to rely on and parrot back Dr. Polish and Dr. Anderson's opinions regarding alleged non-infringing alternatives without providing any further evidence of availability or acceptability and without tying the alleged existence of such alternatives to the hypothetical negotiation or providing an opinion on how they impacted the amount Defendants would be willing to pay for a license to the patents-in-suit. Ex. A, Ugone Rpt., ¶¶ 144-147. Finally, Dr. Ugone confirmed during his deposition that ███

This Court routinely rejects the tactic of waiting until expert reports to disclose information regarding non-infringing alternatives. *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG-RSP, 2017 WL 2869344, at *2 (E.D. Tex. Apr. 20, 2017)[12]; *SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-cv-497-TJW, 2011 WL 3625036, at *10-11 (E.D. Tex. Aug. 17, 2011) *aff'd*, 709 F.3d 1365, 1382–83 (Fed. Cir. 2013); *DataQuill Ltd. v. Huawei Techs. Co. Ltd.*, No. 2:13-cv-633, 2015 WL 9450821, at *3 (E.D. Tex. June 11, 2015); *Versata Software Inc. v. SAP Am., Inc.*, No. 2:07-cv-153 CE, 2011 WL 13136604, at *3-5 (E.D. Tex. May 5, 2011);

---

[12] "First, the identification of non-infringing alternatives is not work product—analysis undertaken in identifying such non-infringing alternatives might be. … Second, the notion that 'until the deadline for expert disclosures, the information is protected by the work-product doctrine,' … must also be incorrect. If true, contention interrogatories would cease to be a discovery device because answers to such interrogatories would come only after expert reports had been served and after fact discovery closed. Plaintiffs would be foreclosed from conducting discovery into non-infringing alternatives without leave of court. That is the prejudice, and it is substantial."

*Freeny v. Murphy Oil Corp.,* No. 2:13-cv-791-RSP, 2015 WL 11089607, at *3 (E.D. Tex. June 4, 2015); *Elbit Systems Land &C41 Ltd. V. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 WL 2651618, at *10-12 (E.D. Tex. June 20, 2017).

As explained in more detail in the Polish and Anderson motions (Dkt. 432 and Dkt. 435), Samsung fails to offer evidence that the alleged non-infringing alternatives were "available" as of the April 2017 or March 2019 hypothetical negotiation dates. Ex. A, Ugone Rpt., ¶¶ 144-147. Moreover, there is no evidence as to the cost to implement such alleged alternatives, making any opinions on the topic irrelevant to the hypothetical negotiation. *Id*. Because Samsung failed to meet its burden of showing availability or acceptability to consumers, the Court should strike paragraphs 144-147 of Dr. Ugone's report.

## V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Dr. Ugone's patent rebuttal damages opinions be struck in their entirety for having the wrong parties at the April 2017 hypothetical negotiation and for relying on a fabricated license. In addition, Plaintiff respectfully requests that the Court strike paragraphs 144-147 of Dr. Ugone's report regarding non-infringing alternatives.

Dated: June 26, 2023

Respectfully submitted,

/s/ M. Elizabeth Day
Bradford A. Cangro (Admitted in TXED)
D.C. Bar No. 495996
bradford.cangro@pvuslaw.com
Robert J. Gaybrick (admitted pro hac vice)
D.C. Bar No. 954925
robert.gaybrick@pvuslaw.com
Roger D. Taylor (Admitted in TXED)
Georgia Bar No. 342927
roger.taylor@pvuslaw.com
Jacob A. Snodgrass (Admitted in TXED)
D.C. Bar No. 982661

jacob.snodgrass@pvuslaw.com
Ghee J. Lee (Admitted in TXED)
D.C. Bar No. 1019706
ghee.lee@pvuslaw.com
**PV LAW LLP**
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015
T: (202) 371-6861
F: (202) 888-3163

Michael Flynn-O'Brien (Admitted in TXED)
California State Bar No. 291301
mflynnobrien@bdiplaw.com
Aaron R. Hand (Admitted in TXED)
California State Bar No. 245755
aaronhand@bdiplaw.com
Robin K. Curtis (Admitted in TXED)
California State Bar No. 271702
rcurtis@bdiplaw.com
Elizabeth Day (Admitted in TXED)
California State Bar No. 177125
eday@bdiplaw.com
Jerry D. Tice II (Admitted in TXED)
Texas State Bar No. 24093263Aden Allen
(Admitted in TXED)
Texas State Bar No. 24064808
aallen@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7241
Facsimile:  (415) 426-4744

Jennifer L. Truelove
State Bar No. 24012906
jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
903.923.9000
903.923.9099 (fax)

*Attorneys for Plaintiff Staton Techiya, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have consented to electronic service are being served with a copy of this document via email on June 26, 2023.

*/s/ M. Elizabeth Day*
M. Elizabeth Day

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel has complied with the meet and confer requirement of Local Rule CV-7(h) and made a good faith effort to resolve the matter presented herein.  Counsel for the parties met and conferred on June 22, 2023 by telephone.  The parties were unable to resolve the dispute presented in this motion and the motion is opposed.

*/s/ M. Elizabeth Day*
M. Elizabeth Day
