IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORPORATION,<br><br>          Plaintiffs,<br><br>     v.<br><br>SAMSUNG ELECTRONICS CO., LTD and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>          Defendants. | CASE NO. 2:21-CV-00413-JRG-RSP<br>(LEAD CASE)<br><br>CASE NO. 2:22-CV-00053-JRG-RSP<br>(MEMBER CASE)<br><br>JURY TRIAL DEMANDED |

**SAMSUNG'S MOTION FOR PROTECTIVE ORDER
AND TO DISQUALIFY DR. AKL AND DR. NETTLES**

## TABLE OF CONTENTS

I.    INTRODUCTION.................................................................................................. 1

II.   ARGUMENT ...................................................................................................... 2

    A.    Dr. Akl's And Dr. Nettles' Previous Work For Samsung Disqualifies
        Them From Working Against Samsung In This Case. .......................................... 2

        1.    Dr. Akl And Dr. Nettles Both Entered Into Confidential
                Relationships With Samsung When They Served As Experts For
                Samsung. ............................................................................................... 3

        2.    Dr. Akl And Dr. Nettles Both Received Relevant Samsung
                Confidential Information. ....................................................................... 4

        3.    The Public Interest Favors Disqualification. .............................................. 6

    B.    Techiya Has No Legitimate Basis To Seek Protective Order Access For
        Dr. Akl And Dr. Nettles. ................................................................................... 7

        1.    Mr. Struck's Month-Long Vacation Is Not A Legitimate Basis To
                Add Dr. Akl And Dr. Nettles To The Case................................................ 7

        2.    Techiya Itself Created This Purported Scheduling "Conflict" And
                Then Failed To Mitigate It ....................................................................... 9

        3.    Techiya's "Will Call" List Already Includes More Experts Than It
                Can Reasonably Call At Trial And Should Be Narrowed, Not
                Expanded.............................................................................................. 11

III.  CONCLUSION ................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Atlas Glob. Techs LLC v. TP-Link Techs. Co.*,
   No. 2:21-cv-00430-JRG-RSP, 2023 WL 5512068 (E.D. Tex. Aug. 24, 2023)
   (Gilstrap, J.) ................................................................................................................7, 9

*ClearValue, Inc. v. Pearl River Polymers, Inc.*,
   No. 6:06-cv-00197-LED, Dkt. 412 (E.D. Tex. Feb. 10, 2010)..............................................10

*Commonwealth Sci. & Indust. Rsch. Organisation v. Buffalo Tech. (USA)*,
   No. 6:06-CV-324, 2009 WL 260953 (E.D. Tex. Feb. 3, 2009)...................................................8

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
   21-cv-00033-JRG, Dkt. 197 (E.D. Tex. filed Aug. 30, 2023) ..................................................8

*Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*,
   No. 2:21-CV-00213-JRG, Dkt. 79 (E.D. Tex. Mar. 15, 2022) (Gilstrap, J.)............................5

*Koch Refining Co. v. Boudreaux*,
   85 F.3d 1178 (5th Cir. 1996) ..............................................................................................2, 6

*Liger v. New Orleans Hornets NBA Ltd. P'ship*,
   No. 05-cv-1969, 2008 WL 2435840 (E.D. La. June 12, 2008) ................................................4

*McGinley v. Luv N' Care, Ltd.*,
   No. 3:17-CV-00821, Dkt. 206 (W.D. La. Mar. 18, 2019) ......................................................10

*Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*,
   No. 2:13-CV-947-JRG-RSP, 2015 WL 11117313 (E.D. Tex. July 22, 2015) ........................5

*Nike, Inc. v. Adidas Am. Inc.*,
   No. 9:06-CV-43, 2006 WL 5111106 (E.D. Tex. Sept. 29, 2006)..............................................6

*S-Line LLC v. B2B Supply*,
   No. 3:14-cv-02284-M, Dkt. 122 (N.D. Tex. Dec. 4, 2015) ....................................................10

*Sensormatic Elecs. Corp. v. WG Sec. Prod., Inc.*,
   No. 2:04-CV-167, 2006 WL 5111116 (E.D. Tex. Feb. 9, 2006) (Ward, J.).............................6

*Sol IP, LLC v. AT&T Mobility LLC*,
   No. 2:18-CV-00526-RWS-RSP, 2019 WL 6615465 (E.D. Tex. Dec. 5, 2019)
   (Payne, J.)..............................................................................................................................2, 5

## I.    INTRODUCTION

Six months after the close of expert discovery and with less than five weeks until trial, Techiya seeks to qualify two new experts, Dr. Akl and Dr. Nettles, under the protective order. Neither should be permitted access to Samsung confidential information because both recently worked as experts **_on behalf of_** Samsung in patent litigation related to many of the same accused products at issue here.  The law does not permit them—after working for Samsung and being privy to its confidential information—to switch sides and opine Samsung's products now infringe.

Dr. Akl and Dr. Nettles should also not be permitted to subscribe to the protective order because there is no basis for Techiya to bring new experts into the case at this late stage.  Techiya seeks to substitute Dr. Akl and Dr. Nettles for Mr. Struck, who is one of five technical experts Techiya intends to call at trial and who is covering one of Techiya's nine asserted patents. Although Techiya has not yet moved to substitute, Samsung understands that Techiya plans to seek substitution because Mr. Struck will be vacationing in France from mid-October until November 10.  Mr. Struck's vacation is not a legitimate reason for substitution, especially as he could fly back to Texas for one day to provide his testimony without disrupting the vast majority of his month-long vacation.

Moreover, substitution is even less warranted because Techiya itself created this scheduling "conflict."  According to Techiya, Mr. Struck booked his vacation in November 2022. A few months later, in March 2023, when the parties were rescheduling the trial in this case, the Court proposed two new dates and instructed the parties to inform it of "any conflicts."  Although Techiya should already have been aware of Mr. Struck's scheduling issue—or at least should have found out about it after the Court instructed the parties to investigate scheduling conflicts— Techiya failed to disclose Mr. Struck's unavailability to the Court.  Techiya then waited until the present time, less than five weeks before trial, to try to mitigate the conflict it created, during which

time Samsung filed a *Daubert* motion for Mr. Struck and developed its summary judgment and trial strategy, all under the assumption that Mr. Struck would be Techiya's expert for the '424 patent.  Under these circumstances, the Court should not permit Techiya to add new experts to the case at this late date due to a purported "conflict" that is not legitimate and that Techiya itself created when it failed to comply with the Court's instructions to disclose any scheduling conflicts six months ago.

## II.   ARGUMENT

Given Dr. Akl's and Dr. Nettles' recent work as experts for Samsung in matters involving many of the same accused products that are at issue here, the Court should disqualify them from serving as expert witnesses adverse to Samsung in this case.  And even if the Court does not disqualify Dr. Akl or Dr. Nettles, it should still enter a protective order prohibiting the disclosure to them of any confidential Samsung information because Techiya has no legitimate basis to add experts to this case at this late stage.

### A.   Dr. Akl's And Dr. Nettles' Previous Work For Samsung Disqualifies Them From Working Against Samsung In This Case.

Experts should be disqualified where "the moving party . . . had an objectively reasonable basis for a confidential relationship with the expert, and [where] confidential information relevant to the instant case was disclosed to the expert during that prior relationship."  *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-CV-00526-RWS-RSP, 2019 WL 6615465, at *1 (E.D. Tex. Dec. 5, 2019) (Payne, J.) (citing *Koch Refining Co. v. Boudreaux*, 85 F.3d 1178, 1181 (5th Cir. 1996)).  Within the past four years, Dr. Akl and Dr. Nettles both entered into confidential relationships with Samsung wherein Samsung disclosed to them confidential information that is relevant to this case. Specifically, Dr. Akl and Dr. Nettles both worked as technical experts for Samsung in litigations, including where many of the same accused smartphones that are at issue here were accused of

2

████████████████████████

infringement.  As a result, they should be disqualified from switching sides and opining that Samsung's products now infringe.

1. **Dr. Akl And Dr. Nettles Both Entered Into Confidential Relationships With Samsung When They Served As Experts For Samsung.**

Dr. Akl's and Dr. Nettles' previous work as experts for Samsung satisfies the first *Koch* element—*i.e.*, the existence of a confidential relationship.  In 2021, Dr. Akl worked for Samsung in *G. Holdings Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00342-JRG (E.D. Tex.), where at least 28 of the same Samsung Galaxy-branded smartphones at issue in this case were accused of infringement.  *Compare* Ex. 1 Am. Compl. ¶ 24, *G. Holdings Ltd.*, No. 2:20-CV-00342-JRG (E.D. Tex. filed Apr. 7, 2021), *with* Ex. 2 3/2/22 Techiya Infringement Contentions.  Dr. Akl also worked for Samsung in 2021 on seven different *inter partes* review ("IPR") proceedings against Ericsson related to mobile phone technology.  *See* Ex. 3 (Akl CV).  Those IPRs were related to co-pending litigation where Ericsson accused at least 51 of the same Samsung Galaxy-branded smartphones at issue in this case.  Ex. 4 Am. Compl. ¶ 60, *Ericsson Inc. v. Samsung Elecs. Co, Ltd.*, No. 2:20-cv-00380-JRG (E.D. Tex. filed Jan. 1, 2021).  In 2021, Dr. Nettles similarly worked for Samsung as an expert in *Ancora Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 6:19-cv-385-ADA (W.D. Tex.), where the plaintiff accused at least 24 of the same Samsung Galaxy-branded smartphones at issue in this case.  Ex. 5 Compl. ¶ 34, *id.*, Dkt. 1 (W.D. Tex. filed June 21, 2019); *see also* Ex. 15, *Ancora Techs., Inc. v. LG Elecs., Inc.*, No. 1:20-cv-00034-ADA, Dkt. 146-1 (W.D. Tex. filed Feb. 9, 2021) (excerpt of Dr. Nettles' expert report)).

Each of those engagements resulted in a confidential relationship between the expert and Samsung.  Indeed, in each case, Dr. Akl and Dr. Nettles ████████████████████████

████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████ Exs.

6–8.

2.       **Dr. Akl And Dr. Nettles Both Received Relevant Samsung Confidential Information.**

"The second *Koch* element . . . may be satisfied when the expert received or had reasonable access to confidential information, including discussions of the [party's] strategies in this litigation, the kinds of experts the [party] expected to retain, the [party's] views of the strengths and weaknesses of each side, and the role of each of the [party's] witnesses to be hired, and anticipated defenses." *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-cv-1969, 2008 WL 2435840, at *1 (E.D. La. June 12, 2008).  In *Liger*, the court found that, "[b]ecause the [party's] counsel discussed strategy and mental impressions with [the expert], the second element is satisfied . . . [r]egardless of whether [the expert] remembers the contents of the discussions." *Id.* at *2 & n.1.

Dr. Akl and Dr. Nettles had access to relevant Samsung confidential information when they worked for Samsung.  For example, ██████████████████████████████████████ ████████████████████████████████████████████████████ Ex. 6 at 2, and ████████████████████████████████████████████████ ████████████████████████ Ex. 7 at 2. ████████████████████████ █████████████████████████████████████████████████████████ ██████████████████ Ex. 7 at 1. ███████████████████████████████ █████████████████████████████████████████████████████████ █████████████████ Ex. 8 at 2.  Further, as in *Liger*, Dr. Akl and Dr. Nettles' past work for Samsung involved ████████████████████████████████████████████████████ ███████████████████████████████████████████  ████████████████

████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████

This confidential information is particularly relevant to the current litigation because the same products are at issue here.  This Court has previously disqualified experts who had worked for the opposing party on cases involving the same products.  *See, e.g.*, *Mobile Telecommunications Techs., LLC v. LG Elecs. Mobilecomm U.S.A., Inc.*, No. 2:13-CV-947-JRG-RSP, 2015 WL 11117313, at *1 (E.D. Tex. July 22, 2015) (disqualifying expert where "the same devices accused in this case were accused in the earlier matter" and "the time frames are nearly overlapping").  Here, there is an overlap of dozens of smartphone products between the present case and the matters that Dr. Akl and Dr. Nettles previously worked on for Samsung.  ████████ ████████████████████████████████ for the same accused products based on work that they did for Samsung relatively recently (within the past four years) warrants disqualification.

Indeed, this Court has already twice disqualified Dr. Akl for switching sides.  In *Sol IP*, the Court disqualified him from working as an expert witness adverse to Ericsson, finding that "Dr. Akl's extensive work for Ericsson, on the same accused products as this case, on patents rooted in very closely related technology, and so close in time that some of it is still ongoing, makes him off limits to Plaintiff."  *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-CV-00526-RWS-RSP, 2019 WL 6615465, at *1 (E.D. Tex. Dec. 5, 2019) (Payne, J.); *see also Godo Kaisha IP Bridge 1 v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00213-JRG, Dkt. 79, at 2–3 (E.D. Tex. Mar. 15,

████████████████████████

2022) (Gilstrap, J.) (similarly disqualifying Dr. Akl from being adverse to Ericsson).  The Court likewise should disqualify Dr. Akl—and Dr. Nettles—here.

3.     **The Public Interest Favors Disqualification.**

Courts in the Fifth Circuit may also consider the public interest when disqualifying experts. *See Koch*, 85 F.3d at 1181.  The public has an interest in "preventing conflicts of interest and maintaining the appearance of the judicial process." *Sensormatic Elecs. Corp. v. WG Sec. Prod., Inc.*, No. 2:04-CV-167, 2006 WL 5111116, at *4 (E.D. Tex. Feb. 9, 2006) (Ward, J.).   In *Sensormatic*, the court found such a conflict of interest and disqualified an expert who had worked for the opposing party in prior litigation, noting that the expert would "be forced to choose between complying with his agreements with [the first party] (to maintain confidentiality and to cooperate) and fully advising the [second] party who seeks to use his services in this case." *Id.*  Here, too, allowing Dr. Akl and Dr. Nettles to serve as experts for Techiya would create an undeniable conflict of interest. ███████████████████████

██████████████████████ Exs. 6–8. █████████████████████████

███████████████████████████████████████

██████████████████████

In weighing the public interest in disqualification, "[t]he court should also consider whether another expert is available and whether the opposing party had time to hire him or her before trial." *Nike, Inc. v. Adidas Am. Inc.*, No. 9:06-CV-43, 2006 WL 5111106, at *3 (E.D. Tex. Sept. 29, 2006).  Techiya has four other technical expert witnesses on its "will call" list, including one, Dr. Buck, who opined on the same technology as the patent on which Mr. Struck submitted a report. Techiya has more experts available for trial than it can reasonably present in one week, and their availability further favors disqualification.

**B.      Techiya Has No Legitimate Basis To Seek Protective Order Access For Dr. Akl And Dr. Nettles.**

Even if the Court elects not to disqualify Dr. Akl and Dr. Nettles based on their previous work for Samsung, it should, at a minimum, bar them from obtaining access to confidential Samsung information.  Expert discovery closed six months ago, and Techiya's stated purpose for seeking to subscribe Dr. Akl and Dr. Nettles to the protective order is to substitute them for Dr. Struck, though it has not yet filed a motion seeking the Court's permission to do so.   But substitution is unwarranted, including because Mr. Struck's conflict—a month long vacation to France—is not a legitimate basis for substitution, because Techiya itself created the "conflict" between Mr. Struck's vacation and the trial date when it failed to respond to the Court's request to identify such conflicts, and because Techiya already has four other technical experts and should be reducing the number of experts it brings to trial, not adding new ones.  Because substitution is unwarranted, there is no basis to subscribe Dr. Akl and Dr. Nettles to the protective order.

**1.      Mr. Struck's Month-Long Vacation Is Not A Legitimate Basis To Add Dr. Akl And Dr. Nettles To The Case.**

According to Techiya, Mr. Struck is declining to appear for trial because he will be vacationing in France from mid-October until November 10.  *See* Ex. 9, 9/21/23 Snodgrass Email to Emerick.  But such a vacation does not present a legitimate scheduling conflict with trial.  Indeed, this Court recently denied a party's motion to continue trial where its lead counsel "planned to be out of the country on sabbatical leave between August 31 and November 20," finding that "if TP-Link is prejudiced by a trial that begins on September 8, 2023, it is prejudice of its TP-Link's own making, and therefore not prejudice that the Court should recognize."  *Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, No. 2:21-CV-00430-JRG, 2023 WL 5512068, at *1 (E.D. Tex. Aug. 25, 2023) (Gilstrap, J.).  The Court likewise recently declined to accommodate vacations that were timely brought to the Court's attention ***prior to*** setting a trial date.  For example, in *Evolved*

*Wireless v. Samsung*, in response to the Court's request for potential conflicts with a proposed trial date, the parties filed a notice of availability in which Samsung notified the Court that the proposed trial date conflicted with two major Korean holidays during which several of Samsung's witnesses would be taking time off.  Ex. 13, *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, 21-cv-00033-JRG, Dkt. 197, at 3 (E.D. Tex. filed Aug. 30, 2023).  The Court nevertheless set the trial date for the week of these holidays.  Ex. 14, *id.*, Dkt. 202, at 1 (E.D. Tex. Aug. 31, 2023).

The Court similarly should not recognize Mr. Struck's month-long vacation as a legitimate conflict, especially as Mr. Struck will only need to be on the stand for a few hours at most, and he can readily fly from France to Texas to provide his testimony.  Mr. Struck is one of five technical experts on Techiya's "will call" list and is responsible for only two asserted claims of one of the nine asserted patents.  His testimony can—and, given the number of patents Techiya is asserting, as a practical matter, must—be completed in half a day or less.  There is no reason Mr. Struck cannot return to the U.S. for around 24 hours to give his testimony.  There are 1–2 daily nonstop flights between Paris and DFW.  Ex. 10 (Google Flights printout).  Mr. Struck can fly from Paris to Texas the day before his testimony, take the stand the morning after he arrives, and return to Paris that evening—leaving intact the vast majority of his month-long vacation.  *Id.*

Notably, Mr. Struck's vacation does not even come close to resembling the types of conflicts, such as medical necessities, for which this Court has previously allowed substitution. *See, e.g.*, *Commonwealth Sci. & Indust. Rsch. Organisation v. Buffalo Tech. (USA)*, No. 6:06-CV-324, 2009 WL 260953, at *2 (E.D. Tex. Feb. 3, 2009) (requiring party to present evidence "that [the original expert] is actually unable to testify due to a diagnosed medical condition").  Mr. Struck's month-long vacation does not qualify for substitution.

### 2.     Techiya Itself Created This Purported Scheduling "Conflict" And Then Failed To Mitigate It.

Making substitution even less warranted, Techiya itself is responsible for creating the "conflict" between Mr. Struck's vacation and the October 30 trial date.  According to Techiya, Mr. Struck booked his month-long vacation to France in November 2022.  *See* Ex. 9, 9/21/23 Snodgrass Email to Emerick.  A few months later, in March 2023, the parties moved for a new trial date.  *See* Dkt. 319.  In response, the Court offered two possible dates, and instructed the parties to "[p]lease let me know asap if you have any conflicts with either date":

> **From:** Becky Andrews <Becky_Andrews@txed.uscourts.gov>
> **Sent:** Wednesday, March 29, 2023 2:25 PM
> **To:** Jennifer Truelove <jtruelove@McKoolSmith.com>; Melissa Smith (melissa@gillamsmithlaw.com) <melissa@gillamsmithlaw.com>
> **Subject:** 2:21cv413 Staton Techiya v. Samsung
>
> Counsel,
>
> The Court is going to reset the trial in this case to either October 16, 2023 or October 30, 2023. Please let me know asap if you have any conflicts with either date.
>
> Thank you,

Ex. 11, 3/29/23 B. Andrews Email to Parties (highlighting added).  Techiya did not identify Mr. Struck's vacation as a conflict—or identify any other conflicts—and the Court set the trial for October 30.  Dkt. 364 at 1.

Techiya created the present "conflict" by failing to comply with the Court's instruction to identify conflicts with its proposed trial dates.  This Court has repeatedly found that parties must bear the consequences of scheduling conflicts they create.  *See, e.g.*, *Atlas*, 2023 WL 5512068, at *2 (E.D. Tex. Aug. 25, 2023) (declining to alter schedule where counsel and corporate representative's unavailability were "a problem of TP-Link's making").  Here, if Techiya wanted

the Court to make some accommodation for Mr. Struck's vacation—including substituting another expert—it should have sought his availability and informed the Court of this conflict six months ago, when the Court sought this information from the parties.

Indeed, in addition to creating the underlying conflict, Techiya has compounded the issue by not being diligent in seeking to mitigate it. This Court has likewise found that parties must bear the consequences of conflicts that they fail to mitigate. For example, the Court has denied expert substitution when the party "had knowledge of the need to replace [the existing experts] since" a month before the Court set the new trial date "but nevertheless waited [another six months] to request leave to name new experts and has provided no reason for his lack of diligence." Ex. 16, *ClearValue, Inc. v. Pearl River Polymers, Inc.*, No. 6:06-cv-00197-LED, Dkt. 412, at 2 (E.D. Tex. Feb. 10, 2010); *see also, e.g.*, Ex. 17, *McGinley v. Luv N' Care, Ltd.*, No. 3:17-CV-00821, Dkt. 206, at 2, 4 (W.D. La. Mar. 18, 2019) (denying plaintiff's motion for witness to testify via live video conference because plaintiff, despite knowing about expert's travel unavailability, waited until 2 months before trial to file motion); Ex. 18, *S-Line LLC v. B2B Supply*, No. 3:14-cv-02284-M, Dkt. 122, at 7 (N.D. Tex. Dec. 4, 2015) ("In absence of a reasonable explanation for the delays, the Court is not inclined to grant Defendants relief from this situation of their own making."). Although Techiya's inaction in March has led to this issue, and Techiya has informed Samsung that it intends to substitute Dr. Akl and Dr. Nettles for Mr. Struck, Techiya still has not moved for substitution or otherwise sought relief from the Court. Techiya has no excuse for its six-month delay, which has significantly prejudiced Samsung. Since March, Samsung has briefed a *Daubert* motion regarding Mr. Struck, moved for summary judgment, submitted its pretrial disclosures, and began preparing its trial strategy and presentation, including Mr. Struck's cross examination outline—all under the assumption that Mr. Struck would be attending trial, not a yet-to-be-

determined substitute expert.  Techiya's failure to mitigate the conflict it created further weighs against adding any new experts at this late stage.

          3.       **Techiya's "Will Call" List Already Includes More Experts Than It Can Reasonably Call At Trial And Should Be Narrowed, Not Expanded.**

Techiya is still asserting nine patents in this case and has five technical experts on its "will call" list.  Dkt. 642 Ex. A; Ex. 12, 9/22/23 Snodgrass Email.  That is more patents, and more experts, than it can reasonably present at trial.  Mr. Struck is responsible for just two claims of one patent.  Even if substitution were appropriate (and it is not), Techiya should be required to rely on one of its four other "will call" technical experts, as opposed to adding two new experts less than five weeks before trial.  Techiya is already calling another expert, Dr. Buck, who submitted an expert report on a patent having the same subject matter as Mr. Struck's.  Both of Mr. Struck and Dr. Buck's patents relate to a seal test, and there is significant overlap between Dr. Buck's and Mr. Struck's reports—with both opining that the same accused feature, the seal test, infringes, and both opining on validity over the same primary prior art references, the QuietPro and QuietOps products.  Techiya should not be permitted to introduce additional experts at this late stage, particularly where it already has five technical experts, one of whom has already opined on the same subject matter.

## III.    CONCLUSION

The Court should disqualify Dr. Akl and Dr. Nettles for serving as experts for Techiya and should enter a protective order prohibiting the disclosure to them of confidential Samsung information.

Date: September 27, 2023

Respectfully Submitted,

/s/ Melissa R. Smith
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Andrew Thompson Gorham
State Bar No. 24012715
James Travis Underwood
State Bar No. 24102587
GILLAM & SMITH, L.L.P.
102 N. College, Suite 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: tom@gillamsmithlaw.com
Email: travis@gilliamsmithlaw.com

Gregory S. Arovas (*pro hac vice*)
Todd M. Friedman (*pro hac vice*)
Alex R. Henriques (*pro hac vice*)
Peter J. Evangelatos (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: greg.arovas@kirkland.com
Email: todd.friedman@kirkland.com
Email: alex.henriques@kirkland.com
Email: peter.evangelatos@kirkland.com

Edward C. Donovan (*pro hac vice*)
Sean M. McEldowney (*pro hac vice*)
John Rhine (*pro hac vice*)
Matthew McIntee (*pro hac vice*)
Sophia Lee (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave, N.W.
Washington, D.C. 20004
Telephone: (202) 389-5000

0

Facsimile: (202) 389-5200
Email: edonovan@kirkland.com
Email: smceldowney@kirkland.com
Email: john.rhine@kirkland.com
Email: matt.mcintee@kirkland.com
Email: sophia.lee@kirkland.com

David Rokach (*pro hac vice*)
Jay Emerick (*pro hac vice*)
Nikhil Krishnan (*pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle Drive
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: david.rokach@kirkland.com
Email: jay.emerick@kirkland.com
Email: nikhil.krishnan@kirkland.com

Luke L. Dauchot (*pro hac vice*)
Ali-Reza Boloori (*pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900
Email: ldauchot@kirkland.com
Email: ali-reza.boloori@kirkland.com

Paul Sampson (*pro hac vice*)
Michael Lehr (*pro hac vice*)
KIRKLAND & ELLIS LLP
60 East South Temple, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 877-8100
Facsimile: (801) 877-8101
Email: paul.sampson@kirkland.com
Email: mike.lehr@kirkland.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

███████████████████████

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), Samsung certifies that it has complied with the meet and confer requirement in Local Rule CV-7(h), has made a good-faith effort to resolve the matter presented herein, and that the motion is opposed.  On September 22, 2023, lead and local counsel for Samsung, Greg Arovas and Melissa Smith, along with Jay Emerick, and lead and local counsel for Techiya, Brad Cangro and Jennifer Truelove, along with Jacob Snodgrass, met and conferred in good faith by telephone but were unable to reach agreement because the parties disagree as to whether Dr. Akl and Dr. Nettles should be disqualified or granted access to the protective order, and discussions conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Gregory S. Arovas*                  */s/ Melissa R. Smith*
Gregory S. Arovas                         Melissa R. Smith

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on September 27, 2023 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith

████████████████████

████████████████████████

█████████████████

██████████████  _____
████████████

0