IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STATON TECHIYA, LLC AND SYNERGY IP CORPORATION, | § § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION No. 2:21-cv-00413-JRG-RSP (Lead Case) |
| v. | § § | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC. | § § § § § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion To Drop Synergy IP Corporation As A Plaintiff Pursuant To Rule 21 (Dkt. No. 365), filed by Plaintiffs Staton Techiya, LLC and Synergy IP Corporation. Plaintiffs represent that when the suit was filed, Synergy was the exclusive licensee of Staton Techiya and thus had standing to sue. However, they represent that on February 6, 2023, that license was terminated and Synergy no longer has standing to be a plaintiff. Samsung opposes the motion.

In the initial motion, Plaintiffs sought that Synergy be dropped "without prejudice." That appeared to be a major part of the opposition by Samsung. However, Plaintiffs filed a Notice of Amendment to their motion (Dkt. No. 390) withdrawing the request that it be without prejudice and representing that "Plaintiffs request that the dismissal be with prejudice." Samsung's opposition also relied upon the concern that the February termination agreement did not meet the requirement that "an assignment of the 'right of action for past infringements' and resulting damages 'must be express, and can not be inferred from an assignment of the patent itself.'" (Dkt. No. 395 at 3, citing *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1995).

1

While disputing this argument, Plaintiffs sought to moot it by executing a "Supplement to Post Patent License Termination Agreement" (Dkt. No. 406-1). Samsung seems to argue that there may be a time period for which Staton Techiya may not be entitled to recover damages. If so, that may be a problem for Staton Techiya, but it is not a reason to deny this motion. It certainly appears to the Court that Staton Techiya has standing to pursue this action without the presence of its former licensee, Synergy. *See, Alfred E. Mann Foundation v. Cochlear Corporation*, 604 F.3d 1354, 1359-61 (Fed. Cir. 2010).

Samsung also raises concerns about whether granting this motion would make presentation of their evidence more difficult. Other cases have decided that is not a sufficient reason to deny a Rule 21 motion to drop a plaintiff. *E.g.*, *Evonik Degussa GmbH v. Materia Inc.*, 2013 WL 5488519 D.Del., Sept. 30, 2013). However, that is especially true in this case, where discovery has been completed (so the need for discovery from the party to be dropped is not an issue), and Synergy will remain in the case anyway as a defendant in the counterclaims.

The case law makes clear that "the grant or denial of a motion to bring in or to drop a party lies in the discretion of the judge." 7 *Wright, Miller & Kane*, Federal Practice and Procedure: Civil, § 1688 at 539. It is not the normal procedure for this situation, but the Court finds that it is nonetheless appropriate and fair. The rule expressly provides for the Court to assign "just terms" for granting such a motion. In this case, being so close to trial, justice requires that Synergy make arrangements for any witnesses it may call live at trial, to be available for Samsung to call on its counterclaim case in chief if they are listed for such purpose by Samsung.

Accordingly, IT IS RECOMMENDED that the Motion to Drop Synergy (Dkt. No. 365) be GRANTED, dismissing the claims of Synergy against Samsung with prejudice, on the terms set forth above.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 18th day of October, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE