IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA LLC and SYNERGY IP CORPORATION, <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | CIVIL ACTION NO. 2:21-cv-00413-JRG-RSP |

**REPORT & RECOMMENDATION**

Before the Court are several motions for summary judgment filed by Staton Techiya, LLC ("Techiya") and Synergy IP Corporation ("Synergy"). Techiya filed a Motion for Summary Judgment regarding Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively "Samsung") Non-patent Counterclaims. **Dkt. No. 426**. Synergy also filed a Motion for Summary Judgement regarding Samsung's Non-patent Counterclaims. **Dkt. No. 437**. Additionally, Techiya filed a Motion for Partial Summary Judgment Regarding Defendants' Fifth and Tenth Affirmative Defenses. **Dkt. No. 427**. For the reasons below, the motions should be **DENIED**.

**I.   BACKGROUND**

Plaintiffs Techiya and Synergy filed an initial complaint, which was superseded by an Amended Complaint, alleging patent infringement against Samsung. Dkt. No. 11. Asserted in that Amended Complaint were U.S. Patent Nos. 8,111,839; 8,254,591; 8,315,400; 9,124,982; 9,270,244; 9,491,542; 9,609,424; 10,405,082; 10,966,015; 10,979,836; 11,039,259; 11,057,701; 11,217,237; & 11,244,666. *Id.* at 2–4.

1

Generally, Plaintiffs assert that Samsung infringes the asserted patents "by making, using, selling and/or offering to sell, in this District and elsewhere in the United States, and/or importing into this District and elsewhere in the United States, certain Bixby-enabled smartphones and earphones . . . ." Dkt. No. 11 ¶ 30. Plaintiff's Amended Complaint includes a request for enhanced damages for willful infringement and pre-suit damages. Dkt. No. 11 at 49–50; *see* Dkt. No. 434 at 4. In addition to answering the Amended Complaint, Samsung asserted counterclaims generally "regarding non-infringement, invalidity, and to address a betrayal of trust by former executives and senior attorneys whom Samsung relied upon to direct patent licensing and litigation on its behalf and with whom Samsung shared its highly sensitive confidential information and strategies regarding these issues." Dkt. No. 94 at 44. Specifically, Samsung has alleged different combinations of trade secret misappropriation under 18 U.S.C. § 1836, breach of fiduciary duty, knowingly participating in, or aiding and abetting, breach of fiduciary duty, and civil conspiracy against counterclaim defendants Techiya, Synergy, Ahn, and Cho. Dkt. No. 94 at 66, 68, 70, 71.

## II.   LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. Substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for

summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

### III.    CONTROLLING LAW FOR THE COMMON LAW COUNTERCLAIMS

Present throughout the motions is the question of what jurisdiction's law controls the common law counterclaims, Counts XXII, XXIII, and XXIV. Dkt. No. 94 at 68–72 (the common law counterclaims); Dkt. No. 426 (Techiya relying on Texas law); Dkt. Nos. 501, 596 (Samsung asserting California and New York law controls); Dkt. Nos. 437, 536 (Synergy asserting that Korean law controls).

In a federal case involving common law claims, generally, "the law of the forum state . . . governs." *Verdine v. Ensco Offshore Co.*, 255 F.3d 246, 249–50 (5th Cir. 2001) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). Under Texas choice of law principles, the law of the state with the "most significant relationship" should govern. *Schneider Nat. Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) (citing *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)).

But "courts need not resolve apparent conflict of laws issues where no conflict actually exists—*i.e.*, where the conflict is 'false' because the result under each law would be the same." *Adi Worldlink, LLC v. RSUI Indem. Co.*, No. 4:16-CV-00665-ALM-CAN, 2017 WL 6403047, at *4 (E.D. Tex. Aug. 16, 2017), *report and recommendation adopted*, No. 4:16-CV-665, 2017 WL 4112112 (E.D. Tex. Sept. 18, 2017), *aff'd sub nom*. 932 F.3d 369 (5th Cir. 2019). "If no conflict of law exists on the issues, we need not decide which state's law applies." *Fraud-Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 377–78 (Tex. App.—Fort Worth 2003, pet. denied). The two

states' laws are consistent if "the result would be the same under the laws of either jurisdiction." *Playboy Enter., Inc. v. Sanchez-Campuzano*, 519 F. App'x 219, 225 (5th Cir. 2013) (citing *SAVA gumarska in kemijska industria d.d. v. Advanced Polymer Scis., Inc.*, 128 S.W.3d 304, 314 (Tex. App.—Dallas 2004, no pet.)). In Texas, the court "presume[s] that other states' laws are the same as its own," and therefore "the party advocating the use of a different state's laws bears the burden of rebutting that presumption." *Id.* (citing *Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc.*, 246 S.W.3d 42, 53 n.5 (Tex. 2008)).

First, the Court considers the relevant law from each jurisdiction for breach of fiduciary duty, to determine if a conflict is present.

The elements for breach of fiduciary duty in California are: "(1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *IIG Wireless, Inc. v. Yi*, 22 Cal. App. 5th 630, 646 (Cal. Ct. App. 2018) (internal citation omitted). And in Texas, a claim for breach of fiduciary duty in an employment relationship requires showing: (1) the existence of a fiduciary duty; (2) a breach of that duty; (3) causation; and (4) damages, either as an injury to the plaintiff or a benefit to the defendant. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2018). Under New York law, the elements are: "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Johnson v. Nextel Communications, Inc.,* 660 F.3d 131, 138 (2d Cir. 2011) (internal citation omitted). As indicated by Synergy, Korean law does not recognize a fiduciary duty for employees who are not "directors." Dkt. No. 437 at 17–18.

Without determining Ahn and Cho's status as directors, it is clear that Korean law differs from the other jurisdictions for at least one element of a breach of fiduciary duty claim. California, Texas, and New York law are similar in regards to required elements, however New York law

4

requires a "knowing breach" which does not appear in the other jurisdictions' recitation of elements. Additionally, both parties agree that New York, Texas, and Korean law differ, but disagree regarding whether California law differs. Dkt. No. 536 at 9; Dkt. No. 596 at 10. However, since some of the asserted jurisdictions involve conflicting law, the Court is not able to avoid determination of which law is controlling. *See Fraud-Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 377–78 (Tex. App.—Fort Worth 2003, pet. denied). Finding that California and Texas claim common elements does not remove the need to evaluate the most significant relationship, and not including California in that determination solely for similarity with Texas law is unpersuasive. The Court instead turns to the most significant relationship analysis, considering all four jurisdictions asserted.

Second, the most significant relationship test results in California and New York law applying to the counterclaims. *See Hughes Wood Products, Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000) (setting out the general factors relevant to choice of law determinations in Texas); *see also Hughes*, 18 S.W.3d at 205 n.1 (containing the factual matters to be considered when applying the principles). Samsung has made clear that the alleged fiduciary duty relevant to the counterclaims arises under Ahn and Cho's obligations as U.S. licensed attorneys. Disputed facts regarding whether Ahn and Cho were engaged as attorneys while employed at Samsung may aid in determining whether a fiduciary duty existed but are not dispositive of what law controls the claims.[1] Since the breach of fiduciary duty claim is predicated substantially on the fiduciary duty arising under an attorney's duty to a client, and the other common law claims are predicated on the breach, the Court finds that California and New York law would apply to the common law claims. *See CenTra, Inc. v. Estrin*, 639 F. Supp. 2d 790, 807 (E.D. Mich. 2009); *Daynard v. Ness,*

---

[1] When asked by the Court: "You are not contending that your clients were not counsel for Samsung," counsel for Plaintiffs replied: "No, we're not, Your Honor." Dkt. No. 297 at 16.

*Motely, Loadholt, Richardson & Poole, P.A.*, 178 F. Supp. 2d 9, 19 (D. Mass. 2001); *Huber v. Taylor*, 469 F.3d 67, 79 (3d Cir. 2006); *see also Diversified Grp., Inc. v. Daugerdas*, 139 F. Supp. 2d 445, 453 (S.D.N.Y. 2001); *Cont'l Cas. Co. v. Cura Grp., Inc.*, No. 03-61846-CIV, 2007 WL 9700733, at *7 (S.D. Fla. Jan. 23, 2007)

### IV. TECHIYA'S MOTION FOR SUMMARY JUDGMENT REGARDING SAMSUNG'S NON-PATENT COUNTERCLAIMS

Techiya filed a Motion for Summary Judgment addressing the counterclaims filed by Samsung. Dkt. No. 426; Dkt. No. 539. Samsung opposed the Motion with a response and supporting sur-reply. Dkt. No. 502; Dkt. No. 597. Techiya asserts summary judgment is warranted because: (A) Samsung's common law claims are preempted by TUTSA; (B) Samsung's claims for knowing participation in, or aiding and abetting, a breach of fiduciary duty cannot survive; (C) Samsung cannot identify any trade secrets and there is no evidence that Techiya misappropriated any trade secrets; and (D) Samsung's civil conspiracy claim fails because of the underlying claim's failure and due to a lack of intent from Techiya. The Court considers each point in turn.

#### A. TUTSA Preemption

Techiya asserts that the Texas Uniform Trade Secret Act "displaces conflicting tort, restitutionary and other [Texas law] providing civil remedies for misappropriation of a trade secret." Dkt. No. 426 at 17 (citing Tex. Civ. Prac. & Rem. Code § 134A.007(A)). Techiya contends that other courts have construed this provision broadly to include preemption even if the claim is just based on the unauthorized use of information. *Id.* at 17–18. Further, Techiya asserts that TUTSA preemption applies despite Samsung asserting the trade secret misappropriation claims under the federal Defend Trade Secrets Act ("DTSA"). *Id.* at 18.

Samsung responds that its arguments filed in opposition to Synergy's similar assertion applies equally to Techiya's assertions that the claims are preempted. Dkt. No. 502 at 17; *cf.* Dkt.

No. 437 § V.B.3. Samsung asserts that neither party argues that Texas Law applies, and accordingly, based on the language of TUTSA indicating it applies to Texas law claims, preemption would not apply. Dkt. No. 501 at 21. Further, Samsung references a previous ruling to support that preemption would not apply. *Id.* (citing Dkt. No. 259). Samsung also contends that since the breach of fiduciary duty claims are not identical to claims that could arise under TUTSA, preemption does not apply. *Id.* at 21–22. Finally, Samsung indicates that prior precedent allows plaintiffs to plead alternative forms of relief and not suffer preemption under TUTSA. *Id.* at 23–24.

Previously this Court held, "[t]o the extent that the Counterclaim defendants seek the application of TUTSA over select counterclaims, that prayer is not specifically and sufficiently made in the instant motion. See, e.g., 109-1 (proposed order). Further, there is no argument as to why preemption by TUTSA causes dismissal or would preclude the filing of an amended counterclaim." Dkt. No. 259 at 7. Contrary to Samsung's assertion, it is clear that the issue of preemption was not decided at the dismissal stage and is ripe for determination now.

However, having found that Texas law does not apply to the common law counterclaims, TUTSA preemption does not apply. *See supra* Section III; Tex. Civ. Prac. & Rem. Code § 134A.007(A). The Court is also not persuaded that TUTSA would preempt the DTSA based counterclaim, especially where Texas law is not applied.

### B. Samsung's Knowing Participation or Aiding and Abetting in a breach of fiduciary duty claims

Techiya asserts that these claims cannot survive due to (1) aiding and abetting is not a cognizable claim under Texas law; (2) Samsung's waiver of breach of fiduciary duty claims against Ahn and Cho; and (3) a lack of evidence demonstrating actual knowledge of the duty and breach.

7

1.  Aiding and Abetting Claim

Techiya asserts that aiding and abetting in a breach of fiduciary duty is not a cognizable claim under Texas law. Dkt. No. 426 at 19. Samsung does not dispute this point, choosing to emphasize that the claim is for "knowing participation" with "aiding and abetting" serving as an alternative claim. Dkt. No. 502 at 18. The Court finds that while the parties have agreed aiding and abetting is not an actionable claim under Texas law, the operative claim of knowing participation is still a cognizable claim for which remedy can be provided. Further, since Texas law does not control this counterclaim, this point is moot.

2.  Waiver of Fiduciary Duty Claims

Techiya asserts that Samsung has waived any fiduciary duty claims against Ahn and Cho due to a prolonged failure to complain of any conflict of interest. Dkt. No. 426 at 19 (citing *Vinewood*, 735 F. Supp. 2d 503, 516–20 (N.D. Tex. 2010)). Techiya relies on Samsung's allegedly conflicting approaches to licensing requests involving Ahn as well as the length of time over which the relevant negotiations occurred. *Id.* at 20. Techiya asserts that this delay results in a waiver of the claims against Synergy, Ahn, and Cho which in turn would defeat the knowing participation claim against Techiya. *Id.* at 19–20.

Samsung responds that this Court already considered the waiver argument when reaching a determination of the disqualification motion. Dkt. No. 501 at 19 (citing Dkt. No. 183 at 3). Additionally, Samsung asserts that delay was a result of possessing little information regarding Ahn and Cho's involvement in the Synergy licensing negotiation, as well as a change in context between the allegedly conflicting negotiations. Dkt. No. 502 at 19–20.

Previously this Court held:

> Second, the Court finds that Samsung has not consented or otherwise waived the duties and obligations Ahn and Cho owe Samsung as former counsel.

8

> Both Texas Disciplinary Rule 1.09 and ABA Model Rule of Professional Conduct 1.9(a) require written consent. Here, Samsung never provided such. The nondisclosure agreement entered into between Synergy and Samsung during the pre-suit license negotiations does not even mention Ahn and Cho, let alone waive a conflict of interest by them. Nothing in that NDA can reasonably be understood as a waiver or a consent.
>
> Ahn and Cho argue that Samsung's delay in seeking disqualification constitutes a waiver because Samsung had knowledge of any substantial relationship between Ahn's and Cho's employment and the instant suit as soon as suit was filed. However, the Court finds that express written consent as required under the rules implies that waiver is also a high bar not satisfied by these facts. The Court finds that the declaratory judgment action in the Northern District of California did not present a reasonable avenue to seek disqualification in this action, which was not filed until much later. Indeed, the fact that Ahn and Cho conceded that a conflict existed in the Blaze matter weighs against their argument that no similar conflict exists here. Furthermore, it was not unreasonable for Samsung to wait until July of this year to demand that Ahn and Cho remove themselves from the handling of the patent infringement litigation. The counterclaim, filed just 3 months after the complaint in this action, provided all of the details underlying Samsung's asserted conflict. Samsung did not lay behind the log waiting for some procedural advantage. The Court finds credible the explanation that Samsung was attempting to discover the role in this litigation that Ahn and Cho were performing.

Dkt. No.183 at 3–4. Having already considered the waiver argument previously when determining the disqualification motion, the Court reaches the same conclusion, namely that a waiver is not present.

### 3. Actual Knowledge Requirement

Relying on Texas law, Techiya asserts that Samsung cannot show actual knowledge of the alleged fiduciary duty by Techiya, failing the knowing participation claim.[2] Dkt. No. 426 at 19 (citing *D'Onofrio v. Vacation Publ'ns, Inc.*, 888 F.3d 197, 216 (5th Cir. 2018)). Techiya asserts that a "mere suspicion" that Techiya knew of Ahn and Cho's relationship, characterized as "must have known," is insufficient for this claim element. Dkt. No. 426 at 22 (citing *Joe N. Pratt Ins. V. Doane*, 2009 WL 3157335, at *3 (S.D. Tex. Sept. 25, 2009)).

---

[2] While it has been found that Texas law does not control, New York law requires knowing as part of its element for breach of fiduciary duty. Accordingly, the Court considers the arguments presented in the briefing.

9

Samsung responds that a dispute persists regarding the knowledge Techiya had regarding Ahn and Cho's relationship to Samsung at the time of licensing. Dkt. No. 502 at 23–25. First, Samsung asserts that previous licensing efforts occurred while Ahn and Cho were employees at Samsung and the pair received updates on the progress of the licensing negotiations. *Id.* at 23–24 (citing Dkt. No. 502-31). Samsung contrasts the licensing agreement between Synergy and Techiya with other licensing agreements entered into by Techiya to highlight the exclusivity given to Ahn and Cho not present in other agreements. *Id.* at 24. Second, Samsung asserts that Mr. Injung Lee testified that Ahn admitted he received a good deal due to his former role at Samsung. *Id.* at 24 (citing Dkt. No. 502-17). Finally, Samsung asserts that Techiya failed to take basic conflict checking steps and did not ask Synergy to run a conflict check. *Id.* at 24–25.

The Court finds that a genuine dispute of material fact is present regarding the actual knowledge of Techiya for purposes of the knowing participation counterclaim. The dispute is highlighted by conflicting testimony between corporate representatives and credibility arguments on both sides. These are factual disputes properly determined by the jury and are material to a claim element for the counterclaim. Nor is Techiya's supporting reference persuasive on this point.

### C. Trade Secret Identification and Evidence of Misappropriation

1. <u>Identification</u>

Techiya asserts that Samsung has failed to sufficiently identify its trade secrets for purposes of asserting a counterclaim at this stage of the proceedings. Dkt. No. 426 at 25. Techiya contends that Samsung has only provided vague descriptions of its purported "valuable trade secrets" and that it is not enough to describe a "system which potentially qualifies for trade secret protection" or "mere categories." *Id.* at 25–26 (citing *SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*,

2021 WL 4460522, at *9 (E.D. La. Sept. 29, 2021)). Further, Techiya asserts that Samsung's exemplary documents are deficient to identify the trade secrets. Dkt. No. 426 at 26–27.

Samsung responds that the asserted trade secrets are sufficiently described. Dkt. No. 502 at 25–26. Asserting narrative descriptions, Samsung contends the trade secrets were sufficiently described in their third supplemental responses. Dkt. No. 502 at 25–26 (referencing Dkt. No. 502-30). Samsung also points to specific documents demonstrating misappropriated secrets related to license terms, negotiating positions, and licensing agreements. Dkt. No. 502 at 26 (citing Dkt. No. 502-30; Dkt. No. 502-34 at 125:23–126:21). Additionally, contesting Techiya's cited authorities, Samsung distinguishes the instant case as not involving sophisticated, highly technical trade secrets such that the Court will have trouble determining what the trade secrets are, based on broad identification. *Id.* at 27.

The Court finds that the trade secrets have been identified with sufficient clarity to survive summary judgment. *SMH Enterprises, LLC v. Krispy Krunchy Foods, LLC*, 2021 WL 4460522, at *10 (E.D. La. 2021) ("the Fifth Circuit has never required that trade secrets 'be pled with extreme specificity.'") (quoting *Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 874 (5th Cir. 2013)); *ResMan, LLC v. Karya Property Management, LLC*, 2020 WL 5981852, at *3 (E.D. Tex. Oct. 8, 2020) ("However, while Texas law does require a degree of particularity, all a plaintiff must do is 'identify specific groupings...identify the types of trade secrets contained in the groupings, and explain how the alleged trade secrets were maintained and treated as trade secrets.'")(citing *Vianet Group PLC v. Tap Acquisitions, Inc.*, 2016 WL 4368302, at *20 (N.D. Tex. 2016)).

2. Personnel and Timing Information

Techiya asserts that Samsung's "personnel and timing related to its technical and financial evaluation of patents" are not trade secrets. Dkt. No. 426 at 27. Samsung responds that Techiya

11

mischaracterizes the trade secret asserted, clarifying that the trade secret of the "patent licensing strategy" encompassing the personnel and timing related information as examples. Dkt. No. 502 at 28–29. Techiya replies that the encompassing strategy does not result in a trade secret akin to the cited authority, such that the personnel and timing information components would result in a protectable trade secret. Dkt. No. 539 at 12.

The Court declines to find the categories asserted are not trade secrets, reserving that determination for the jury. *Gen. Universal Sys. v. Lee*, 379 F.3d 131, 150 (5th Cir. 2004) ("[t]he existence of a trade secret is properly considered a question of fact to be decided by the judge or jury as fact finder."); *see also Tewari De-Ox Sys., Inc. v. Mountain States/Rosen*, LLC, 637 F.3d 604, 613 (5th Cir. 2011) (noting "the question of whether certain information constitutes a trade secret ordinarily is best 'resolved by a fact finder after full presentation of evidence from each side.'").

### 3. Independent Economic Value

Techiya asserts that Samsung's patent strategy and patent licenses do not have independent economic value. Dkt. No. 426 at 29 (citing 18 U.S.C. § 1839(3)(B)). Techiya asserts that even if the purported trade secrets are considered confidential business information, they are still not a trade secret for lack of independent economic value. Dkt. No. 426 at 29–30. Samsung responds that this court and other courts have found the relevant information has independent economic value and the *Providence* case is factually distinguishable. Dkt. No. 502 at 29–30.

The Court agrees that *Providence* is factually distinguishable. *See Providence Title Co. v. Truly Title, Inc.*, 547 F. Supp. 3d 585, 609 (E.D. Tex. 2021). The instant case is not the situation described in *Providence* where the trade secrets constitute "[i]nformation that depends entirely on other factors for its economic value." *Id.* at 611. Rather, the licensing-related information could be

12

found by a reasonable jury weighing all inferences in favor of the non-movant to have independent economic value.

        4. Evidence of Misappropriation

Techiya asserts that Samsung lacks evidence showing that Techiya acquired the purported trade secrets by improper means. Dkt. No. 426 at 30–32. Samsung responds that a genuine dispute of material fact exists since Ahn and Cho had extensive non-public knowledge of Samsung and its products and practices, such that it would have been unlikely for Ahn and Cho to not use that knowledge while negotiating, and further that evidence demonstrates Techiya knew Ahn and Cho possessed this knowledge. Dkt. No. 502 at 30–31. Samsung points to Synergy's involvement in developing licensing strategies over numerous calls to discuss the same with Tecchiya. *Id.* at 31–32. Samsung also asserts that Techiya has misappropriated the information to assert the patents-in-suit, applying the knowledge for infringement reads. *Id.* at 32.

The Court finds that a genuine dispute of material fact exists on this point. The record demonstrates conflicting views on the amount of knowledge and information Techiya was privy to while the negotiations with Samsung occurred. Similar to the dispute discussed above regarding the actual knowledge Techiya had regarding Ahn and Cho's backgrounds, this dispute demonstrates a dispute that is proper for determination by the jury.

    **D. Samsung's Civil Conspiracy Claim**

Techiya asserts that this claim is also preempted by TUTSA, and for reasons discussed above, the Court finds TUTSA preemption does not apply. Dkt. No. 426 at 34; *see supra* Sections III, IV(A). Techiya also asserts that the civil conspiracy claim fails because the underlying tort claim, the knowing participation claim discussed above, fails. Dkt. No. 426 at 34. Determination

13

on this point is predicated on granting the above request for summary judgment. Since that request should be denied, the Court finds that the civil conspiracy claim should remain for resolution.

## V. SYNERGY, AHN, AND CHO'S MOTION FOR SUMMARY JUDGMENT REGARDING SAMSUNG'S NON-PATENT COUNTERCLAIMS

Synergy, Ahn, and Cho filed this Motion for Summary Judgment regarding Samsung's non-patent counterclaims, generally asserting that (A) Samsung has not identified its trade secrets, (B) Korean law should control the question of fiduciary duty, (C) should Texas law control, TUTSA preempts the claims, and (D) Samsung's other state law claims fail. *See* Dkt. No. 437; Dkt. No. 536. Samsung opposes the Motion with a response and sur-reply. Dkt. No. 501; Dkt. No. 596.

### A. Trade Secret Identification

Synergy asserts that Samsung's trade secret counterclaims are deficient because: (1) Samsung has not identified specific trade secrets; (2) Samsung has failed to show threatened or actual misappropriation; (3) Samsung did not employ reasonable measures to protect the trade secrets; and (4) Samsung's trade secrets do not have independent economic value.

#### 1. Identification

Synergy relies on the language of the Defend Trade Secrets Act, specifically 18 U.S.C. § 1839(3), for the proposition that Samsung must identify the purported trade secrets with specificity. Dkt. No. 437 at 8–10. Samsung asserts a similar position as the one discussed above. Dkt. No. 501 at 9–10.

The Court finds that sufficient identification has occurred. *See supra* Section III.C.1.

#### 2. Actual or Threatened Misappropriation

Relying on legislative history and secondary sources, Synergy asserts that Samsung needs specific evidence of misappropriation, not just broad assertions that misappropriation occurred

14

because of the knowledge Ahn and Cho possessed. Dkt. No. 437 at 11. Samsung responds that misappropriation claims can rely on circumstantial evidence and are not narrowly restricted to relying on admissions of misappropriation. Dkt. No. 501 at 10–11. Further, Samsung asserts the reasoning and points discussed above to support the assertion that genuine disputes of material fact are still present on this point. Dkt. No. 501 at 11, 13–15.

The Court finds that a genuine dispute of material fact is still present. Requiring that a claimant present specific evidence akin to explicit admissions of guilt is unnecessarily restrictive. Nor is the Court persuaded by Synergy's cited authorities. Rather what remains is a factual dispute generally regarding the level of knowledge Ahn and Cho possessed and to what extent the knowledge was relied on while dealing with Samsung.

### 3. Reasonable Measures of Protection

Synergy, in reference to 18 U.S.C. § 1839(3)(A), asserts that Samsung did not employ reasonable measures to protect its trade secrets. Dkt. No. 437 at 12. Synergy's contentions on this point rely on a predicate finding that Samsung has failed to specifically identify the trade secrets at issue, resulting in an unclear determination of the relevant protective measures. *Id.* Samsung responds that in the course of arguing this point, Synergy has admitted that security measures were in place. Dkt. No. 501 at 15. The Court finds that Synergy's assertion on this point is predicated on the finding that the trade secrets were not specifically identified. The sparse reasoning devoid of authorities is unpersuasive to demonstrate a lack of genuine dispute on this issue. Rather, Samsung has identified, at a minimum, evidence that shows a dispute concerning what security measures were in place and whether they comply with the statutory language.

4. Independent Economic Value

Synergy, in reference to 18 U.S.C. § 1839(3)(B), asserts that independent economic value is not present for the claimed trade secrets. Dkt. No. 437 at 12–13. Synergy contends that since Samsung's expert Dr. Ugone "has specifically tied the value of the alleged misappropriation to an as-yet determined value of any damages award in this case" the trade secrets do not have independent economic value. *Id.* at 13 (emphasizing a selection from Dr. Ugone's report discussing a contingent royalty payment). Samsung relies on a previous ruling from this Court to demonstrate that the trade secrets have independent economic value and contends that Synergy misinterprets Dr. Ugone's report. Dkt. No. 501 at 16.

Contrary to Samsung's assertion that this Court held the "trade secrets have significant economic value," the previous ruling held

> [c]ounterclaim defendants next argue that Samsung has not identified a trade secret with the required specificity. Samsung's answer and counterclaim clearly discusses the roles played by Ahn and Cho at SEC. Implicit in their roles is access to highly confidential information regarding Samsung's approach to its own and outside intellectual property. That information has significant value to SEC and to anyone else interested in enforcing patent rights against SEC.

Dkt. No. 259 at 7. This ruling was directed at the identification of trade secrets and is not a finding of independent economic value. Upon review of Dr. Ugone's report, the Court finds that the reasoning supplied to discuss a method of quantifying a reasonable royalty does not demonstrate that the trade secret's economic value is wholly contingent. *See* Dkt. No. 501-16 at 31.

**B. Controlling Law & Fiduciary Duty**

Synergy asserts that the existence of a fiduciary duty is controlled by Korean law. Dkt. No. 437 at 13. Predicated on this argument, Synergy asserts that Korean law does not extend a fiduciary duty beyond employment for non-directors, such as Ahn and Cho. *Id.* at 15. Summarily, Synergy asserts that Ahn and Cho had no duty under Korean law if it controls. *Id.* at 17–18.

16

The Court finds that Korean law does not control the question of fiduciary duty. *See supra* Section III. Ahn and Cho are licensed attorneys in California and New York respectively. Samsung's counterclaim is based substantially on their duties as U.S. licensed attorneys. Ahn and Cho's status as Korean licensed attorneys is not the basis of the counterclaims. For these reasons, the Court finds that Korean law does not control this question, and as such declines to find a duty does not exist relying on Korean law as Synergy has requested.

### C. TUTSA Preemption

Synergy asserts that should Texas law apply to these claims, TUTSA preempts Samsung's breach of fiduciary duty claims. Dkt. No. 437 at 18. For reasons discussed above, the Court finds that TUTSA preemption does not apply. *See supra* Section IV(A).

### D. Samsung's Other State Law Claims

Synergy asserts that Counts XXIII and XXIV, the knowing participation and civil conspiracy claims, are preempted "[f]or the same reasons that the breach of fiduciary duty claim is preempted[.]" Dkt. No. 437 at 22. Having already considered the preemption question above, the Court finds that these claims are not preempted. *See supra* Section IV(A).

Accordingly, having considered the points raised in the briefing and the relevant authorities, the Court recommends that Synergy's Motion for Summary Judgment be **DENIED**.

## VI. TECHIYA'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING SAMSUNG'S FIFTH AND TENTH AFFIRMATIVE DEFENSES

Techiya asserts generally that Samsung does not have enough evidence to maintain its fifth and tenth affirmative defenses. Dkt. No. 427 at 7, 8. Samsung represents "that it is not pursuing its Tenth Affirmative Defense (regarding 35 U.S.C. § 271(g) and 35 U.S.C. § 287(b))." Dkt. No. 500 at 4. Therefore, the Court turns to the only remaining dispute in this Motion, the fifth affirmative defense.

Samsung's fifth affirmative defense is "[s]ome or all of Plaintiffs' claims are barred by one or more of the doctrines of waiver, acquiescence, laches, estoppel (including without limitation equitable estoppel and prosecution history estoppel), unclean hands (for example, in connection with improper use of Samsung's trade secrets and confidential information, and other breaches of fiduciary duties, to extract undue payments from Samsung and/or to seek patent prosecution details of Samsung products), and/or unenforceability." Dkt. No. 94 ¶ 46.

Techiya asserts that Samsung has not identified any evidence to support this affirmative defense, and therefore cannot raise a genuine issue of material fact. Dkt. No. 427 at 7. Techiya asserts "Defendants did not provide any legal or factual basis . . . in their initial response, nor did Defendants supplement their response to Interrogatory No. 31 prior to the close of fact discovery." Dkt. No. 427 at 6. Samsung responds that the unclean hands and waiver defenses being pursued under the fifth affirmative defense were "disclosed and thoroughly supported with evidence in other interrogatory response and submissions." Dkt. No. 501 at 4 (referencing Dkt. Nos. 58, 100 ¶ 18; Dkt. No. 117 at 9–10; Dkt. No. 139 at 6 n.2; Dkt. No. 339 at 5–6). Samsung also responds that Techiya's reliance on a failure to supplement is not sufficient to render summary judgment proper. Dkt. No. 501 at 6. Regarding the waiver defense, Samsung asserts that the basis for the defense only arose after the close of discovery and is addressed fully in a concurrently filed motion for summary judgment. Dkt. No. 500 at 8; *see* Dkt. No. 434 at 5–6.

With regards to the "waiver defense" asserted, the Court finds that the underlying issue and reasoning is identified by both parties as being addressed fully in other motions. Dkt. No. 500 at 8; Dkt. No. 528 at 8. Accordingly, the Court defers to the reasoning and determinations already discussed. *See* Dkt. No. 718 (Report & Recommendation addressing the relevant motion, Dkt. No. 434).

Based on Samsung's representations and Techiya's response, the only remaining issue to determine regards the unclean hands defense. Dkt. No. 529 at 4; *see* Dkt. No. 598. The Court recommends that Techiya's request for entry of summary judgment for the non-asserted defenses, namely the defenses of acquiescence, laches, estoppel, and uneforceability be **DENIED AS MOOT**.

In reply, Techiya clarifies its dispute regarding the unclean hands defense, asserting that summary judgment is proper because of the lack of evidence and due to a failure to show a "sufficient nexus between that defense and Techiya's patent infringement claims."[3] Dkt. No. 529 at 4. Techiya supports the lack of evidence assertion by stating that Samsung has provided no facts during discovery, in amended answer, or in response to Interrogatory No. 31. Dkt. No. 529 at 4.

Samsung responds that the facts regarding the "unclean hands" defense are the basis of the counterclaims asserted in this case. Dkt. No. 598 at 4–5. Regarding the nexus argument, Samsung response is similarly reliant on the counterclaims and related facts. *Id.* at 5.

The Court finds that a genuine dispute of material fact is presented for the "unclean hands" defense. The facts underlying the counterclaims have sufficient overlap with the defense of the infringement case to survive summary judgment.

Accordingly, the Court recommends that Techiya's Motion for Partial Summary Judgment be **DENIED**.

## VII. CONCLUSION

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within 14 days bars that party from *de novo* review by

---

[3] Samsung contends this argument is newly asserted in reply. Dkt. No. 598 at 5. However, Techiya's initial motion stated "[the affirmative expert reports] do not tie any of those allegations to the prosecution of the Asserted Patents in this case, and thus do not support an 'unclean hands' defense." Dkt. No. 427 at 7. The Court is satisfied that this is not a wholly new argument in reply, and will consider the argument.

19

the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 19th day of November, 2023.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE