IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| STATON TECHIYA, LLC, SYNERGY IP CORPORATION, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:21-CV-00413-JRG |
| v. | § § | (LEAD CASE) |
| SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | CIVIL ACTION NO. 2:22-CV-00053-JRG (MEMBER CASE) |
| Defendants. | § § § | |

## ORDER

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") previously filed a motion to dismiss all asserted patent claims on two bases: (1) that these claims are "irreparably tainted by [Counterclaim Defendants] Ahn and Cho wrongfully seeking out, taking, using, and disclosing Samsung's privileged information about this case," and (2) that the "bad faith misconduct" of Counterclaim Defendant Synergy warrants the Court's use of its inherent power to dismiss the case. (Dkt. No. 779 at 1). Magistrate Judge Payne entered a Report and Recommendation (Dkt. No. 818), recommending that "Samsung's motion to dismiss be denied without prejudice and that a bench trial be scheduled to decide the merits of the equitable defense of unclean hands, as more fully set forth in Samsung's motion." (Dkt. No. 818 at 4). Plaintiff Staton Techiya, LLC ("Techiya") filed Objections (Dkt. No. 822), objecting in part that it has a Seventh Amendment right to have common factual issues between the counterclaims and the equitable defenses tried to a jury prior to any bench trial. (Dkt. No. 822 at 1-2). Specifically, Techiya noted that "Samsung's 'unclean hands' affirmative defense is predicated on at least some

of the same facts on which it relies as the basis for its legal Non-Patent Counterclaims against Techiya, including Ahn's and Cho's purported disclosure to Techiya of Samsung's purportedly 'privileged and confidential' information, and 'Techiya's knowledge' of the alleged misconduct by Synergy, Ahn, and Cho." (*Id.* at 2). For its part, Samsung also filed a "Limited Objection" to Magistrate Judge Payne's Report and Recommendation (Dkt. No. 818), stating that it "welcomes and is prepared for a bench trial on the 'serious issues' raised in its motion." (Dkt. No. 821 at 1).[1]

Subsequent to Techiya and Samsung's Objections to the Report and Recommendation, Magistrate Judge Payne issued an Order (Dkt. No. 834) (the "February 2nd Order") detailing a proposal—subject to the parties' agreement—by which the equitable defenses could be adjudicated at a bench trial prior to the jury trial on the infringement claims. Specifically, Magistrate Judge Payne sought confirmation from Techiya and Samsung that they agree on the following six points:

(1) Both Plaintiff and Defendants agree to waive any Seventh Amendment jury trial right they might have to any issues raised by the Counterclaims whether or not those issues overlap with the equitable defenses;

(2) Defendant, Samsung, agrees that the bench trial will subsume all issues in its counterclaims as well as all of the equitable defenses it has against Plaintiff, Staton Techiya (with the understanding that Samsung's damage claim will be addressed as set out above);

(3) Both sides therefore agree that, if Defendants do not prevail in the bench trial, all that will remain between Plaintiff and Defendants in this action will be the patent infringement claims and legal (as opposed to equitable) defenses. To the extent that Plaintiff maintains its willful infringement claim, Defendants may contend that some facts relevant to the Counterclaims are also relevant to the defense against willful infringement, but the Court will have to decide those issues as in any other case;

---

[1] Samsung explains that it "has no objection to proceeding to a trial on the facts, and if, as Samsung reads the Report and Recommendation, the R&R does not preclude Samsung from raising or advancing its legal theories during or after trial, Samsung has no objection at all." (Dkt. No. 821 at 2).

(4) The Court intends to sever the counterclaims against Synergy, Ahn, and Cho, and stay them while more clarity is acquired about the Korean criminal investigation;

(5) The Court intends to schedule the bench trial promptly; and

(6) Neither side waives whatever position they want to take regarding discovery and motion practice, but the Court's rulings on those issues are not conditions to either side's agreement on points 1-3 set out above.

(Dkt. No. 834 at 2). The Court then held a teleconference with the parties on February 5, 2024, in which all parties agreed to points (1), (2), and (3). *See* (Dkt. No. 838 at 5:20-24 ("Staton Techiya is agreeable with Points 1 through 3"), 6:13-24 ("So [Samsung] [is] also in agreement"), 6:25-7:3 (counsel for Synergy, Ahn, and Cho representing that those parties did not have any objection to what is laid out in the February 2nd Order)). Having waived the Seventh Amendment objections, the parties then filed a Joint Notice Regarding Pretrial Discovery and Exchanges for Bench Trial (Dkt. No. 839), in which the parties detailed which motions and disputes, in their view, need to be resolved prior to the bench trial.[2]

After conducting a *de novo* review of the record as discussed herein, including Samsung's motion to dismiss, the Report and Recommendation, Samsung and Techiya's Objections, the February 2nd Order, and the parties' subsequent agreement to the points contained therein, the Court agrees with the reasoning provided within the Report and Recommendation and concludes that the remaining Objections fail to show that the Report and Recommendation was erroneous. Consequently, the Court **OVERRULES** Samsung and Techiya's Objections, **ADOPTS** the Report and Recommendation, and **ORDERS** that the motion to dismiss (Dkt. No. 779) is **DENIED WITHOUT PREJUDICE** and that a bench trial in the above-captioned cases is **SET** before the undersigned on Tuesday, March 26, 2024 at 8:30 a.m. C.T. in Marshall, Texas. The Court has

---

[2] On February 14, 2024, Magistrate Judge Payne severed and stayed the counterclaims against Synergy, Ahn, and Cho, thereby satisfying point (4) from the February 2nd Order. (Dkt. No. 840).

allocated ten hours for the presentation of evidence, with no more than five hours reserved for each side. The parties will also be allowed an opening statement of not more than thirty minutes per side, and a closing argument of not more than thirty minutes per side. The opening statements and closing arguments shall not count against each sides' trial time. Samsung is further **ORDERED** to submit a trial brief, not to exceed fifteen pages, on the issues to be taken up at the bench trial on or before Friday, March 11 at 6:00 p.m. C.T. Techiya is further **ORDERED** to submit a brief in response, not to exceed fifteen pages, on or before Wednesday, March 21, 2024 at 6:00 p.m. C.T. No reply or sur-reply shall be submitted unless subsequently ordered by the Court.

**So ORDERED and SIGNED this 14th day of February, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE