# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| STATON TECHIYA, LLC and SYNERGY IP CORPORATION, | § § § § | |
| Plaintiffs-Counterclaim Defendants, | § § | Case Nos. 2:21-CV-00413-JRG-RSP; 2:22-cv-00053-JRG-RSP |
| v. | § § | |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC. | § § § § § | |
| Defendants-Counterclaim Plaintiffs. | | |

**TECHIYA'S SUR-REPLY IN OPPOSITION TO SAMSUNG'S MOTION TO REDACT INFORMATION FROM THE BENCH TRIAL TRANSCRIPT (DKT. 920)**

Samsung's Reply in Support of Its Motion to Redact ("Reply," Dkt. 925) does nothing to change the undeniable fact that Samsung specifically elicited in open court the testimony it now seeks to redact and did not object or take any other contemporaneous steps to prevent public disclosure of any offer amounts at trial when Techiya did the same. *See, e.g.*, Mar. 26 Trial Tr. at 190:13–191:11, 206:11–25; 207:6–20; *see also* Dkt. 922 at 4–6; Dkt. 916-2 at 5. Samsung cannot now simply un-ring the bell.

In this regard, Techiya did not "previously agree [that the offer amounts] were confidential" or that public disclosure of those offer amounts "would place Samsung at a competitive disadvantage," Dkt. 925 at 1, nor does Samsung put forth any evidence of such purported agreement. None exists.

Nor does it matter that Samsung asserts that the offers in this case were exchanged under the three-party Samsung-Synergy-Techiya NDA. The fact remains that Samsung did not object or otherwise make any effort to redact or limit the use of this information at trial—instead Samsung affirmatively put that information at issue. Nor did Samsung treat as confidential any of the multitude of other communications exchanged among the three parties to the NDA.

Samsung is also incorrect that "essential bench trial issues did not turn on the amounts of the offers." Dkt. 925 at 4. As Techiya has explained, the offer amounts are essential to understanding the parties' arguments at trial, as well as the contemporaneous conduct of their respective witnesses. Dkt. 922 at 6–7. Indeed, the Court discussed the offer amounts in its findings of fact and conclusions of law. *See, e.g.*, Dkt. 923 at 48–49 ("In May 2021, Dr. Ahn demanded Samsung pay ▅▅▅▅ to license the Techiya patents, which Samsung said was excessive based on its patent analysis.").

Finally, Samsung's Reply simply does not provide "compelling reasons supported by ***specific factual findings***" necessary for Samsung to overcome the "strong presumption that all trial proceedings should be subject to scrutiny by the public." *Kroy IP Holdings, LLC v. Safeway, Inc.*, 2015 WL 432012, at *1 (E.D. Tex. Feb. 2, 2015) (emphasis added); *Script Sec. Sols., LLC v. Amazon.com, Inc.*, 2016 WL 7013938, at *2 (E.D. Tex. Dec. 1, 2016) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)). Indeed, while Samsung cites two additional cases in its Reply, in each of those cases, the moving party submitted declarations providing particularized reasons for the party's requested redactions. *See, e.g.*, *San Diego Comic Convention v. Dan Farr Prods.*, 2018 WL 2717880, at *1 (S.D. Cal. June 5, 2018) (granting motion to redact only after Plaintiff "submit[ted] new declarations stating the compelling reasons in favor of sealing the documents"); *Jones v. PGA Tour, Inc.*, 2023 WL 6545413, at *4 (N.D. Cal. Oct. 5, 2023) (granting motion to redact exhibits attached to non-dispositive motion after reviewing, among other things, "the relevant Loffhagen declarations"). Here, Samsung has not provided any declarations in support of its motion—much less ones setting forth particularized reasons why public disclosure of the offer amounts exchanged in this case would cause it competitive harm. Even Samsung's attempt to distinguish *Kroy IP Holdings, LLC v. Safeway, Inc.*, 2015 WL 432012 (E.D. Tex. Feb. 2, 2015), fails for this same reason. *See* Dkt. 925 at 5 n.3.

The Court should deny Samsung's Motion.

| | |
|---|---|
| Dated: May 20, 2024 | Respectfully submitted,<br><br>By: */s/ Melissa C. Pallett-Vasquez*<br>Melissa C. Pallett-Vasquez (*pro hac vice* Dkt. 331)<br>mpallett@bilzin.com<br>Matthew Tieman (*pro hac vice* Dkt. 329)<br>mtieman@bilzin.com<br>**BILZIN SUMBERG BAENA PRICE & AXELROD LLP**<br>1450 Brickell Avenue, Suite 2300<br>Miami, Florida 33131-3456<br>Telephone: (305) 374-7580<br>Facsimile: (305) 374-7593<br>Email: stapanes@bilzin.com<br>Email: eservice@bilzin.com<br><br>Jennifer L. Truelove<br>State Bar No. 24012906<br>**MCKOOL SMITH, P.C.**<br>104 East Houston Street, Suite 300<br>Marshall, Texas 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br>Email: jtruelove@mckoolsmith.com<br><br>Bradford A. Cangro (Admitted in TXED)<br>bradford.cangro@pvuslaw.com<br>Robert J. Gaybrick (*pro hac vice* Dkt. No. 3)<br>robert.gaybrick@pvuslaw.com<br>Roger D. Taylor (Admitted in TXED)<br>roger.taylor@pvuslaw.com<br>Jacob A. Snodgrass (Admitted in TXED)<br>jacob.snodgrass@pvuslaw.com<br>Ghee J. Lee (Admitted in TXED)<br>ghee.lee@pvuslaw.com<br>Jeremy D. Peterson (Admitted in TXED)<br>jeremy.peterson@pvuslaw.com<br>Jing Zhao (*pro hac vice* Dkt. No. 347)<br>jing.zhao@pvuslaw.com<br>**PV LAW LLP**<br>5335 Wisconsin Avenue, N.W., Suite 440<br>Washington, D.C. 20015<br>Telephone: (202) 371-6861<br>Facsimile: (202) 888-3163 |

3

Elizabeth Day (Admitted in TXED)
eday@bdiplaw.com
Michael E. Flynn-O'Brien (Admitted in TXED)
mflynnobrien@bdiplaw.com
Aden Allen (Admitted in TXED)
aallen@bdiplaw.com
Robin K. Curtis (Admitted in TXED)
rcurtis@bdiplaw.com
Li Guo (*pro hac vice* Dkt. No. 345)
lguo@bdiplaw.com
Aaron R. Hand (Admitted in TXED)
ahand@bdiplaw.com
Jerry D. Tice II (Admitted in TXED)
jtice@bdiplaw.com
**BUNSOW DE MORY LLP**
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744

*Counsel for Staton Techiya, LLC*

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2024 a true and correct copy of the above and foregoing document has been delivered to all counsel of record.

By: */s/ Melissa C. Pallett-Vasquez*
Melissa C. Pallett-Vasquez