IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 2:21-CV-00413-JRG |
| v. § | (LEAD CASE) |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., § | CIVIL ACTION NO. 2:22-CV-00053-JRG |
| SAMSUNG ELECTRONICS AMERICA, § | (MEMBER CASE) |
| INC., § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Opposed Motion for Entry of Bill of Costs (the "Motion") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"). (Dkt. No. 952.) Having considered the Motion, the Court finds it should be and hereby is **GRANTED-IN-PART, DENIED-IN-PART,** and **CARRIED-IN-PART**.

**I.    BACKGROUND**

On November 5, 2021, Plaintiff Staton Techiya, LLC ("Techiya") and Synergy IP Corporation ("Synergy")[1] filed suit against Samsung, alleging infringement of several patents. (Dkt. No. 1.) The Court held a bench trial on March 26 and 27, 2024. Following the bench trial, on May 9, 2024, the Court issued its Findings of Fact and Conclusions of Law, finding that Techiya's asserted patent claims are unenforceable against Samsung based on unclean hands. (Dkt. No. 923.) Subsequently, the Court entered a Final Judgment awarding Samsung its costs as the prevailing party and directing Samsung to file its proposed Bill of Costs. (Dkt. No. 950.) That

---

[1] On May 29, 2024, the Court adopted Magistrate Judge Payne's Report and Recommendation (Dkt. No. 700) and dismissed Synergy's claims against Defendants with prejudice. (Dkt. No. 934.)

proposed Bill of Costs is now at issue before the Court.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). Additionally, Section 1920 enumerates specific expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d) to include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. While a court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Upon determining the "prevailing party" within the meaning of Rule 54(d)(1), courts must then determine what costs, if any, should be awarded to the prevailing party. *Marx v. General Revenue Corp.*, 568 U.S. 371, 375 (2013). The issue of costs raises a procedural issue not unique to patent law, and therefore is governed by regional circuit law. *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1364 (Fed. Cir. 2011). The Fifth Circuit has noted that a district court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006). Indeed, there

is a "strong presumption" that the prevailing party will be awarded costs, and a denial is "in the nature of a penalty." *Id.* (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

## III. DISCUSSION

Techiya does not dispute that Samsung is the prevailing party but argues that Samsung's Bill of Costs is excessive. Techiya also argues that equitable factors require reassessing and/or apportioning Samsung's requested costs. First, Techiya argues that Synergy should bear most of Samsung's costs because Synergy is responsible for the misconduct that gave rise to the Court's unclean hands finding. (Dkt. No. 958 at 9-10; Dkt. No. 970 at 4-5.) Second, Techiya contends that it should not bear any costs related to its patent claims because the Court affirmed the merits of those claims. (Dkt. No. 958 at 10-11; Dkt. No. 970 at 4-5.)

### A. Techiya's Equitable Arguments

#### 1. Techiya is Liable for Samsung's Recoverable Costs

Techiya argues that Synergy, not Techiya, should bear most of Samsung's costs related to Samsung's non-patent counterclaims and equitable defense of unclean hands. (Dkt. No. 958 at 9; Dkt. No. 970 at 4-5.) Specifically, Techiya argues that "because Synergy is responsible for the misconduct that primarily gave rise to the Court's finding of unclean hands and the dismissal of the action, Synergy (not Techiya) should bear the bulk of Samsung's costs related to the non-patent counterclaims/unclean hands defense." (Dkt. No. 958 at 10; *see also* Dkt. No. 970 at 4-5.) Techiya contends that the Court should apply joint and several liability and apportion the taxable costs between Techiya and Synergy, with the Court assessing a "bulk" against Synergy. (Dkt. No. 958 at 9-10; Dkt. No. 970 at 4-5.) Samsung argues that "[t]he Court's Final Judgment stat[ing] that 'Samsung is the prevailing party in this case and shall recover their costs *from Plaintiff Techiya*'" ends the inquiry that Techiya is liable for Samsung's costs, especially considering there is no judgment against Synergy. (Dkt. No. 964 at 1 (quoting Dkt. No. 952 at 2) (emphasis in original).)

3

Samsung also argues that Techiya's assertion that Synergy, not just Techiya, should be liable for Samsung's costs contradicts Techiya's prior positions in the case, specifically Techiya's motion to drop Synergy as a plaintiff and counter-defendant. (Dkt. No. 952 at 2-3; Dkt. No. 964 at 1-2.)

The Court can only assess costs against the party whom Samsung prevailed against. "[A] prevailing party is one that has obtained a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief." *El Paso Indep. Sch. Dist. v. Richard R.,* 591 F.3d 417, 422 (5th Cir. 2009) (citing *Buckhannon Bd. & Bare Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). Techiya does not dispute that Samsung is the prevailing party. (*See* Dkt. No. 958; *see also* Dkt. No. 970.) However, the Court terminated Synergy's claims in the above-captioned case before Samsung obtained any relief, let alone a judgment on the merits, against Synergy. Samsung is not a prevailing party against Synergy. As a result, the Court cannot assess taxable costs against Synergy. Accordingly, Techiya is liable for all of Samsung's properly taxable costs in the above-captioned case.

### 2. Techiya is Liable for the Costs Related to the Entire Litigation

Techiya also argues that it should not bear costs related to its meritorious patent claims. (Dkt. No. 958 at 10-11; Dkt. No. 970 at 5.) Samsung argues that Techiya is liable for the costs related to the entire case, not just the costs stemming from Samsung's unclean hands defense. (Dkt. No. 952 at 3; Dkt. No. 964 at 3-4.) Samsung contends that the Federal Rules of Civil Procedure do not parse the prevailing party's entitlement to costs in such a fashion. (Dkt. No. 952 at 3; Dkt. No. 964 at 3-4.)

As the prevailing party, Samsung is *prima facie* entitled to all its costs. *Pacheco*, 448 at 793. Techiya argues that the Court should not award Samsung the costs it incurred defending against Techiya's patent claims because "Techiya's patent infringement claims were (and remain) meritorious." This argument fails. Under Fifth Circuit authority, a court "may neither deny nor

4

reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Schwarz*, 767 at 131; *see also Kemin Foods, L.C. v. Pgimentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006) ("In fact, apportioning costs according to the relative success of parties is appropriate only under limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained."). The Fifth Circuit has also concluded that a "case must be viewed as a whole" and a party need not prevail on every issue to deserve costs. *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Techiya's belief its patent claims were "meritorious" is not a compelling basis to reduce an award of costs.[2] Meritorious or not, in a vacuum, Techiya's patent claims have been foreclosed by Samsung's successful unclean hands defense. (Dkt. No. 923.) Accordingly, the Court finds that Techiya is liable for Samsung's cost related to the entire case, not just the unclean hands defense.

### B. Recoverable Costs

#### 1. Uncontested Recoverable Costs

The parties have agreed that $48,703.09 is taxable as costs against Techiya, as follows:

- $11,331.73 in hearing transcripts fees;[3]
- $8,897.50 in statutory witness fees under 28 U.S.C. § 1821;
- $20,401.28 in conversion of documents to TIFF fees; and
- $8,072.58 in compensation of court-appointed experts.

(Dkt. No. 958 at 9 n.3; *see also* Dkt. No. 970 at 1-3.) Accordingly, the Court awards Samsung the aforementioned uncontested costs.

---

[2] Even if some apportionment were appropriate, Techiya has not suggested a workable way to apportion these costs. Techiya proposes reducing Samsung's costs that ***Techiya*** deems are recoverable after its objections by half, but that reduction is unrealistic. (Dkt. No. 958-1 ¶¶ 31-33.)

[3] While Samsung originally sought costs for expediting hearing transcripts and videoconferencing fees (Dkt. No. 952 at 5), Samsung submitted an updated Bill of Costs with its Reply to narrow these disputes (Dkt. Nos. 964, 964-3). As such, Techiya does not dispute Samsung's new request for hearing transcript fees. (*See* Dkt. No. 970.)

### 2. Disputed Expedited Deposition Transcripts

Techiya argues that Samsung improperly requests costs associated with expediting deposition transcripts. (Dkt. No. 958 at 3-4; Dkt. No. 970 at 1-2.) Techiya identifies two invoices that identify the transcript as being expedited but do not break out expediting fees. (Dkt. No. 958 at 3 (citing Dkt. No. 958-2); *see also* Dkt. No. 970 at 1.) Techiya argues that expediting fees are included in the per-page charge for expedited deposition transcripts. (Dkt. No. 958 at 3; Dkt. No. 970 at 1-1.) Techiya contends that the standard per-page price for non-expedited transcripts is $4.00 and requests that the Court limit Samsung's deposition transcripts costs accordingly. (Dkt. No. 958 at 3; Dkt. No. 970 at 1-2.) Samsung argues that expedited transcripts may be taxable whereas, here, "the special character of the litigation necessities" it. (Dkt. No. 964 at 4 (quoting *Fogleman*, 920 at 285).) Samsung also argues that Techiya offers no legal support for its contention that Samsung is not permitted to recover the actual per-page costs it incurred for expedited deposition transcripts. (Dkt. No. 964 at 4.)

As to the expediting fees, Samsung has failed to produce a sufficient argument that it is entitled to recover the costs associated with the expedited deposition transcripts. Samsung is correct that there is an exception to the general rule that expedited delivery charges are not recoverable if "the special character of the litigation necessitates" expedited receipt of the transcript. However, Samsung has the burden of showing that taxation of these costs is necessary under the exception. *Realtime Data, LLC v. T-Mobile USA, Inc.*, 2013 WL 12156681, at *1 (E.D. Tex. May 1, 2013) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). Samsung has not established that the exception to the general rule applies here. Nevertheless, while Techiya identified two invoices that contain expedited delivery charges that Samsung did not remove from the costs it seeks, the Court does not find that Samsung is seeking to recover expedited delivery charges for all deposition transcripts in its Bill of Costs.

For the deposition transcript per-page costs, the Court is persuaded that Samsung is entitled to recover the actual per-page deposition transcript costs *minus* any fees that Samsung paid to expedite those transcripts. The Court appreciates that different court reporters may structure their charges differently for expedited transcripts. Therefore, the Court is not persuaded that the Court should limit Samsung's recovery to $4.00 per page.[4]

Since the Court is finds that Samsung is entitled to its base cost (excluding any added costs for expediting), the Court grants leave to Samsung to supplement its request by removing the costs associated with expediting deposition transcripts. The base costs minus any added charge for expediting are recoverable under Section 1920. Samsung must file any supplemental information within ten (10) days from the date of this order.

### 3. Disputed Incidental Deposition Costs

Samsung contends that it removed the cost of real-time transcription, shipping, extra copies, rough drafts, and processing fees from its requested costs. (Dkt. No. 952 at 5.) In its Sur-Reply, Techiya appears to dispute this contention. (Dkt. No. 970 at 2.) Specifically, Techiya identifies and complains about two specific invoices. (Dkt. No. 970 at 2 (citing Dkt. No. 958-2).) The invoice for the Dr. Suengho Ahn deposition separates the costs associated with Realtime ($735), ASCII ($436.80), exhibits ($137.50), XMEF file ($150), processing ($45), and shipping and handling ($49). (Dkt. No. 958-2 at 3.) In its Bill of Costs, Samsung removed these incidental costs from the amount it seeks to recover. (*Compare* Dkt. No. 958-2 at 3 *with* Dkt. No. 964-3 at 9.) However, the invoice for the Soon Ho Baek deposition does not separately identify these incidental costs.

---

[4] It is noteworthy that the invoice that Techiya identifies as its sole support for the $4.00 per-page charge is from a court reporter that the parties used for only a single deposition in this case. (Dkt. No. 958 (citing Dkt. No. 958-3) (identifying a U.S. Legal Support invoice); Dkt. No. 952-2 (listing a single U.S. Legal Support deposition invoice as a taxable cost).

The Court is persuaded that Samsung is entitled to at least a portion of these costs. Accordingly, the Court grants leave to Samsung to supplement its request with information sufficient to support Samsung's contention that it removed the incidental costs associated with depositions that are not recoverable under Section 1920. Samsung must file any supplemental information within ten (10) days from the date of this order.

### 4. Disputed Video Deposition Costs are Taxable

Techiya argues that the Court should reduce Samsung's request for deposition videotapes by $32,311.25 for the deposition videos of Samsung's own witness and Techiya's expert witnesses. (Dkt. No. 958 at 4; Dkt. No. 970 at 2.) Techiya argues that deposition videos of Samsung's own fact and expert witnesses were not necessary because Samsung had control over these witnesses and Samsung needed to produce them live at trial. (Dkt. No. 958 at 4.) Techiya contends that if Samsung was forced to call a witness by deposition it could have used written transcripts to provide cross-designations that Techiya could incorporate in the video Techiya played for the Court. (*Id.*) Samsung argues that the expenses it incurred to obtain deposition videos were reasonable and necessary. (Dkt. No. 952 at 4-5; Dkt. No. 964 at 4.) Samsung also argues that "the Fifth Circuit has 'consistently held that . . . [i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party.'" (Dkt. No. 964 at 4 (quoting *Fogleman*, 920 at 285).)

The Court finds that Samsung is entitled to recover the costs associated with the deposition videotapes because Samsung necessarily obtained them for presentation of this case, and not merely for discovery. The Court's standing order is particularly instructive: "costs may be allowed for video tapes of depositions." (Chief Judge Rodney Gilstrap's Standing Order Regarding Bills of Costs at 3 (collecting cases).) Expenses for videotaped depositions are taxable—even if printed transcripts are also available. *See SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 4591893, at *2

8

(E.D. Tex. Sept. 30, 2011) ("Defendants argue that the plain language of 28 U.S.C. § 1920(2) allows recovery for deposition transcripts or electronic video recording, not both. The Court disagrees."). Accordingly, Samsung is entitled to recover the full $56,162.65[5] in costs for videotaped depositions.

### 5. Disputed Printing Costs

Techiya argues that the Court should reduce Samsung's printing costs request by $29,581.35 because Samsung impermissibly includes costs for printing multiple copies of documents. (Dkt. No. 958 at 6-7; Dkt. No. 970 at 2-3.) Techiya also argues that Samsung's invoices fail to provide sufficient detail to determine whether the copying was necessary. (Dkt. No. 958 at 6-7; Dkt. No. 970 at 2-3.) Samsung responds that it is unclear how Techiya arrived at the amount it requests the Court to deduct from Samsung's printing costs. (Dkt. No. 964 at 5.) Samsung, in conjunction with its reply, submitted an attorney declaration providing additional detail to support some of the printing costs it requests. (Dkt. No. 964-1 ¶ 4.) Techiya disputes that Samsung's attorney declaration provides the necessary detail, arguing that "it is impossible to determine how much of this [printing] was necessary, as opposed to being obtained for the convenience of counsel." (Dkt. No. 970 at 2.)

The Court agrees that Samsung's printing descriptions fall short of what is necessary to inform Techiya or the Court that those items represent recoverable costs. While courts do not "expect a prevailing party to identify every Xerox copy made for use in the course of legal proceedings," they do "require some demonstration that reproduction costs necessarily result from that litigation." *Fogleman*, 920 F.2d at 286. Samsung is entitled to recover its "fees for exemplification and the costs for making copies" that were "necessarily obtained for use in the

---

[5] In Samsung's Updated Bill of Costs, Samsung requests $56,162.65 for deposition videography services. (*See* Dkt. No. 964-3.)

9

litigation," however, "[c]harges for multiple copies of documents . . . are not recoverable." (*See* this Court's Standing Order Regarding Bills of Costs at 4.) Samsung's descriptions do not state with particularity what documents were prepared and that any printing that was done was limited to single copies. For example, Samsung admits that at least one invoice it seeks costs for includes costs for creating twelve binders. (Dkt. No. 964-1 ¶ 4.) Further, Samsung's Bill of Costs merely identifies who conducted the printing, not why they were reasonably needed. (Dkt. No. 964-3 at 32.) While Samsung submitted an attorney declaration to provide additional information for some printing services, that declaration continues to fall short when it comes to what documents were printed and why. (*See* Dkt. No. 964-1 ¶ 4.) There is no representation that the printing costs Samsung requests are limited to single copies. (*See id.*) Also, while Samsung's attorney declaration provides additional information for six printing services, there are ten printing services for which Samsung seeks its costs. (*See id.*)

The Court is persuaded that Samsung is entitled to at least a portion of these costs; however, it is Samsung's burden to justify such with reasonable particularity. As such, the Court grants leave to Samsung to supplement its request with information sufficient to make an adequate showing and remove the non-taxable costs, as discussed herein. Samsung must file any supplemental information within ten (10) days from the date of this order.

### 6. Disputed Interpreter Fees

#### a. Interpreters used for off-the-record communications

Techiya argues that Samsung is not entitled to recover "interpreter costs for communicating with its witnesses off the record," specifically for deposition and trial preparation. (Dkt. No. 958 at 8-9; Dkt. No. 970 at 3.)[6] Samsung argues that Techiya's decision to sue a Korean company

---

[6] Techiya also argues that Samsung is not entitled to $2,314.59 for an on-site interpreter as opposed to a remote interpreter for trial preparation. (Dkt. No. 958 at 8; Dkt. No. 970 at 3.)

10

"required Samsung to incur interpretation costs necessary to prepare non-English speakers to testify at deposition and trial." (Dkt. No. 964 at 5.)

The Court is not persuaded that Samsung is entitled to recover interpreter costs for off-the-record witness communication. While the Court may award compensation for interpreters under Section 1920, the prevailing party bears the burden of establishing that such interpretation services were necessarily incurred. *See Taniguchi*, 566 U.S. at 574-75. Samsung has not established that such costs were necessarily incurred as opposed to being incurred for counsel's convenience. Accordingly, the Court finds that Samsung is not entitled to interpreter costs for off-the-record communication with its witnesses.

b. <u>Interpretation costs for witnesses who testified in English</u>

Techiya argues that Samsung is not entitled to recover interpreter costs for witnesses who testified in English, both for depositions and the evidentiary hearing. (Dkt. No. 958 at 8; Dkt. No. 970 at 3.) Samsung argues that the "witnesses are not native English speakers, the parties agreed to have an interpreter available per the witnesses' request, and certain witnesses used the interpretation services, demonstrating its necessity." (Dkt. No. 964 at 5.)

The Court finds that Samsung is entitled to recover interpreter fees where the witness is not a native English speaker. However, the Court finds that Samsung is not entitled to recover interpreter costs for dates where witnesses were not deposed or did not testify (*i.e.*, deposition preparation or cancellation). Samsung bears the burden of establishing that such interpreter costs were necessarily incurred. *See Leal v. Magic Touch Up, Inc.*, No. 3:16-CV-00662-O, 2019 WL 162885, at *4 (N.D. Tex. Jan. 9, 2019). Samsung explained the necessity of an interpreter, particularly that the witnesses are not native English speakers and the parties ***agreed*** to have an interpreter available. The fact that some witnesses testified in English with little interpreter assistance does not dispense with the interpreter's necessity. Accordingly, the Court finds that

Samsung is entitled to the interpreter costs for witnesses who testified in English, but Samsung is not entitled to interpreter costs for days during which the witnesses were not deposed or did not testify.

      c.  Interpreter travel costs within the United States

Techiya argues that Samsung is not entitled to recover interpreter travel costs for an interpreter to travel to the in-person evidentiary hearing because the witnesses, if they were to testify, would have testified at the hearing over Zoom.[7] (Dkt. No. 958 at 8; Dkt. No. 970 at 3.) Samsung argues that the interpreter's travel fees are part of the interpreter's compensation and are recoverable. (Dkt. No. 964 at 5.)

The Court is persuaded and finds that Samsung is entitled to the $3,808.68 it seeks in travel costs for an interpreter to attend an in-person evidentiary hearing. Section 1920(6) allows a prevailing party to recover "compensation of interpreters." In technical cases such as this case, a competent interpreter who can communicate clearly in English as well as in the foreign language at issue is crucial to understanding the testimony of a witness whose native language is not English. Understanding only the general gist of such testimony is not good enough. The Court concludes that an interpreter's "compensation" properly includes reasonable travel expenses as taxable costs for in-person evidentiary hearings. Accordingly, the Court finds that Samsung is entitled to the $3,808.68 in interpreter travel costs.

## IV. CONCLUSION

The Court finds Samsung's Opposed Motion for Entry of Bill of Costs should be and hereby is **GRANTED-IN-PART, DENIED-IN-PART,** and **CARRIED-IN-PART** as

---

[7] Techiya also argued that Samsung is not entitled to recover the interpreter's travel costs because the witnesses at issue previously testified in English. (Dkt. No. 958 at 8.) The Court addressed this argument above. (*See supra* Section III.B.6.c.)

specifically set forth herein. (Dkt. No. 952.) It is **ORDERED** that Samsung's Bill of Costs as to the uncontested costs noted herein, in the amount of $48,703.09 is **APPROVED**. It is **ORDERED** that Samsung's Bill of Costs as to deposition videotapes in the amount of $56,162.65 is **APPROVED**. It is further **ORDERED** that Samsung's Bill of Costs as to the interpreter's travel costs in the amount of $3,808.68 is **APPROVED**. It is further **ORDERED** that Samsung's costs for interpreters used for off-the-record communications with its witnesses is **DISALLOWED**. The Court further finds that where leave has been granted allowing Samsung to supplement its earlier submissions that such shall be filed **within ten (10) days from this order**. The Court **CARRIES** these matters until such supplemental filings have been submitted and considered by the Court.

**So ORDERED and SIGNED this 29th day of August, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE