IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | CIVIL ACTION NO. 2:21-CV-00413-JRG |
| v. § | (LEAD CASE) |
| § | |
| SAMSUNG ELECTRONICS CO., LTD., § | CIVIL ACTION NO. 2:22-CV-00053-JRG |
| SAMSUNG ELECTRONICS AMERICA, § | (MEMBER CASE) |
| INC., § | |
| § | |
| *Defendants*. § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is the Bill of Costs Supplemental (the "Supplement") filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"). (Dkt. No. 978.) On August 29, 2024, the Court requested further information regarding Samsung's Opposed Motion for Entry of Bill of Costs (the "Motion") (Dkt. No. 952). (Dkt. No. 973.) Having considered the Motion and Supplement, the Court finds that Samsung's Motion should be and hereby is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.     BACKGROUND

On November 5, 2021, Plaintiff Staton Techiya, LLC ("Techiya") and Synergy IP Corporation ("Synergy")[1] filed suit against Samsung, alleging infringement of several patents. (Dkt. No. 1.) The Court held a bench trial on March 26 and 27, 2024. Following the bench trial, on May 9, 2024, the Court issued its Findings of Fact and Conclusions of Law, finding that Techiya's asserted patent claims are unenforceable against Samsung based on unclean hands. (Dkt.

---

[1] On May 29, 2024, the Court adopted Magistrate Judge Payne's Report and Recommendation (Dkt. No. 700) and dismissed Synergy's claims against Defendants with prejudice. (Dkt. No. 934.)

No. 923.) Subsequently, the Court entered a Final Judgment awarding Samsung its costs as the prevailing party and directing Samsung to file its proposed Bill of Costs. (Dkt. No. 950.)

Samsung filed its opposed Bill of Costs—the Motion—on July 5, 2024. (Dkt. No. 952.) Techiya filed its opposition on July 22, 2024. (Dkt. No. 958.) Samsung filed its reply on August 2, 2024. (Dkt. No. 964.) Techiya filed its sur-reply on August 19, 2024. (Dkt. No. 970.) The Court issued a Memorandum Order and Opinion on Samsung's Motion on August 29, 2024. (Dkt. No. 973.) In the Court's Order, the Court granted-in-part, denied-in-part, and carried-in-part Samsung's Motion. (*Id.*) Regarding the portions of Samsung's Motion that the Court carried, the Court requested additional information to determine what costs Samsung was entitled to recover under Section 1920. (*Id.*)

For clarity, the Court's ruling below is a comprehensive order on the costs Samsung seeks in its Motion.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) affords courts discretion in awarding costs to prevailing parties. *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 565 (2012). Additionally, Section 1920 enumerates specific expenses that a federal court may tax as costs under the discretionary authority found in Rule 54(d) to include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. While a court may decline to award costs listed in the statute, it may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Upon determining the "prevailing party" within the meaning of Rule 54(d)(1), courts must then determine what costs, if any, should be awarded to the prevailing party. *Marx v. General Revenue Corp.*, 568 U.S. 371, 375 (2013). The issue of costs raises a procedural issue not unique to patent law, and therefore is governed by regional circuit law. *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1364 (Fed. Cir. 2011). The Fifth Circuit has noted that a district court "may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Pacheco v. Mineta*, 448 F.3d 783, 793-94 (5th Cir. 2006). Indeed, there is a "strong presumption" that the prevailing party will be awarded costs, and a denial is "in the nature of a penalty." *Id.* (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985)).

### III.   DISCUSSION

#### A.   Uncontested Recoverable Costs

As addressed in the Court's Order of August 29, 2024, the parties agreed that $48,703.09 is taxable as costs against Techiya as follows:

- $11,331.73 in hearing transcripts fees;
- $8,897.50 in statutory witness fees under 28 U.S.C. § 1821;
- $20,401.28 in conversion of documents to TIFF fees; and
- $8,072.58 in compensation of court-appointed experts.

(Dkt. No. 973 at 5.) Accordingly, the Court awarded Samsung these uncontested costs in their entirety. (*Id.*)

### B. Disputed Expedited Deposition Transcripts

In the Court's Order, the Court found that Samsung is entitled to recover the base cost of its deposition transcript, excluding any added costs for expediting. (Dkt. No. 973 at 6-7.) The Court granted Samsung leave to supplement its request by removing the costs associated with expediting deposition transcripts.

In its Supplement, Samsung amended its requested costs for deposition transcripts to remove any added costs associated with expediting the transcript. (Dkt. No. 978 at 1-2; Dkt. No. 978-2 at 4-16.) In support of its amended request, Samsung provided documentation, including invoices and correspondence with the deposition services, to support its assertion that it removed all unrecoverable costs. (Dkt. Nos. 978-2, 978-3, 978-4, 978-5.) Upon review of Samsung's supplemental information, the Court is persuaded that Samsung's "Updated Requested Amount: No Expediting"[2] for the costs associated with deposition transcripts is limited to the actual per-page deposition transcript costs minus any fees that Samsung paid to expedite the deposition transcripts.

Accordingly, the Court finds that Samsung is entitled to recover $91,786.76 in costs for deposition transcripts.

### C. Disputed Incidental Deposition Costs

In the Court's Order, the Court found that Samsung is not entitled to certain incidental costs associated with depositions that are not recoverable under Section 1920. (Dkt. No. 973 at 7-8.) The Court granted Samsung leave to supplement its request to remove these incidental deposition costs.

In its Supplement, Samsung amended its requested costs for deposition transcripts and

---

[2] In Exhibit A to Samsung's Supplement, Samsung included a column entitled "Updated Requested Amount: No Expediting" to indicate Samsung's amended costs associated with deposition transcripts excluding any non-recoverable costs associated with expediting. (*See* Dkt. No. 978-2 at 4-16.)

deposition videography and videoconferencing to remove these incidental deposition costs. (Dkt. No. 978 at 2.) In support of its amended request, Samsung provided deposition invoices to support its assertion that it removed all incidental costs. (Dkt. No. 978 at 2; Dkt. No. 978-2 at 11, 14, 22, 25; Dkt. No. 978-3.) Samsung states that the incidental deposition costs were only included in the line item for Soon Ho Baek's January 6, 2023, deposition transcript and videography services. (*See* Dkt. No. 978 at 2; *see also* Dkt. No. 978-3 at 120, 121, 148, 149.)

Accordingly, the Court finds that Samsung has properly removed the non-recoverable incidental deposition costs. The Court separately addresses the costs Samsung is entitled to recover for deposition transcripts (*supra* Section III.B) and deposition videography (*infra* Section III.D).

### D.   Disputed Video Deposition Costs are Taxable

In the Court's Order, the Court found that Samsung is entitled to recover the costs associated with deposition videotapes because Samsung necessarily obtained them for presentation of this case and not merely for discovery. (Dkt. No. 973 at 8-9.) The Court awarded Samsung $56,162.65 for videotaped depositions based on Samsung's August 2, 2024, Updated Bill of Costs and the entries that Samsung identified as deposition videography. (*Id.*)

Samsung's Supplement made two changes with respect to the costs Samsung seeks for deposition videography. First, Samsung removes the incidental costs associated with Soon Ho Baek's January 6, 2023, deposition. (Dkt. No. 978-2 at 22 (reducing the requested costs from $1,745 to $665).) As discussed above, Samsung provided documentary evidence to support its assertion that it removed these non-recoverable incidental costs. (*Supra* Section III.C.)

Second, Samsung revised the narratives for two entries to indicate that these costs were for deposition videography. (*Compare* Dkt. No. 964-3 at 29 ("TransPerfect Deposition Solutions – Invoice for Deposition Services for Nir Klein Deposition (Prior art witness deposed by Samsung)") *with* Dkt. No. 978-2 at 26 ("TransPerfect Deposition Solutions – Invoice for Deposition Services

5

for Nir Klein Deposition *(videography)* (Prior art witness deposed by Samsung) (emphasis added); *compare* Dkt. No. 964-3 at 29 ("TransPerfect Deposition Solutions – Invoice for Deposition Services for Sora Noh Deposition (Synergy Korean law expert deposed by Samsung)") *with* Dkt. No. 978-2 at 26 ("TransPerfect Deposition Solutions – Invoice for Deposition Services for Sora Noh Deposition *(videography)* (Synergy Korean law expert deposed by Samsung)") (emphasis added).) Since Samsung's August 2, 2024, Updated Bill of Costs did not identify these entries as associated with deposition videography, the Court did not award Samsung these costs in the Court's August 29, 2024, Order. Upon review of these two invoices and Samsung's supplemental information, the Court is persuaded that both these entries are recoverable because Samsung necessarily obtained them for presentation of this case at trial, not merely for discovery. Therefore, the Court is persuaded that Samsung's "Further Updated Requested Amount"[3] is recoverable under Section 1920.

Accordingly, the Court amends its prior Order (Dkt. No. 978 at 9) and finds that Samsung is entitled to recover $58,182.65 in costs for videotaped depositions.

### E.   Disputed Printing Costs

In the Court's Order, the Court found that Samsung is entitled to a portion of its printing costs, but that Samsung failed to meet its burden to justify its entitlement with reasonable particularity. (Dkt. No. 973 at 9-10.) Specifically, the Court found that Samsung's descriptions did not state with particularity what documents were prepared and that any printing that was done was limited to single copies. (*Id.*) The Court granted Samsung leave to supplement its request with information sufficient to make an adequate showing and remove the non-taxable costs.

---

[3] In Exhibit A to Samsung's Supplement, Samsung included a column entitled "Further Updated Requested Amount" to indicate Samsung's amended costs associated with deposition videography. (*See* Dkt. No. 978-2 at 17-26.)

In its Supplement, Samsung amended its requested costs associated with printing and submitted an attorney declaration that provides a thorough description of what documents were printed, for what reasons, and declared that the amended requested costs were limited to a single copy. (Dkt. No. 978-1 (McEldowney Declaration); Dkt. No. 978-2 at 29 (amended costs request associated with fees for printing).) The McEldowney Declaration clearly describes what materials were printed. (*E.g.*, Dkt. No. 978-1 ¶ 4 ("The documents printed were presentations regarding Samsung's Motion for Disqualification of Dr. Ahn and Mr. Cho (Dkt. 128) and Samsung's Motion to Compel Discovery Regarding Email Communications (Dkt. 155) used during that motion hearing.").) The McEldowney Declaration explains why these "fees for exemplification and the costs for making copies" were "necessarily obtained for use in the litigation." (*E.g., id.* ("The printed copies of the presentations were reasonably needed to provide the Court and opposing counsel with copies of the presentations.").) Further, the McEldowney Declaration states that Samsung's "Further Updated Requested Amount"[4] is limited to a single copy. (*E.g., id.* ("Samsung requested nine copies of each presentation to have multiple copies for the Court and opposing counsel as needed, as well as its own copy. The 'Further Updated Requested Amount' on the Fees for Printing chart in Exhibit A reflects the costs of printing one copy of each presentation only.").) Samsung also submitted the printing invoices for each of the printing jobs Samsung seeks to recover costs for. (Dkt. No. 978-6.) Upon review of Samsung's supplemental information, the Court is persuaded that Samsung is entitled to recover its "Further Updated Requested Amount" associated with printing.

Accordingly, the Court finds that Samsung is entitled to recover $20,416.09 in costs for printing.

---

[4] In Exhibit A to Samsung's Supplement, Samsung included a column entitled "Further Updated Requested Amount" to indicate Samsung's amended costs associated with fees for printing. (*See* Dkt. No. 978-2 at 29.)

F. **Disputed Interpreter Fees**

In the Court's Order, the Court found that Samsung is not entitled to interpreter costs for off-the-record communications and interpreter costs associated with cancellations or holds. (Dkt. No. 973 at 10-12.) The Court found that Samsung was entitled to interpreter costs for witnesses who are not native English speakers and interpreter travel costs. (*Id.* at 11-12.)

In its Supplement, Samsung provided a "Further Updated Requested Amount"[5] which removed the "costs associated with off-the-record communications, as well as cancellation and hold fees." (Dkt. No. 978 at 2-3.) The Court is persuaded that Samsung's "Further Updated Requested Amount" only includes costs that are recoverable under Section 1920.

According, the Court finds that Samsung is entitled to $56,578.00[6] in costs for interpreters.

IV. **CONCLUSION**

The Court finds Samsung's Opposed Motion for Entry of Bill of Costs should be and hereby is **GRANTED** as specifically set forth herein. (Dkt. No. 952.)

- It is **ORDERED** that Samsung's Bill of Costs as to the uncontested costs noted herein, in the amount of $48,703.09 is **APPROVED**.

- It is **ORDERED** that Samsung's Bill of Costs as to deposition transcripts in the amount of $91,786.76 is **APPROVED**.

- It is **ORDERED** that Samsung's Bill of Costs as to deposition videotapes in the amount of $58,182.65 is **APPROVED**.

---

[5] In Exhibit A to Samsung's Supplement, Samsung included a column entitled "Further Updated Requested Amount" to indicate Samsung's amended costs associated with compensation of interpreters and costs of special interpretation services that removed the non-recoverable costs the Court identified. (*See* Dkt. No. 978-2 at 32.)

[6] The Court's award of $56,578.00 is inclusive of the $3,808.68 in interpreter travel costs the Court awarded in its August 29, 2024, Order. (Dkt. No. 973 at 12.)

- It is **ORDERED** that Samsung's Bill of Costs as to printing costs in the amount of $20,416.09 is **APPROVED**.

- It is further **ORDERED** that Samsung's Bill of Costs as to the interpreter fees in the amount of $56,578.00 is **APPROVED**.

In sum, the total **APPROVED** costs to be awarded to Samsung pursuant to its Bill of Costs is $275,666.59.

**So ORDERED and SIGNED this 8th day of November, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE