IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STATON TECHIYA, LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAMSUNG ELECTRONICS CO., LTD., § <br> SAMSUNG ELECTRONICS AMERICA, § <br> INC., § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00413-JRG <br> (LEAD CASE) <br><br> CIVIL ACTION NO. 2:22-CV-00053-JRG <br> (MEMBER CASE) |

# MEMORANDUM OPINION AND ORDER

Before the Court is the Opposed Motion to Amend the June 21, 2024 Judgment (the "Motion") filed by Plaintiff Staton Techiya, LLC ("Techiya"). (Dkt. No. 954.) In the Motion, Techiya moves to amend the Final Judgment under Rule 59(e). For the following reasons, the Court finds that the Motion should be **DENIED**.

**I.  BACKGROUND**

On November 5, 2021, Techiya and Synergy IP Corporation[1] filed a complaint against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") for patent infringement. (Dkt. No. 1.) On February 10, 2022, Samsung filed counterclaims against Techiya, alleging breach of fiduciary duty, aiding and abetting that breach of fiduciary duty, conspiracy, and trade secret misappropriation. (Dkt. No. 27 at 62-67.) Samsung also pled unclean hands and unenforceability as affirmative defenses. (*Id.* at 40.)

On December 12, 2023, Samsung moved to dismiss Techiya's patent claims based on

---

[1] On May 29, 2024, the Court adopted Magistrate Judge Payne's Report and Recommendation (Dkt. No. 700) and dismissed Synergy IP Corporation's claims against Samsung with prejudice. (Dkt. No. 934.)

several theories. (Dkt. No. 779.) Magistrate Judge Payne recommended denying Samsung's motion to dismiss without prejudice. (Dkt. No. 818.) In the Report & Recommendation, Magistrate Judge Payne noted that "Samsung has raised serious issues about unclean hands, and it would be inefficient to go through an entire trial on infringement, invalidity and damages before even reaching the potentially dispositive issue of the litigation misconduct at issue on this motion." (*Id.* at 4.) Magistrate Judge Payne also found that there were factual disputes on certain issues Samsung raised in its motion that warranted a bench trial, which Magistrate Judge Payne recommended. (*Id.*) Samsung and Techiya consented to a bench trial and waived any right they might have had to a jury trial on these issues, other than damages or other monetary remedies. (Dkt. No. 841.)

The Court held a bench trial on March 26 and 27, 2024. Following the bench trial, on May 9, 2024, the Court issued its Findings of Fact and Conclusions of Law, finding that Techiya's asserted patent claims are unenforceable against Samsung based on Techiya's unclean hands. (Dkt. No. 923.) Subsequently, on June 21, 2024, the Court entered the Final Judgment. (Dkt. No. 950.) The Court entered judgment as follows:

1. The asserted claims of the Asserted Patents are unenforceable against Samsung and Techiya's claims of infringement are dismissed with prejudice;

2. Samsung's non-patent counterclaims are moot in view of the Court's finding of the unenforceability of the Asserted Patents and are dismissed without prejudice;

3. Samsung's patent counterclaims for non-infringement and invalidity of the Asserted Patents are dismissed without prejudice for lack of subject matter jurisdiction in view of the Court's finding of unenforceability and the dismissal with prejudice of Techiya's asserted patent claims; and

4. Pursuant to Federal Rule of Civil Procedure 54(d), Local Rule CV-54, and 28 U.S.C. § 1920, Samsung is the prevailing party in this case and shall recover their costs from Plaintiff Techiya. Samsung is directed to file its proposed Bill of Costs.

(*Id.* at 2.)

Techiya's Motion seeks to amend the Final Judgment to: (1) enter judgment in Techiya's

favor on Samsung's abandoned trade secret misappropriation counterclaim and (2) dismiss with prejudice Samsung's non-patent counterclaims.

## II. LEGAL STANDARD

Under Rule 59(e), a party can move the Court to amend an order or judgment within 28 days of entry. Fed. R. Civ. P. 59(e). "Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (internal citations omitted). A motion under Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Given that "specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (cleaned up). Accordingly, relief under Rule 59(e) is appropriate only when (1) there is a manifest error of law or fact; (2) there is newly discovered or previously unavailable evidence; (3) there would otherwise be manifest injustice; or (4) there is an intervening change in controlling law. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). As a result, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III. DISCUSSION

### A. The Final Judgment Properly Resolved Samsung's Trade Secret Misappropriation Counterclaim

Techiya argues that the Court should amend the Final Judgment to enter judgment in Techiya's favor because Samsung "abandoned its trade secret misappropriation claim." (Dkt. No. 954 at 5-6.) Techiya argues that on the eve of trial, "Samsung unequivocally represented to the Court and Techiya that it would no longer pursue [its trade secret misappropriation counterclaim]

3

at trial," and the Court accepted Samsung's stipulation. (*Id.* at 6.) Techiya asserts that Samsung must have sought leave to dismiss the claim without prejudice. (*Id.*)

Samsung responds that the Final Judgment correctly dismissed Samsung's trade secret misappropriation counterclaim without prejudice and Techiya has not shown any basis to amend the Final Judgment. (Dkt. No. 963 at 5-6.) Samsung argues that contrary to Techiya's argument, Samsung's stipulation and request to dismiss the trade secret misappropriation counterclaim in this case without prejudice was not ambiguous. (*Id.* at 6-7.) In the parties' Joint Notice Regarding Outstanding Pretrial Matters, Samsung stated as follows:

> In an effort to simplify the issues for trial, Samsung told Techiya yesterday that Samsung would not be seeking a liability finding against Techiya on its trade secret claim *in this case*, nor would Samsung be asking the Court to find in connection with its case against Techiya that the asserted trade secrets *in this case* qualify as "trade secrets" under the DTSA. However, ***Techiya now insists that Samsung go further and dismiss its claim with prejudice***. This issue does not need to be resolved before the bench trial. To the extent that Techiya insists that Samsung dismiss its trade secret claim with prejudice before the bench trial, then Samsung will try the trade secret claim at the forthcoming bench trial

(*Id.* at 6 (quoting Dkt. No. 875 at 11-12) (emphasis added by Samsung).) Samsung notes that the Court accepted Samsung's stipulation (Dkt. No. 881 at 2 ("The Court accepts Samsung's stipulation that it will no longer pursue the claim that Techiya is liable under the DTSA.")) and Techiya did not object to the Court's Order. (Dkt. No. 963 at 6.) Samsung contends that the Court's Final Judgment "merely memorializes its prior acceptance of Samsung's stipulation and thus dismissed the trade secret counterclaim without prejudice." (*Id.*)

Techiya's reply reiterates its prior arguments that Samsung abandoned its trade secret misappropriation counterclaim and the Court should amend the Final Judgment to dismiss this counterclaim with prejudice. (Dkt. No. 971 at 1-2.) In addition, Techiya argues that "[t]he Court's orders made clear that the parties' 'single trial' would 'subsume all issues' in Samsung's counterclaims," and Samsung chose to no longer pursue that counterclaim against Techiya. (*Id.*)

4

Techiya also contends that the Court's order accepting Samsung's stipulation does not reflect that Samsung preserved its trade secret misappropriation counterclaim. (*Id.* at 2.)

Samsung's sur-reply reiterates its prior arguments that the Court properly resolved Samsung's trade secret misappropriation counterclaims in the Final Judgment. (Dkt. No. 972 at 1.) Samsung notes that Techiya fails to address the actual words of Samsung's stipulation that stated that the stipulation was limited to this case and that Samsung would "'try the trade secret claim at the forthcoming bench trial' if Techiya insisted . . . that Samsung 'dismiss its claim with prejudice.'" (*Id.* (quoting Dkt. No. 875 at 11-12).)

This Court does not penalize a party's attempt to narrow issues before trial. *See e.g.*, *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-00744-JRG, 2017 WL 3704760, at *17 (E.D. Tex. Aug. 28, 2017) ("This Court, consistent with the holdings of other courts, does not penalize such attempts to narrow issues by entering judgment on issues not presented at trial."); *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013), *aff'd in part, vacated in part, rev'd in part on other grounds sub nom. Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014) ("The Court encourages and requires the parties to narrow their case for trial. Accordingly, the Court will not penalize such attempts to narrow issues by entering judgment on issues not presented at trial."). The Court is not persuaded that Samsung's stipulation was ambiguous. Samsung voluntarily elected not to pursue its trade secret misappropriation claim at trial. (*See* Dkt. No. 875 at 11-12.) Samsung formally elected to drop its trade secret misappropriation counterclaim by informing Techiya and the Court in the Joint Notice. (*Id.*) Specifically, Samsung stated that it "would not be seeking a liability finding against Techiya on its trade secret claim in this case . . . ." (*Id.* at 11.) Samsung further stated that "[t]o the extent that Techiya insists that Samsung dismiss its trade secret claim with prejudice before the bench trial,

5

then Samsung will try the trade secret claim at the forthcoming bench trial." (*Id.* at 11-12.) The Court "accepted Samsung's stipulation that it will no longer pursue the claim that Techiya is liable under the DTSA." (Dkt. No. 881 at 2.)

It is undisputed that Samsung did not present evidence regarding its trade secret misappropriation claim at the bench trial. Nor did Techiya complain at the bench trial that Samsung did not present such issue to the Court. The Court cannot and will not enter judgment upon claims and defenses not presented for consideration at trial. *E.g.*, *Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*, 745 F.3d 1180 (Fed. Cir. 2014) ("The scope of any judgment should conform to the issues that were actually litigated."); *SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012) (notification by the plaintiff that it was no longer pursuing claims was "akin to either a Federal Rule of Civil Procedure 15 amendment to the complaint . . . or a Rule 41(a) voluntary dismissal of claims without prejudice"); *Streck, Inc. v. Rsch. & Diagnostic Sys.*, 665 F.3d 1269, 1284 (Fed. Cir. 2012) (withdrawn claims did not present an Article III "case or controversy," and therefore fell outside the court's jurisdiction); *Metaswitch Networks*, 2017 WL 3704760, at *16-17 (denying a motion for judgment as a matter of law for dismissal with prejudice on a defense a party dismissed on the first day of trial); *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d at 849 (denying a motion for entry against the defendant on its late-abandoned claims and defenses); *see also Personalized Media Commc'ns, LLC v Google LLC*, No. 2:19-cv-00090-JRG, Dkt. No. 476 (E.D. Tex. Jan. 26, 2021) (denying a motion to correct the final judgment to dismiss the claims with prejudice under Rule 60(a) because the claims were dropped before trial and were never adjudicated).

Accordingly, the Court finds that the Final Judgment properly resolved Samsung's trade secret misappropriation counterclaim.

### B.  The Court Properly Dismissed Samsung's Non-Patent Counterclaims Without Prejudice

Techiya argues that the Court should amend the Final Judgment to dismiss Samsung's civil conspiracy and knowing participation counterclaims ("non-patent counterclaims") with prejudice. (Dkt. No. 954 at 7.) First, Techiya argues that the Court should dismiss Samsung's non-patent counterclaims with prejudice because "Samsung could not be entitled to any additional relief by pressing its fiduciary duty claims against Techiya." (*Id.*) Techiya asserts that the Court recognized, and Samsung agreed, that "the only relief that Samsung would be entitled to seek if it prevailed at the bench trial would 'consist of attorneys' fees, costs, and expenses . . . under 35 U.S.C. § 285, or other sanctions laws.'" (*Id.* (quoting Dkt. No. 834 at 1).) Techiya argues that "Samsung's equitable defenses and non-patent counterclaims sought 'the same relief.'" (*Id.* (quoting Dkt. No. 923 at 2).) Techiya contends that for claims that the Court finds are prudentially moot, the proper course is for the Court to dismiss these claims with prejudice. (*Id.* at 7-8.)

Second, Techiya argues that the Court should dismiss Samsung's non-patent counterclaims with prejudice because Samsung's "counterclaims are precluded by the Court's Final Order." (*Id.* at 8.) Techiya argues that "[n]ow that Samsung has prevailed on its unclean hands defense, there can be no infringement verdict on which to premise an award of damages, and thus no damages to satisfy an essential element of Samsung's fiduciary duty claims." (*Id.*) Techiya asserts that "[a]lthough Samsung sought damages in the form of attorneys' fees, costs, and expenses, . . . it is well-settled in this Circuit that attorney's fees for the prosecution or defense of a claim are not damages." (*Id.* (cleaned up).) Techiya also asserts that "the Final Order's finding of agency is incompatible with Samsung's aiding-and-abetting and conspiracy theories of liability." (*Id.* at 8-9.)

Samsung responds that the Court properly dismissed Samsung's non-patent counterclaims

without prejudice. (Dkt. No. 963 at 7-12.) First, Samsung responds that the Court acted within its discretion to dismiss Samsung's non-patent counterclaims "prudentially moot" and "without prejudice." (Dkt. No. 963 at 8 (quoting Dkt. No. 950 at 2).) Samsung contends "[t]here is no basis in law or fact for Techiya's extraordinary request" for judgment on the merits in its favor on Samsung's non-patent counterclaims. (*Id.*) Samsung argues that "relief on independent, alternative unclean hands grounds mooted the need to resolve Samsung's non-patent counterclaims." (*Id.* at 10.) In response to Techiya's argument that the Court "could not provide Samsung" relief on its non-patent counterclaims, Samsung argues that relief on its non-patent counterclaims was merely unnecessary here given that the Court granted Samsung's relief on other grounds. (*Id.* at 8-9.) Samsung also asserts that "deeming a claim 'prudentially moot' does not require dismissing it with prejudice." (*Id.* at 9.)

Second, Samsung responds that the Court's Final Judgment dismissing Samsung's non-patent counterclaims without prejudice is consistent with the Court's unenforceability decision. (*Id.* at 11-12.) Samsung argues that "Techiya's argument is procedurally improper because it attempts to relitigate the merits of Techiya's counterclaim defenses through a motion to amend the judgment." (*Id.* at 11.) Samsung argues that Techiya's contention that the Court's unenforceability decision eliminated any possible damages is flawed because regardless of attorney's fees, "costs and expenses are recoverable as damages." (*Id.* at 12.) Samsung also argues that Techiya's contention that "under the intracorporate conspiracy doctrine, Techiya cannot conspire with or aid and abet its agents" fails. (*Id.* (quoting Dkt. No. 954 at 8-9) (cleaned up).) Further, Samsung asserts that its non-patent counterclaims cannot be inconsistent with the Court's unenforceability decision because "those non-patent counterclaims have not been adjudicated on the merits but [were] instead dismissed as moot." (*Id.*)

8

Techiya's reply reiterates its prior arguments that the Court should amend its Final Judgment to dismiss Samsung's non-patent counterclaims with prejudice. (Dkt. No. 971 at 2-4.) Techiya emphasizes its argument that Samsung's non-patent counterclaims fail as a matter of law because they are inconsistent with the Court's final order. (*Id.*)

Samsung's sur-reply reiterates its prior arguments that the Court properly dismissed Samsung's non-patent counterclaims without prejudice. (Dkt. No. 972 at 2-4.) Samsung argues that Techiya fails to meet its burden to identify a legal or factual error and "concedes that deeming a claim 'prudentially moot' does not require dismissing such claim with prejudice." (*Id.* at 2-3.) Samsung argues that Techiya "ignores that a dismissal with prejudice—*i.e.*, an adjudication on the merits in Techiya's favor—would make no sense factually or legally." (*Id.* at 3.) Samsung asserts that the Court held that Samsung proved its unclean hands defense by clear and convincing evidence and "then exercised its discretion not to reach the merits of Samsung's overlapping counterclaims and dismissed them as moot." (*Id.*) Finally, Samsung asserts that Techiya fails to address its flawed argument that the non-patent counterclaims are inconsistent with the Court's final order when Samsung's non-patent counterclaims were not adjudicated on the merits. (*Id.* at 3-4.)

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 45 (1997). Federal courts lack the power to adjudicate moot "questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974).

Courts recognize two types of mootness: constitutional and prudential. Constitutional

mootness derives from Article III of the U.S. Constitution while prudential mootness is derived from equity. *Chamber of Com. of U.S. of Am. v. U.S. Dep't of Energy*, 627 F.2d 289, 291 (D.C. Cir. 1980). "[P]rudential mootness, '[t]he cousin of the mootness doctrine, in its strict Article III sense, is a melange of doctrines relating to the court's discretion in matters of remedy and judicial administration.'" *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005) (quoting *Chamber of Com.*, 627 F.2d at 291). "Even if a court has jurisdiction under Article III to decide a case, prudential concerns may militate against the use of judicial power, i.e., the court 'should treat [the case] as moot for prudential reasons.'" *Cangemi,* 419 F.3d at 724 (quoting *United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985)).

"Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so attenuated that considerations of prudence and comity for coordinate branches of government counsel to stay its hand, and to withhold relief it has the power to grant." *Texas Advanced Optoelectronic Sols., Inc. v. Intersil Corp.*, 2015 WL 13469928, at *2 (E.D. Tex. Jan. 26, 2015) (quoting *Cheng v. BMW of North America, LLC*, 2013 WL 3940815, *2 (C.D. Cal. 2013)) (cleaned up). "Where it is so unlikely that the court's grant of [remedy] will actually relieve the injury, the doctrine of prudential mootness—a facet of equity—comes into play. This concept is concerned, not with the court's power under Article III to provide relief, but with the court's discretion in exercising that power." *Id.* (quoting *Cheng*, 2013 WL 3940815, at *2) (cleaned up). "The central inquiry in determining whether to apply the prudential mootness doctrine is whether 'circumstances [have] changed since the beginning of the litigation that forestall any occasion for meaningful relief.'" *Id.* (quoting *Fletcher v. United States*, 116 F.3d 1315, 1321 (10th Cir. 1997)).

As an initial matter, the Court finds that dismissing Samsung's non-patent counterclaims

10

without prejudice because they were prudentially moot was warranted and the Court acted within its discretion. The Court's Final Judgment provided that "Samsung's non-patent counterclaims are moot in view of the Court's finding of the unenforceability of the Asserted Patents and are dismissed without prejudice." (Dkt. No. 950 at 2.) The Final Judgment dispensed with the infringement, invalidity, and other non-patent claims and granted Samsung the relief it requested. (*See id.*) The relief Samsung requested for its non-patent counterclaims was the same relief Samsung sought for its unclean hands equitable defense. (Dkt. No. 923 at 2.) It is clear that "circumstances [have] changed since the beginning of the litigation that forestall any occasion for meaningful relief" as to Samsung's non-patent counterclaims. *Texas Advanced.*, 2015 WL 13469928, at *2 (cleaned up).

The fact that courts have discretion to reach alternative legal theories supporting the same relief, accordingly, does not mean that they must always utilize that authority. The Court could have, if supported by the law and facts, provided alternative grounds for awarding the same relief under Samsung's non-patent counterclaims. However, courts are not compelled to reach alternative theories that might, at most, provide a second or third rationale for granting the same relief already justified based on the first theory. In other words, courts have the discretion to treat alternative claims, which offer a party no prospect of obtaining any further relief, as prudentially moot. Such was the case here.

Even if the Court's dismissal was not warranted or the Court did not act within its discretion, the Court is not persuaded that Techiya's requested relief is the type that the Court may correct under Rule 59. Rule 59(e) of the Federal Rules of Civil Procedure allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact. *Trevino v. City of Ft.*

11

*Worth*, 944 F.3d 567, 570 (5th Cir. 2019).

Techiya does not point to any newly discovered evidence or an intervening change in the controlling law. Therefore, the only grounds Techiya can move under is a "manifest error of law or fact." *See id.* The Court finds no manifest error of law or fact. Techiya asks the Court to amend its finding or make additional findings and amend its Final Judgment to resolve Samsung's non-patent counterclaims in Techiya's favor. However, Samsung's non-patent counterclaims have not been adjudicated. As discussed above, the Court determined that it need not address Samsung's non-patent counterclaims because the Court found that Techiya had unclean hands. Therefore, because the Court did not reach the merits of Samsung's non-patent counterclaims and found them prudentially moot, the Court cannot dismiss these claims with prejudice.

Accordingly, the Court finds that the Final Judgment properly resolved Samsung's non-patent counterclaims.

### C. The Final Judgment Does Not Violate Techiya's Seventh Amendment Right

Finally, Techiya argues that dismissing Samsung's non-patent counterclaims without prejudice and allowing Samsung to reassert these claims would violate Techiya's Seventh Amendment right. (Dkt. No. 954 at 9-10.) Techiya contends that the bench trial adjudicated Samsung's non-patent counterclaims. (*Id.* at 9.) Techiya asserts that Samsung is pursuing identical non-patent counterclaims in a separate pending litigation. (*Id.*) Techiya argues that Samsung's pursuit of these claims "would void both Techiya's waiver of its Seventh Amendment right and the Court's resulting bench trial." (*Id.*) Techiya argues that it objected to the Court's proposed bench trial but withdrew its objection "after the Court made clear—and Samsung agreed—that 'the bench trial [would] subsume ***all issues in [Samsung's] counterclaims*** as well as all the equitable defenses' and after Samsung expressly agreed to that condition." (*Id.* at 9-10 (emphasis added by Techiya).)

12

Samsung responds that the Court's Final Judgment dismissing Samsung's non-patent counterclaims without prejudice does not raise any Seventh Amendment concerns. (Dkt. No. 963 at 13-15.) Samsung argues that Techiya raises a new Seventh Amendment argument in its Motion that differs from Techiya's objection before the bench trial. (*Id.* at 13.) Samsung argues that prior to the bench trial, "Techiya argued based on the Supreme Court's decisions in *Beacon Theatres* and *Dairy Queen* that its 'Seventh Amendment right to trial by jury' required a jury trial before a bench trial 'in this case' on the factual issues common to Samsung's non-patent counterclaims and its unclean hands defense." (*Id.* (quoting Dkt. No. 922 at 1-2).) Samsung asserts that Techiya limited its Seventh Amendment objection to the order of trials in this case. (*Id.*) Samsung contends that the Supreme Court's decisions in *Beacon Theatres* and *Dairy Queen* were limited to the order of trials in a single case and do not apply to multiple cases. (*Id.*) Samsung also argues that the parties' stipulation was limited to this action, not to any claims or defenses in other actions. (*Id.* at 13-14.) Further, Samsung argues that Samsung's non-patent counterclaims in the separate proceedings are not "identical" or "based on the same operative facts." (*Id.* at 14-15.)

Techiya's reply reiterates its prior arguments that allowing Samsung to pursue its non-patent counterclaims in a separate proceeding would violate the parties' pretrial stipulations. (Dkt. No. 971 at 5.) Techiya emphasizes its argument that "Techiya's agreement and wavier were premised on the express understanding that the proposed bench trial would fully and finally resolve Samsung's unclean hands affirmative defense ***and*** its non-patent counterclaims." (*Id.* (emphasis added by Techiya).)

Samsung's sur-reply reiterates its prior arguments that the Court's Final Judgment does not raise any Seventh Amendment concerns. (Dkt. No. 972 at 4-5.) Samsung emphasizes its arguments that Techiya fails to "dispute or address Samsung's argument that Techiya's Seventh Amendment

13

contention simply does not apply outside of the context of a single case." (*Id.* at 5.) Samsung also emphasizes its argument that Techiya mischaracterizes the parties' stipulation, which was limited to the claims in this action. (*Id.*)

The Court finds that the Final Judgment does not raise Seventh Amendment concerns. The Court is unpersuaded that the parties' stipulation that "the bench trial [would] subsume all issues in [Samsung's] counterclaims as well as all the equitable defenses" extends to Samsung's claims against Techiya in other actions. The parties agreed to conduct the bench trial on Samsung's equitable defenses and non-patent counterclaims before the jury trial on Techiya's patent infringement claims. (Dkt. No. 838 at 5:20-24, 6:13- 24, 6:25-7:3; *see also* Dkt. No. 923.) The parties waived any Seventh Amendment objections to conducting the bench trial in advance of the jury trial. (Dkt. No. 838 at 5:20-24, 6:13- 24, 6:25-7:3; *see also* Dkt. No. 923.) Techiya originally objected that it had a right under the Seventh Amendment to have the common factual issues, between the counterclaims and the equitable defenses, tried to a jury before any bench trial. (Dkt. No. 822.) Techiya did not object on the basis that permitting Samsung to pursue its non-patent counterclaims in a separate action would raise Seventh Amendment concerns.[2] Therefore, the Court finds that Techiya waived any Seventh Amendment objection.

However, even if Techiya did not waive this objection, the parties' stipulation and the Court Orders related only to the issues ***in this case***, not other cases. (*See* Dkt. Nos. 834, 841.) Had the parties intended for this stipulation to subsume all of Samsung's claims against Techiya, including claims in other pending cases or future cases, the parties would have included that

---

[2] The Court notes that the separate action that Techiya raises concerns with was filed on July 10, 2023. *See Staton Techiya, LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 2:23-cv-00319-JRG-RSP, Dkt. No. 1 (E.D. Tex. July 10, 2023). Samsung filed its Answer and Counterclaims in that case ***before*** Techiya filed its objections based on the Seventh Amendment in this action. (Dkt. No. 822 (filed January 8, 2024); *Staton Techiya, LLC v. Samsung Elecs. Co., Ltd. et al.*, No. 2:23-cv-00319-JRG-RSP, Dkt. No. 36 (E.D. Tex. Jan. 4, 2024).)

14

language in the stipulation. The Court finds no basis in fact or law to expand the stipulation to other cases.

Accordingly, the Court finds that the Court's Final Judgment does not violate Techiya's Seventh Amendment right.

## IV.     CONCLUSION

For the foregoing reasons, the Court finds that Techiya's Motion (Dkt. No. 954) should be and hereby is **DENIED** in all respects.

**So Ordered this**

**Nov 15, 2024**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE